Case No. 23-30723

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Curtis Terrell; Angela Terrell,

*Plaintiffs-Appellees*,

v.

Jason Allgrunn; Michael Banta; Jeffery Henderson, Jr.,

*Defendants-Appellant*s

On Appeal from the U.S. District Court for the Western District of Louisiana, Civil Action No. 5:20-cv-00999

## RECORD EXCERPTS OF DEFENDANTS-APPELLANTS

James R. Sterritt, #18447
James Ashby Davis, #37653
COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation
P. O. Box 22260
Shreveport, LA  71120-2260
Telephone: (318) 221-6277
Telecopier: (318) 227-7850
james.sterritt@cookyancey.com
ashby.davis@cookyancey.com
*Attorneys for Defendants-Appellants Jason Allgrunn, Michael Banta, and Jeffery Henderson, Jr.*

Dated:  December 28, 2023

## INDEX OF RECORD EXCERPTS

1.     Docket Sheet, with citation to the record

       (ROA.1-17)

2.     Notice of Appeal

       (ROA.1791-1792)

3.     Memorandum Ruling Appealed

       (ROA.1751-1790)

4.     Certificate of Service

Case No. 22-30723

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Curtis Terrell; Angela Terrell,
*Plaintiffs-Appellees*,

v.

Jason Allgrunn; Michael Banta; Jeffery Henderson, Jr.,
*Defendant-Appellant*.

On Appeal from the U.S. District Court for the Western District of Louisiana, Civil Action No. 5:20-cv-00999

# RECORD EXCERPTS OF DEFENDANTS-APPELLANTS

# TAB NO. 1

STAYED,APPEAL

<u>Jump to Docket Table</u>

# U.S. District Court
## Western District of Louisiana (Shreveport)
## CIVIL DOCKET FOR CASE #: 5:20-cv-00999-EEF-MLH
## Internal Use Only

Terrell et al v. Richardson et al

Assigned to: Judge Elizabeth E Foote

Referred to: Magistrate Judge Mark L Hornsby

 Case in other court:  5CCA, 23-30723

Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 08/06/2020

Jury Demand: Both

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Curtis Terrell**                                      represented by    **Casey Rose Denson**
Casey Denson Law
8131 Oak St Ste 100
New Orleans, LA 70118
504-224-0110
Email: cdenson@caseydensonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Howard Earl Conday , Jr**
Law Offices of Howard E Conday Jr
113 South Dr Ste 4
Natchitoches, LA 71457
318-238-1756
Fax: 318-238-1757
Email: assistant@howardcondaylaw.com
*ATTORNEY TO BE NOTICED*

**Justine Geiger Daniel**
Casey Denson Law
8131 Oak St Ste 100
New Orleans, LA 70118
504-264-1555
Fax: 504-534-3380
Email: jdaniel@caseydensonlaw.com
*ATTORNEY TO BE NOTICED*

**Mercedes Ann Townsend**
Casey Denson Law
8131 Oak St Ste 100
New Orleans, LA 70118
504-330-4331
Email: mtownsend@caseydensonlaw.com
*ATTORNEY TO BE NOTICED*

23-30723.1

**Plaintiff**

**Angela Terrell**                                    represented by    **Casey Rose Denson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Howard Earl Conday , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justine Geiger Daniel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mercedes Ann Townsend**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jayson Richardson**                                 represented by    **James R Sterritt**
*in his official capacity as Sheriff of DeSoto*                      Cook Yancey et al
*Parish*                                                            P O Box 22260
Shreveport, LA 71120-2260
318-221-6277
Fax: 318-227-7850
Email: james.sterritt@cookyancey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregg A Wilkes**
Cook Yancey et al
P O Box 22260
Shreveport, LA 71120-2260
318-221-6277
Fax: 318-227-7850
Email: gregg.wilkes@cookyancey.com
*ATTORNEY TO BE NOTICED*

**James Ashby Davis**
Cook Yancey et al
P O Box 22260
Shreveport, LA 71120-2260
318-227-7826
Fax: 318-227-7850
Email: ashby.davis@cookyancey.com
*ATTORNEY TO BE NOTICED*

**Jason Blance Nichols**
Rice & Kendig

1030 Kings Hwy
Shreveport, LA 71104
318-222-2772
Fax: 318-227-2770
Email: jnichols@ricekendig.com
*TERMINATED: 03/03/2021*

**Defendant**

**Jason Allgrunn**                     represented by  **James R Sterritt**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Gregg A Wilkes**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **James Ashby Davis**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Jason Blance Nichols**
                                                      (See above for address)
                                                      *TERMINATED: 03/03/2021*

**Defendant**

**Michael Banta**                     represented by  **James R Sterritt**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Gregg A Wilkes**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **James Ashby Davis**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Jason Blance Nichols**
                                                      (See above for address)
                                                      *TERMINATED: 03/03/2021*

**Defendant**

**Jeffery Henderson, Jr**             represented by  **James R Sterritt**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Gregg A Wilkes**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**James Ashby Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Blance Nichols**
(See above for address)
*TERMINATED: 03/03/2021*

**Defendant**

**A B C Insurance Co**

**Defendant**

**Old Republic Insurance Co**                  represented by   **Connell L Archey**
*TERMINATED: 07/20/2021*                                       Butler Snow (BR)
                                                               P O Box 2997
                                                               Baton Rouge, LA 70821
                                                               225-325-8700
                                                               Fax: 225-325-8800
                                                               Email: connell.archey@butlersnow.com
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Old Republic Union Insurance Co**            represented by   **Connell L Archey**
*incorrectly named Old Republic Insurance*                      (See above for address)
*Co*                                                           *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Allena B McCain**
                                                               Butler Snow (BR)
                                                               P O Box 2997
                                                               Baton Rouge, LA 70821
                                                               225-325-8700
                                                               Email: allena.mccain@butlersnow.com
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Madaline King Rabalais**
                                                               Butler Snow (BR)
                                                               P O Box 2997
                                                               Baton Rouge, LA 70821
                                                               225-325-8700
                                                               Email: madaline.rabalais@butlersnow.com
                                                               *ATTORNEY TO BE NOTICED*

Email to Active Attorneys' Primary Addresses
Email to All Attorneys' Primary Addresses
Email to Casewide NEF Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 08/06/2020 | 1 (p.18) | COMPLAINT against Jayson Richardson, Jason Allgrunn, Michasel Banta, Jeffery Henderson, Jr and A B C Insurance Co with Jury Demand (Filing fee $400, receipt |

| | | |
|---|---|---|
| | | number BLAWDC-4348569) filed by Angela Terrell, Curtis Terrell. (Attachments: # 1 (p.18) Civil cover sheet)(Attorney Casey Rose Denson added to party Angela Terrell(pty:pla), Attorney Casey Rose Denson added to party Curtis Terrell(pty:pla))(aty,Denson, Casey) Modified docket text on 8/6/2020 (Bunting, M). (Attachment 1 replaced on 10/10/2023) (WalkerSld, B). Modified on 10/10/2023 to reduce pdf image size for administrative appeal purposes (WalkerSld, B). (Entered: 08/06/2020), (QC'ed on 08/06/2020, by Bunting , M) |
| 08/06/2020 | | REMARK: A duplicate charge was incurred during the filing of the 1 (p.18) Complaint. The initial payment of $400.00, receipt number ALAWDC-4348569, was voided in pay.gov the same date of the transaction. No further action is necessary. (crt,McInnis, S) (Entered: 08/06/2020) |
| 08/06/2020 | | Judge Elizabeth E Foote and Magistrate Judge Mark L Hornsby added. (crt,Bunting, M) (Entered: 08/06/2020) |
| 08/06/2020 | | (Court only) ***Attorney added: Howard Earl Conday, Jr for Angela Terrell,Howard Earl Conday, Jr for Curtis Terrell. (crt,Bunting, M) (Entered: 08/06/2020) |
| 08/06/2020 | 2 (p.54) | SUMMONS ISSUED as to Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr., Jayson Richardson. (crt,Bunting, M) (Entered: 08/06/2020) |
| 08/07/2020 | 3 | ELECTRONIC JURISDICTIONAL REVIEW FINDING: Having reviewed the pleadings, and any amended pleadings, the court finds that subject matter jurisdiction exists pursuant to: 28 U.S.C. section 1331. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion. Signed by Magistrate Judge Mark L Hornsby on 8/7/2020. (crt,Rider, M) (Entered: 08/07/2020), (QC'ed on 08/11/2020, by Keller , J) |
| 08/27/2020 | 4 (p.63) | MOTION for Justine G. Daniel to Enroll as Counsel by Angela Terrell, Curtis Terrell. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 8/27/2020. (Attachments: # 1 (p.18) Proposed order)(Attorney Justine Geiger Daniel added to party Angela Terrell(pty:pla), Attorney Justine Geiger Daniel added to party Curtis Terrell(pty:pla))(aty,Daniel, Justine) (Entered: 08/27/2020), (QC'ed on 08/28/2020, by Kiper , C) |
| 08/31/2020 | 5 (p.66) | ORDER granting 4 (p.63) Motion to Enroll as Counsel. Added as counsel Justine Geiger Daniel for Angela Terrell and Curtis Terrell. Signed by Magistrate Judge Mark L Hornsby on 8/31/2020. (crt,Keller, J) (Entered: 08/31/2020) |
| 10/01/2020 | 6 (p.67) | WAIVER OF SERVICE Returned Executed by Angela Terrell, Curtis Terrell. Jason Allgrunn waiver sent on 8/31/2020, answer due 10/30/2020; Michael Banta waiver sent on 8/31/2020, answer due 10/30/2020; Jeffery Henderson, Jr waiver sent on 8/31/2020, answer due 10/30/2020; Jayson Richardson waiver sent on 8/31/2020, answer due 10/30/2020. (aty,Daniel, Justine) (Entered: 10/01/2020), (QC'ed on 10/01/2020, by Bunting , M) |
| 10/30/2020 | 7 (p.68) | ANSWER to 1 (p.18) Complaint, with Jury Demand by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson.(Attorney James R Sterritt added to party Jason Allgrunn(pty:dft), Attorney James R Sterritt added to party Michael Banta(pty:dft), Attorney James R Sterritt added to party Jeffery Henderson, Jr(pty:dft), Attorney James R Sterritt added to party Jayson Richardson(pty:dft))(aty,Sterritt, James) (Entered: 10/30/2020), (QC'ed on 10/30/2020, by Bunting , M) |

| | | |
|---|---|---|
| 10/30/2020 | | (Court only) ***Attorney added: Gregg A Wilkes,James Ashby Davis,Jason Blance Nichols for Jason Allgrunn,Gregg A Wilkes,James Ashby Davis,Jason Blance Nichols for Michael Banta,Gregg A Wilkes,James Ashby Davis,Jason Blance Nichols for Jeffery Henderson, Jr,Gregg A Wilkes,James Ashby Davis,Jason Blance Nichols for Jayson Richardson. (crt,Bunting, M) (Entered: 10/30/2020) |
| 11/02/2020 | 8 (p.95) | ORDER: Telephone Scheduling Conference set for 12/17/2020 11:00 AM in chambers before Magistrate Judge Mark L Hornsby. Rule 26 Conference between parties to take place before 12/3/2020. Initial Disclosures exchanged by 12/10/2020. Rule 26 Report due by 12/10/2020. Signed by Magistrate Judge Mark L Hornsby on 11/2/2020. (crt,Keller, J) (Entered: 11/03/2020) |
| 12/08/2020 | 9 (p.96) | JOINT RULE 26(f) Report by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson, Curtis Terrell and Angela Terrell. (aty,Davis, James) Modified filers on 12/8/2020 (Bunting, M). (Entered: 12/08/2020), (QC'ed on 12/08/2020, by Bunting , M) |
| 12/17/2020 | 10 | MINUTES for proceedings held before Magistrate Judge Mark L Hornsby: Telephone SCHEDULING CONFERENCE held on 12/17/2020. (crt,Keller, J) (Entered: 12/18/2020) |
| 12/17/2020 | 11 (p.100) | SCHEDULING ORDER: Jury Trial set for 2/14/2022 09:00 AM in Shreveport, Courtroom 2 before Judge Elizabeth E Foote. Pretrial Conference set for 1/6/2022 10:00 AM in chambers before Judge Elizabeth E Foote. Pretrial Order due by 12/22/2021. Joinder of Parties and Amendment of Pleadings due by 1/14/2021. Plaintiffs Witness List due by 3/30/2021. Defendants witness list is due seven(7) days after receipt of plaintiffs list. Plaintiffs Expert Info/Reports due by 6/30/2021. Defendants Expert Info/Reports due by 7/30/2021. Discovery deadline 6/30/2021. Compel discovery 6/30/2021. Expert Depositions due by 8/30/2021. Dispositive Motions due by 9/15/2021. Daubert Motions due by 9/20/2021. Proposed Pretrial Order inserts and exhibits exchanged by 12/2/2021. Conference/Meeting of counsel to prepare pretrial order to be held by 12/16/2021. Motions in Limine due by 12/16/2021. Trial Brief/Pretrial Submissions due by 1/14/2022. Electronic Exhibits due by 2/4/2022. Trial Depositions due by 2/4/2022. Signed by Magistrate Judge Mark L Hornsby on 12/17/2020. (crt,Keller, J) (Entered: 12/18/2020) |
| 01/14/2021 | 12 (p.109) | MOTION to Amend/Correct 1 (p.18) Complaint, with opposition by Angela Terrell, Curtis Terrell. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 1/14/2021. (Attachments: # 1 (p.18) Memorandum / Brief Memorandum in Support of Motion for Leave to File First Amended Complaint, # 2 (p.54) Proposed pleading Proposed First Amended Complaint, # 3 Proposed order)(aty,Daniel, Justine) (Entered: 01/14/2021), (QC'ed on 01/14/2021, by Bunting , M) |
| 01/14/2021 | 13 (p.154) | NOTICE of Motion Setting regarding: 12 (p.109) MOTION to Amend/Correct 1 (p.18) Complaint, with opposition . Motions referred to Magistrate Judge Mark L Hornsby. (crt,Bunting, M) (Entered: 01/14/2021) |
| 01/20/2021 | 14 (p.155) | MEMORANDUM in Opposition re 12 (p.109) MOTION to Amend/Correct 1 (p.18) Complaint, with opposition filed by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. (aty,Davis, James) (Entered: 01/20/2021), (QC'ed on 01/20/2021, by Bunting , M) |
| 01/27/2021 | 15 (p.161) | REPLY to Response to Motion re 12 (p.109) MOTION to Amend/Correct 1 (p.18) Complaint, with opposition filed by Angela Terrell, Curtis Terrell. (aty,Daniel, Justine) (Entered: 01/27/2021), (QC'ed on 01/27/2021, by Bunting , M) |

| | | |
|---|---|---|
| 03/02/2021 | <u>16</u> (p.167) | MOTION to Withdraw Jason B. Nichols as Attorney *of Record* by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 3/2/2021. (Attachments: # <u>1 (p.18)</u> Proposed order)(aty,Sterritt, James) (Entered: 03/02/2021) (QC'ed on 03/02/2021, by Bunting , M) |
| 03/03/2021 | <u>17</u> (p.171) | ORDER granting <u>16 (p.167)</u> Motion to Withdraw as Attorney. Attorney Jason Blance Nichols terminated. Signed by Magistrate Judge Mark L Hornsby on 3/3/2021. (crt,Bunting, M) (Entered: 03/03/2021) |
| 03/24/2021 | <u>18</u> (p.172) | MEMORANDUM RULING granting <u>12 (p.109)</u> Motion to Amend/Correct. Signed by Magistrate Judge Mark L Hornsby on 3/23/2021. (crt,Bunting, M) (Entered: 03/24/2021) |
| 03/24/2021 | <u>19</u> (p.176) | FIRST AMENDED COMPLAINT against A B C Insurance Co, Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson, Old Republic Insurance Co with Jury Demand filed by Angela Terrell, Curtis Terrell.(crt,Bunting, M) (Entered: 03/24/2021) |
| 03/24/2021 | <u>20</u> (p.214) | SUMMONS ISSUED as to Old Republic Insurance Co. (crt,Bunting, M) (Entered: 03/24/2021) |
| 05/28/2021 | <u>21</u> (p.216) | MOTION to Dismiss For Failure to State a Claim by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. (Attachments: # <u>1 (p.18)</u> Memorandum / Brief, # <u>2 (p.54)</u> Text of proposed order)(aty,Davis, James) (Entered: 05/28/2021), (QC'ed on 05/28/2021, by Kiper , C) |
| 05/28/2021 | <u>22</u> (p.231) | NOTICE of Motion Setting regarding: <u>21 (p.216)</u> MOTION to Dismiss For Failure to State a Claim. Motions referred to Judge Elizabeth E Foote. (crt,Whidden, C) (Entered: 05/28/2021) |
| 05/28/2021 | <u>23</u> (p.232) | MOTION to Stay by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 5/28/2021. (Attachments: # <u>1 (p.18)</u> Memorandum / Brief, # <u>2 (p.54)</u> Text of proposed order)(aty,Davis, James). Added MOTION to Continue Trial on 6/2/2021 (Reeves, T). (Entered: 05/28/2021), (QC'ed on 06/01/2021, by Bunting , M) |
| 06/02/2021 | <u>24</u> (p.239) | ORDER granting <u>23 (p.232)</u> Motion to Stay granting <u>23 (p.232)</u> Motion to Continue Trial. Briefing deadlines are not stayed. Signed by Magistrate Judge Mark L Hornsby on 6/2/2021. (crt,Reeves, T) (Entered: 06/02/2021) |
| 06/02/2021 | | (Court only) ***Deadlines/Hearings terminated per <u>24 (p.239)</u> order. (crt,Reeves, T) (Entered: 06/02/2021) |
| 06/14/2021 | <u>25</u> (p.240) | MOTION for Extension of Time to File Response/Reply with consent by Angela Terrell, Curtis Terrell. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 6/14/2021. (Attachments: # <u>1 (p.18)</u> Proposed order Proposed Order)(aty,Daniel, Justine) (Entered: 06/14/2021), (QC'ed on 06/14/2021, by Reeves , T) |
| 06/14/2021 | | Motions Transferred regarding <u>25 (p.240)</u> MOTION for Extension of Time to File Response/Reply with consent . Motions referred to Judge Elizabeth E Foote. (crt,Reeves, T) (Entered: 06/14/2021) |
| 06/16/2021 | | (Court only) ***Deadline terminated. (crt,Keifer, K) (Entered: 06/16/2021) |
| 06/16/2021 | | |

| | 26 (p.245) | ORDER granting 25 (p.240) Motion for Extension of Time to File Response/Reply re 21 (p.216) MOTION to Dismiss For Failure to State a Claim. Plaintiffs' response due by 7/9/2021. Signed by Judge Elizabeth E Foote on 6/16/2021. (crt,Keifer, K) (Entered: 06/16/2021) |
|---|---|---|
| 07/08/2021 | 27 (p.246) | SUMMONS RETURNED UNEXECUTED as to Old Republic Insurance Co by Angela Terrell, Curtis Terrell. (aty,Conday, Howard) Modified to reflect unexecuted on 7/9/2021 (Bunting, M). (Entered: 07/08/2021), (QC'ed on 07/09/2021, by Bunting , M) |
| 07/09/2021 | | NOTICE of Corrective Action to Howard Earl Conday, Jr on behalf of Angela Terrell, Curtis Terrell regarding 27 (p.246) Certificate of Service. Action taken: docket text modified to reflect Summons Returned Unexecuted - Service of the complaint is not considered properly executed (service in the state of Louisiana cannot be effected through certified mail). (crt,Bunting, M) (Entered: 07/09/2021) |
| 07/09/2021 | 28 (p.247) | MEMORANDUM in Opposition re 21 (p.216) MOTION to Dismiss For Failure to State a Claim filed by Angela Terrell, Curtis Terrell. (aty,Denson, Casey) (Entered: 07/09/2021), (QC'ed on 07/09/2021, by Bunting , M) |
| 07/15/2021 | 29 (p.261) | MOTION for Extension of Time to File Response/Reply with consent by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 7/15/2021. (Attachments: # 1 (p.18) Text of proposed order)(aty,Davis, James) (Entered: 07/15/2021), (QC'ed on 07/15/2021, by Bunting , M) |
| 07/15/2021 | | Motions Transferred regarding 29 (p.261) MOTION for Extension of Time to File Response/Reply with consent . Motions referred to Judge Elizabeth E Foote. (crt,Bunting, M) (Entered: 07/15/2021) |
| 07/17/2021 | 30 (p.265) | AFFIDAVIT of Service for Amended Complaint served on Old Republic Insurance Company on 7/13/2021, filed by Angela Terrell, Curtis Terrell. (aty,Conday, Howard) (Entered: 07/17/2021), (QC'ed on 07/19/2021, by Taylor , L) |
| 07/17/2021 | 30 | SUMMONS Returned Executed by Angela Terrell, Curtis Terrell. Old Republic Insurance Co served on 7/13/2021, answer due 8/3/2021. ADMINISTRATIVE ENTRY as this document was electronically filed in error as 30 Affidavit of Service for Amended Complaint. (crt,Taylor, L) Modified on 7/19/2021 to add document number(Taylor, L). (Entered: 07/17/2021) |
| 07/19/2021 | 31 (p.267) | ORDER granting 29 (p.261) Motion for Extension of Time to File Response/Reply re 21 (p.216) MOTION to Dismiss For Failure to State a Claim. Defendants' reply due by 7/26/2021. Signed by Judge Elizabeth E Foote on 7/19/2021. (crt,Keifer, K) (Entered: 07/19/2021) |
| 07/20/2021 | 32 (p.268) | ANSWER to 19 (p.176) Amended Complaint with Jury Demand by Old Republic Insurance Co.(Attorney Connell L Archey added to party Old Republic Insurance Co(pty:dft))(aty,Archey, Connell) (Entered: 07/20/2021), (QC'ed on 07/20/2021, by Bunting , M) |
| 07/20/2021 | | (Court only) ***Party Old Republic Union Insurance Co added. Party Old Republic Insurance Co terminated. See 32 (p.268) Answer to Complaint. (crt,Bunting, M) (Entered: 07/20/2021) |
| 07/20/2021 | | (Court only) ***Attorney added: Allena B McCain,Madaline Gaile King for Old Republic Union Insurance Co. (crt,Bunting, M) (Entered: 07/20/2021) |

| 07/20/2021 | 33 (p.298) | NOTICE of Corporate Disclosure Statement Requirement re: 32 (p.268) Answer to Amended Complaint, sent to Connell L Archey on behalf of Old Republic Union Insurance Co. Corporate Disclosure Statement due by 8/3/2021. (crt,Bunting, M) (Entered: 07/20/2021) |
|---|---|---|
| 07/26/2021 | 34 (p.299) | REPLY to Response to Motion re 21 (p.216) MOTION to Dismiss For Failure to State a Claim filed by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. (aty,Davis, James) (Entered: 07/26/2021), (QC'ed on 07/28/2021, by Kiper , C) |
| 07/27/2021 | 35 (p.310) | NOTICE of Corporate Disclosure Statement by Old Republic Union Insurance Co (aty,King, Madaline) Modified on 7/28/2021 to modify docket text (Whidden, C). (Entered: 07/27/2021), (QC'ed on 07/28/2021, by Kiper , C) |
| 07/27/2021 | | (Court only) ***Corporate Disclosure Deadline for Old Republic Union Insurance Co terminated. See 35 (p.310) Corporate Disclosure Statement. (crt,Whidden, C) (Entered: 07/28/2021) |
| 03/30/2022 | 36 (p.312) | MEMORANDUM ORDER granting in part and denying in part 21 (p.216) Motion to Dismiss. The motion is GRANTED as to Plaintiffs' standalone Fourth Amendment malicious prosecution claims and official capacity claims against Allgrunn, Henderson, and Banta; these claims are DISMISSED WITH PREJUDICE. This matter is REFERRED to the Magistrate Judge for the entry of a new scheduling order. Signed by Judge Elizabeth E Foote on 3/30/2022. (crt,Keifer, K) (Entered: 03/30/2022) |
| 04/01/2022 | 37 | ELECTRONIC MINUTE ENTRY: A telephone Status Conference has been set for 4/18/2022 at 10:30 AM. Dial-in instructions will be emailed to all counsel of record. Trial counsel for each party must participate. Signed by Magistrate Judge Mark L Hornsby on 4/1/2022. (crt,Rider, M) (Entered: 04/01/2022) |
| 04/04/2022 | 38 (p.322) | MOTION for Summary Judgment by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. (Attachments: # 1 (p.18) Exhibit 1 - Notice of Manual Attachment, # 2 (p.54) Exhibit 2, # 3 Exhibit 3, # 4 (p.63) *STRICKEN* Exhibit 4, # 5 (p.66) *STRICKEN* Exhibit 5, # 6 (p.67) Exhibit 6 - Notice of Manual Attachment, # 7 (p.68) Exhibit 7 - Notice of Manual Attachment, # 8 (p.95) Exhibit 8 - Notice of Manual Attachment, # 9 (p.96) Exhibit 9, # 10 Exhibit 10, # 11 (p.100) Exhibit 11, # 12 (p.109) Exhibit 12, # 13 (p.154) Exhibit 13, # 14 (p.155) Exhibit 14, # 15 (p.161) Exhibit 15, # 16 (p.167) Memorandum / Brief, # *STRICKEN* Facts No. 2 and No. 6* Statement of material facts, # 18 (p.172) Text of proposed order, # 19 (p.176) Exhibit List)(aty,Davis, James) Modified docket text on 4/5/2022 (Bunting, M). Modified docket text on 10/2/2023 (Enkey, R). Modified on 10/2/2023 (Enkey, R). (Entered: 04/04/2022), (QC'ed on 04/06/2022, by Bunting , M) |
| 04/04/2022 | 39 (p.429) | MOTION for Reconsideration re 36 (p.312) Order on Motion to Dismiss for Failure to State a Claim, by Angela Terrell, Curtis Terrell. Motions referred to Mark L Hornsby. (Attachments: # 1 (p.18) Memorandum / Brief, # 2 (p.54) Proposed order)(aty,Daniel, Justine) (Entered: 04/04/2022), (QC'ed on 04/05/2022, by Bunting , M) |
| 04/05/2022 | | (Court only) ***Staff notes (non-public entry - for Court Staff only): Instant Mail sent to attorney, James Davis, regarding the manual attachments for 38 (p.322) Motion for Summary Judgment. (crt,Bunting, M) (Entered: 04/05/2022) |
| 04/05/2022 | | |

| | | |
|---|---|---|
| | 40 (p.437) | NOTICE of Motion Setting regarding: 39 (p.429) MOTION for Reconsideration re 36 (p.312) Order on Motion to Dismiss for Failure to State a Claim, . Motions referred to Judge Elizabeth E Foote. (crt,Bunting, M) (Entered: 04/05/2022) |
| 04/05/2022 | | MANUAL ATTACHMENT received from James Ashby Davis on behalf of Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson regarding 38 (p.322) MOTION for Summary Judgment . The original manual attachments will be maintained in the division of the presiding judge, until expiration of appeal delays. (crt,Lemoine, N) (Entered: 04/05/2022) |
| 04/06/2022 | 41 (p.438) | NOTICE of Motion Setting regarding: 38 (p.322) MOTION for Summary Judgment . Motions referred to Judge Elizabeth E Foote. (crt,Bunting, M) (Entered: 04/06/2022) |
| 04/11/2022 | 42 | ELECTRONIC MINUTE ENTRY: The telephone Status Conference originally set for 4/18/22 has been reset for 4/29/2022 at 10:30 AM in by phone before Magistrate Judge Mark L Hornsby. Dial-in instructions have been emailed to all counsel. Trial counsel must participate. Signed by Magistrate Judge Mark L Hornsby on 4/11/2022. (crt,Rider, M) (Entered: 04/11/2022), (QC'ed on 04/11/2022, by Keller , J) |
| 04/15/2022 | 43 (p.439) | Unopposed MOTION for Extension of Time to File Response/Reply as to 38 (p.322) MOTION for Summary Judgment with consent by Angela Terrell, Curtis Terrell. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 4/15/2022. (Attachments: # 1 (p.18) Proposed order)(aty,Denson, Casey) (Entered: 04/15/2022), (QC'ed on 04/18/2022, by Bunting , M) |
| 04/18/2022 | | Motions Transferred regarding 43 (p.439) Unopposed MOTION for Extension of Time to File Response/Reply as to 38 (p.322) MOTION for Summary Judgment with consent . Motions referred to Judge Elizabeth E Foote. (crt,Bunting, M) (Entered: 04/18/2022) |
| 04/19/2022 | | (Court only) ***Deadline terminated. (crt,Keifer, K) (Entered: 04/19/2022) |
| 04/19/2022 | 44 (p.443) | MOTION for Leave to File Excess Pages by Angela Terrell, Curtis Terrell. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 4/19/2022. (Attachments: # 1 (p.18) Proposed pleading Plaintiff's Motion for Partial Summary Judgment, # 2 (p.54) Proposed pleading Plaintiffs' Memo in Support of Motion for Partial Summary Judgment, # 3 Proposed pleading Plaintiff's Statement of Uncontested Facts, # 4 (p.63) Proposed exhibit A, # 5 (p.66) Proposed exhibit B, # 6 (p.67) Proposed exhibit C, # 7 (p.68) Proposed exhibit D, # 8 (p.95) Proposed exhibit E, # 9 (p.96) Proposed exhibit F, # 10 Proposed exhibit G, # 11 (p.100) Proposed exhibit H, # 12 (p.109) Proposed exhibit I, # 13 (p.154) Proposed exhibit J, # 14 (p.155) Proposed exhibit K, # 15 (p.161) Proposed exhibit L, # 16 (p.167) Proposed exhibit M, # 17 (p.171) Proposed exhibit N, # 18 (p.172) Proposed exhibit O, # 19 (p.176) Proposed exhibit P, # 20 (p.214) Proposed exhibit Q, # 21 (p.216) Proposed exhibit R, # 22 (p.231) Proposed exhibit S, # 23 (p.232) Proposed exhibit T, # 24 (p.239) Proposed exhibit U, # 25 (p.240) Proposed exhibit V, # 26 (p.245) Proposed exhibit W, # 27 (p.246) Proposed exhibit X, # 28 (p.247) Proposed exhibit Y, # 29 (p.261) Proposed exhibit Z, # 30 (p.265) Proposed exhibit AA, # 31 (p.267) Proposed exhibit BB, # 32 (p.268) Proposed exhibit CC, # 33 (p.298) Proposed exhibit DD, # 34 (p.299) Proposed exhibit EE, # 35 (p.310) Proposed exhibit FF, # 36 (p.312) Proposed exhibit GG, # 37 Proposed exhibit HH, # 38 (p.322) Proposed order)(aty,Denson, Casey) (Entered: 04/19/2022), (QC'ed on 04/19/2022, by Chavis , J) |

| | | |
|---|---|---|
| 04/19/2022 | | Motions Transferred regarding 44 (p.443) MOTION for Leave to File Excess Pages. Motions referred to Judge Elizabeth E Foote. (crt,Chavis, J) (Entered: 04/19/2022) |
| 04/19/2022 | 45 (p.863) | MEMORANDUM in Opposition re 39 (p.429) MOTION for Reconsideration re 36 (p.312) Order on Motion to Dismiss for Failure to State a Claim, filed by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr. (aty,Davis, James) (Entered: 04/19/2022), (QC'ed on 04/19/2022, by Bunting , M) |
| 04/20/2022 | 46 (p.872) | ORDER granting 43 (p.439) Motion for Extension of Time to File Response/Reply re 38 (p.322) MOTION for Summary Judgment. Response due by 5/16/2022. Reply due by 5/23/2022. Signed by Judge Elizabeth E Foote on 4/19/2022. (crt,Keifer, K) (Entered: 04/20/2022) |
| 04/20/2022 | | (Court only) ***Deadline terminated. (crt,Keifer, K) (Entered: 04/20/2022) |
| 04/21/2022 | 47 (p.873) | MOTION for Summary Judgment by Old Republic Union Insurance Co. (Attachments: # 1 (p.18) Memorandum / Brief, # 2 (p.54) Proposed order)(aty,King, Madaline) Modified to indicate deficiency on 4/21/2022 (Chavis, J). Modified to remove deficient status on 4/22/2022 (Bunting, M). See 52 (p.1300) for SMF. (Entered: 04/21/2022), (QC'ed on 04/22/2022, by Bunting , M) |
| 04/21/2022 | 48 (p.880) | NOTICE of Deficiency to Madaline Gaile King on behalf of Old Republic Union Insurance Co regarding 47 (p.873) MOTION for Summary Judgment. Reason: No statement of material facts accompanied this motion for summary judgment. Please see LR56.1 for instructions regarding statements of material fact. (crt,Chavis, J) (Entered: 04/21/2022) |
| 04/21/2022 | 49 (p.881) | ORDER granting 44 (p.443) Motion for Leave to File Excess Pages. Signed by Judge Elizabeth E Foote on 4/21/2022. (crt,Chavis, J) (Entered: 04/22/2022) |
| 04/21/2022 | 50 (p.882) | MOTION for Partial Summary Judgment by Angela Terrell, Curtis Terrell. (Attachments: # 1 (p.18) Memorandum / Brief, # 2 (p.54) Statement of material facts, # 3 Exhibit A, # 4 (p.63) Exhibit B, # 5 (p.66) Exhbit C, # 6 (p.67) Exhibit D, # 7 (p.68) Exhibit E, # 8 (p.95) Exhibit F, # 9 (p.96) Exhibit G, # 10 Exhibit H, # 11 (p.100) Exhibit I, # 12 (p.109) Exhibit J, # 13 (p.154) Exhibit K, # 14 (p.155) Exhibit L, # 15 (p.161) Exhibit M, # 16 (p.167) Exhibit N, # 17 (p.171) Exhibit O, # 18 (p.172) Exhibit P, # 19 (p.176) Exhibit Q, # 20 (p.214) Exhibit R, # 21 (p.216) Exhibit S, # 22 (p.231) Exhibit T, # 23 (p.232) Exhibit U, # 24 (p.239) Exhibit V, # 25 (p.240) Exhibit W, # 26 (p.245) Exhibit X, # 27 (p.246) Exhibit Y, # 28 (p.247) Exhibit Z, # 29 (p.261) Exhibit AA, # 30 (p.265) Exhibit BB, # 31 (p.267) Exhibit CC, # 32 (p.268) Exhibit DD, # 33 (p.298) Exhibit EE, # 34 (p.299) Exhibit FF, # 35 (p.310) Exhibit GG, # 36 (p.312) Exhibit HH)(crt,Chavis, J) (Entered: 04/22/2022) |
| 04/21/2022 | 51 (p.1299) | NOTICE of Motion Setting without oral argument regarding: 50 (p.882) MOTION for Partial Summary Judgment. Motions referred to Judge Elizabeth E Foote. (crt,Chavis, J) (Entered: 04/22/2022) |
| 04/22/2022 | 52 (p.1300) | CORRECTIVE DOCUMENT entitled Statement of Uncontested Facts re Motion for Summary Judgment filed by Old Republic Union Insurance Co regarding 47 (p.873) MOTION for Summary Judgment . (aty,King, Madaline) (Entered: 04/22/2022), (QC'ed on 04/22/2022, by Bunting , M) |
| 04/22/2022 | 53 (p.1302) | NOTICE of Motion Setting regarding: 47 (p.873) MOTION for Summary Judgment . Motions referred to Judge Elizabeth E Foote. (crt,Bunting, M) (Entered: 04/22/2022), (QC'ed on 05/13/2022, by Chavis , J) |

| | | |
|---|---|---|
| 04/25/2022 | 54 (p.1303) | REPLY to Response to Motion re 39 (p.429) MOTION for Reconsideration re 36 (p.312) Order on Motion to Dismiss for Failure to State a Claim, filed by Angela Terrell, Curtis Terrell. (aty,Denson, Casey) (Entered: 04/25/2022), (QC'ed on 04/26/2022, by Chavis , J) |
| 04/29/2022 | 55 (p.1308) | MINUTES for proceedings held before Magistrate Judge Mark L Hornsby: Telephone STATUS CONFERENCE on 4/29/2022. Plaintiff filed a Motion for Reconsideration Doc 39 (p.429) and all parties filed motions for summary judgment or motions for partial summary judgment. Docs. 38 (p.322) , 47 (p.873) , and 50 (p.882) . As ordered during the conference, all discovery is stayed pending resolution of the qualified immunity issues. Once those issues are resolved by Judge Foote, counsel are directed to contact the undersigned for a status conference. (crt,Keller, J) (Entered: 04/29/2022) |
| 05/05/2022 | 56 (p.1309) | MOTION for Extension of Time to File Response/Reply as to 50 (p.882) MOTION for Partial Summary Judgment with consent by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 5/5/2022. (Attachments: # 1 (p.18) Text of proposed order)(aty,Davis, James) (Entered: 05/05/2022), (QC'ed on 05/06/2022, by Chavis , J) |
| 05/06/2022 | | Motions Transferred regarding 56 (p.1309) MOTION for Extension of Time to File Response/Reply as to 50 (p.882) MOTION for Partial Summary Judgment with consent . Motions referred to Judge Elizabeth E Foote. (crt,Chavis, J) (Entered: 05/06/2022) |
| 05/06/2022 | 57 (p.1313) | ORDER granting 56 (p.1309) Motion for Extension of Time to File Response/Reply re 50 (p.882) MOTION for Partial Summary Judgment. Response due by 6/2/2022. Reply due by 6/17/2022. Signed by Judge Elizabeth E Foote on 5/6/2022. (crt,Keifer, K) (Entered: 05/06/2022) |
| 05/13/2022 | 58 (p.1314) | MOTION to Strike by Angela Terrell, Curtis Terrell. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 5/13/2022. (Attachments: # 1 (p.18) Memorandum / Brief, # 2 (p.54) Exhibit, # 3 Exhibit, # 4 (p.63) Exhibit, # 5 (p.66) Proposed order)(aty,Denson, Casey) (Entered: 05/13/2022), (QC'ed on 05/13/2022, by Chavis , J) |
| 05/13/2022 | 59 (p.1334) | NOTICE of Motion Setting regarding: 58 (p.1314) MOTION to Strike . Motions referred to Magistrate Judge Mark L Hornsby. (crt,Chavis, J) (Entered: 05/13/2022) |
| 05/13/2022 | 60 (p.1335) | MOTION for Leave to File Excess Pages by Angela Terrell, Curtis Terrell. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 5/13/2022. (Attachments: # 1 (p.18) Proposed pleading Memo in Opposition to Defendants' Motion for Summary Judgment, # 2 (p.54) Proposed pleading Statement of Contested Facts, # 3 Proposed exhibit Declaration of Angela Terrell, # 4 (p.63) Proposed order)(aty,Denson, Casey) (Entered: 05/13/2022), (QC'ed on 05/13/2022, by Chavis , J) |
| 05/13/2022 | 61 (p.1405) | MEMORANDUM in Opposition re 47 (p.873) MOTION for Summary Judgment filed by Angela Terrell, Curtis Terrell. (Attachments: # 1 (p.18) Statement of Contested Facts)(aty,Denson, Casey) (Entered: 05/13/2022), (QC'ed on 05/13/2022, by Chavis , J) |
| 05/18/2022 | | Motions Transferred regarding 60 (p.1335) MOTION for Leave to File Excess Pages, 58 (p.1314) MOTION to Strike. Motions referred to Judge Elizabeth E Foote. (crt,Keifer, K) (Entered: 05/18/2022) |

| | | |
|---|---|---|
| 05/18/2022 | 62 (p.1410) | MEMORANDUM ORDER granting 39 (p.429) Motion for Reconsideration. The Court hereby reverses its dismissal of Plaintiffs' standalone Fourth Amendment malicious prosecution claims and denies Defendants' request to dismiss Plaintiffs' malicious prosecution claims for failure to state a claim. Signed by Judge Elizabeth E Foote on 5/18/2022. (crt,Keifer, K) (Entered: 05/19/2022) |
| 05/18/2022 | 63 (p.1416) | ORDER granting 60 (p.1335) Motion for Leave to File Excess Pages. Signed by Judge Elizabeth E Foote on 5/18/2022. (crt,Chavis, J) (Entered: 05/19/2022) |
| 05/18/2022 | 64 (p.1417) | MEMORANDUM in Opposition re 38 (p.322) MOTION for Summary Judgment, filed by Angela Terrell, Curtis Terrell. (Attachments: # 1 (p.18) Statement of Contested Facts, # 2 (p.54) Exhibit)(crt,Chavis, J) (Entered: 05/19/2022) |
| 05/20/2022 | 65 (p.1484) | Joint MOTION for Extension of Time to File Response/Reply as to 47 (p.873) MOTION for Summary Judgment , 38 (p.322) MOTION for Summary Judgment with consent by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 5/20/2022. (Attachments: # 1 (p.18) proposed order)(aty,Davis, James) (Entered: 05/20/2022), (QC'ed on 05/20/2022, by Chavis , J) |
| 05/24/2022 | | Motions Transferred regarding 65 (p.1484) Joint MOTION for Extension of Time to File Response/Reply as to 47 (p.873) MOTION for Summary Judgment , 38 (p.322) MOTION for Summary Judgment with consent . Motions referred to Judge Elizabeth E Foote. (crt,Chavis, J) (Entered: 05/24/2022) |
| 05/24/2022 | 66 (p.1488) | ORDER granting 65 (p.1484) Motion for Extension of Time to File Response/Reply re 38 (p.322) and 47 (p.873) Motions for Summary Judgment. Replies due by 6/2/2022. Signed by Judge Elizabeth E Foote on 5/24/2022. (crt,Keifer, K) (Entered: 05/24/2022) |
| 05/27/2022 | 67 (p.1489) | MEMORANDUM in Opposition re 58 (p.1314) MOTION to Strike filed by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson, Old Republic Union Insurance Co. (aty,Davis, James) Modified to add filer on 5/31/2022 (Thomas, T). (Entered: 05/27/2022), (QC'ed on 05/31/2022, by Thomas , T) |
| 06/02/2022 | 68 (p.1500) | REPLY to Response to Motion re 47 (p.873) MOTION for Summary Judgment filed by Old Republic Union Insurance Co. (aty,King, Madaline) (Entered: 06/02/2022), (QC'ed on 06/03/2022, by Chavis , J) |
| 06/02/2022 | 69 (p.1503) | MEMORANDUM in Opposition re 50 (p.882) MOTION for Partial Summary Judgment filed by Old Republic Union Insurance Co. (aty,King, Madaline) Modified to notate deficient status on 6/2/2022 (Chavis, J). Modified to remove deficient notation, see Statement of Material Facts 78 (p.1628) on 6/3/2022 (Chavis, J). (Entered: 06/02/2022), (QC'ed on 06/13/2022, by Miletello , A) |
| 06/02/2022 | 70 (p.1506) | MOTION for Leave to File Excess Pages re: *Memorandum in Support of 38 (p.322) Motion for Summary Judgment* by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 6/2/2022. (Attachments: # 1 (p.18) Proposed pleading, # 2 (p.54) proposed order)(aty,Davis, James) Modified to edit docket text on 6/2/2022 (Chavis, J). (Entered: 06/02/2022), (QC'ed on 06/02/2022, by Chavis , J) |
| 06/02/2022 | 71 (p.1529) | MEMORANDUM in Opposition re 50 (p.882) MOTION for Partial Summary Judgment filed by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. (Attachments: # 1 (p.18) Statement of material facts)(aty,Davis, James) Modified to notate deficient status on 6/2/2022 (Chavis, J). Modified to remove |

| | | |
|---|---|---|
| | | deficient notation, see corrective document <u>73 (p.1582)</u> on 6/3/2022 (Chavis, J). (Entered: 06/02/2022), (QC'ed on 06/02/2022, by Chavis , J) |
| 06/02/2022 | | Motions Transferred regarding <u>70 (p.1506)</u> MOTION for Leave to File Excess Pages *in Reply Memorandum in Support of Motion for Summary Judgment*. Motions referred to Judge Elizabeth E Foote. (crt,Chavis, J) (Entered: 06/03/2022) |
| 06/02/2022 | | (Court only) ***Deadlines terminated. (crt,Enkey, R) (Entered: 06/03/2022) |
| 06/02/2022 | <u>74</u> <u>(p.1605)</u> | NOTICE of Deficiency to Madaline Gaile King on behalf of Old Republic Union Insurance Co regarding <u>69 (p.1503)</u> Memorandum in Opposition to Motion for partial Summary Judgement. Reason: No statement of material facts accompanied this opposition to motion for summary judgment. Please see LR56.2 for instructions regarding statements of material fact. (crt,Chavis, J) (Entered: 06/03/2022) |
| 06/02/2022 | <u>75</u> <u>(p.1606)</u> | NOTICE of Deficiency to James Ashby Davis on behalf of Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr regarding <u>71 (p.1529)</u> Memorandum in Opposition to Motion for partial Summary Judgment. Reason: A table of contents with page references, alphabetical list of cases (LR 7.8) and table of cases, statutes and other authorities is required for a brief which exceeds ten pages. Please see LR7.8 for specific requirements regarding table of contents. (crt,Chavis, J) (Entered: 06/03/2022) |
| 06/03/2022 | <u>72</u> <u>(p.1577)</u> | REPLY to Response to Motion re <u>58 (p.1314)</u> MOTION to Strike filed by Angela Terrell, Curtis Terrell. (aty,Denson, Casey) (Entered: 06/03/2022), (QC'ed on 06/03/2022, by Chavis , J) |
| 06/03/2022 | <u>73</u> <u>(p.1582)</u> | CORRECTIVE DOCUMENT entitled Corrected Opposition to Plaintiffs' Motion for Partial Summary Judgment (includes Table of Contents and Table of Authorities) filed by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson regarding <u>71 (p.1529)</u> Memorandum in Opposition to Motion . (aty,Davis, James) (Entered: 06/03/2022), (QC'ed on 06/03/2022, by Chavis , J) |
| 06/03/2022 | <u>76</u> <u>(p.1607)</u> | ORDER granting <u>70 (p.1506)</u> Motion for Leave to File Excess Pages. Signed by Judge Elizabeth E Foote on 6/3/2022. (crt,Chavis, J) (Entered: 06/03/2022) |
| 06/03/2022 | <u>77</u> <u>(p.1608)</u> | REPLY MEMORANDUM in Support re <u>38 (p.322)</u> MOTION for Summary Judgment filed by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr. (crt,Chavis, J) Modified correct docket text on 6/6/2022 (Chavis, J). (Entered: 06/03/2022) |
| 06/03/2022 | <u>78</u> <u>(p.1628)</u> | CORRECTIVE DOCUMENT entitled Statement of Material Facts filed by Old Republic Union Insurance Co regarding <u>69 (p.1503)</u> Memorandum in Opposition to Motion *for Partial Summary Judgment*. (aty,King, Madaline) Modified to correct docket text on 6/3/2022 (Chavis, J). (Entered: 06/03/2022), (QC'ed on 06/03/2022, by Chavis , J) |
| 06/17/2022 | <u>79</u> <u>(p.1630)</u> | MOTION for Leave to File Excess Pages by Angela Terrell, Curtis Terrell. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 6/17/2022. (Attachments: # <u>1 (p.18)</u> Proposed pleading Plaintiffs' Reply in Support of Their Motion for Partial Summary Judgment, # <u>2 (p.54)</u> Proposed exhibit, # <u>3</u> Proposed exhibit, # <u>4 (p.63)</u> Proposed exhibit, # <u>5 (p.66)</u> Proposed order)(aty,Denson, Casey) Modified to add docket entry relationship on 6/21/2022 (Chavis, J). (Entered: 06/17/2022), (QC'ed on 06/21/2022, by Chavis , J) |
| 06/17/2022 | | |

| | 80 (p.1671) | REPLY to Response to Motion re 50 (p.882) MOTION for Partial Summary Judgment filed by Angela Terrell, Curtis Terrell. (aty,Denson, Casey) (Entered: 06/17/2022), (QC'ed on 06/21/2022, by Chavis, J) |
|---|---|---|
| 06/17/2022 | | (Court only) ***Deadlines terminated. (crt,Enkey, R) (Entered: 06/22/2022) |
| 06/21/2022 | | Motions Transferred regarding 79 (p.1630) MOTION for Leave to File Excess Pages . Motions referred to Judge Elizabeth E Foote. (crt,Chavis, J) (Entered: 06/21/2022) |
| 06/23/2022 | 81 (p.1674) | ORDER granting 79 (p.1630) Motion for Leave to File Excess Pages. Signed by Judge Elizabeth E Foote on 6/23/2022. (crt,Thomas, T) (Entered: 06/23/2022) |
| 06/23/2022 | 82 (p.1675) | REPLY to Response to Motion re 50 (p.882) MOTION for Partial Summary Judgment filed by Angela Terrell, Curtis Terrell. (Attachments: # 1 (p.18) Exhibit 1, # 2 (p.54) Exhibit 2, # 3 Exhibit 3)(crt,Thomas, T) (Entered: 06/23/2022) |
| 07/06/2023 | 83 (p.1713) | Ex Parte MOTION for Mercedes Ann Townsend to Enroll as Counsel by All Plaintiffs. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 7/6/2023. (Attachments: # 1 (p.18) Proposed order)(aty,Denson, Casey) (Entered: 07/06/2023), (QC'ed on 07/06/2023, by Chavis, J) |
| 07/07/2023 | 84 (p.1716) | Unopposed MOTION for Leave to File Supplement to 50 (p.882) Plaintiffs' Partial Summary Judgment and 61 (p.1405) Opposition to Defendants Motions for Summary Judgment with consent by All Plaintiffs. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 7/7/2023. (Attachments: # 1 (p.18) Proposed Exhibit CAD Report, # 2 (p.54) Proposed order)(aty,Denson, Casey) Modified docket text on 7/7/2023 (Chavis, J). (Additional attachment(s) added on 10/4/2023: # 3 Notice of manual attachment Exhibit A & B - Plaintiff's 911 calls from 8/11/2019) (Enkey, R). (Entered: 07/07/2023), (QC'ed on 07/07/2023, by Chavis, J) |
| 07/07/2023 | 85 (p.1727) | ORDER granting 83 (p.1713) Motion to Enroll as Counsel. Added as counsel Mercedes Ann Townsend for Angela Terrell,Mercedes Ann Townsend for Curtis Terrell. Signed by Magistrate Judge Mark L Hornsby on 7/7/2023. (crt,Chavis, J) (Entered: 07/07/2023) |
| 07/07/2023 | | Motions Transferred regarding 84 (p.1716) Unopposed MOTION for Leave to File Supplement to Plaintiffs' Partial Summary Judgment and Opposition to Defendants Motions for Summary Judgment with consent . Motions referred to Judge Elizabeth E Foote. (crt,Chavis, J) (Entered: 07/07/2023) |
| 07/07/2023 | | (Court only) ***Deadlines terminated. (crt,Enkey, R) (Entered: 07/10/2023) |
| 07/07/2023 | | MANUAL ATTACHMENT received from Casey Rose Denson on behalf of Angela Terrell, Curtis Terrell regarding 84 (p.1716) Unopposed MOTION for Leave to File Supplement to Plaintiffs' Partial Summary Judgment and Opposition to Defendants Motions for Summary Judgment with consent . The original manual attachments will be maintained in the division of the presiding judge, until expiration of appeal delays. (crt,Enkey, R) (Entered: 10/04/2023) |
| 07/17/2023 | 86 (p.1728) | MOTION for Leave to File DeSoto Parish Sheriff Defendants' Response to Plaintiffs' Supplemental Brief [Doc. 84] with consent by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr, Jayson Richardson. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 7/17/2023. (Attachments: # 1 (p.18) Proposed pleading, # 2 (p.54) Text of proposed order)(aty,Davis, James) (Entered: 07/17/2023), (QC'ed on 07/18/2023, by Chavis, J) |

| | | |
|---|---|---|
| 07/17/2023 | | Motions Transferred regarding 86 (p.1728) MOTION for Leave to File DeSoto Parish Sheriff Defendants' Response to Plaintiffs' Supplemental Brief [Doc. 84] with consent . Motions referred to Judge Elizabeth E Foote. (crt,Chavis, J) (Entered: 07/18/2023) |
| 07/17/2023 | | Motions Transferred regarding 86 (p.1728) MOTION for Leave to File DeSoto Parish Sheriff Defendants' Response to Plaintiffs' Supplemental Brief [Doc. 84] with consent. Motions referred to Judge Elizabeth E Foote. (crt,Breite, S) (Entered: 07/18/2023) |
| 07/17/2023 | | (Court only) ***Deadlines terminated. (crt,Enkey, R) (Entered: 07/24/2023) |
| 07/18/2023 | 87 (p.1739) | ORDER granting 84 (p.1716) Motion for Leave to File. Signed by Judge Elizabeth E Foote on 7/18/2023. (crt,Chavis, J) (Entered: 07/19/2023) |
| 07/18/2023 | 88 (p.1741) | EXHIBIT C-CAD Report re 50 (p.882) MOTION for Partial Summary Judgment by Angela Terrell, Curtis Terrell. (crt,Chavis, J) (Entered: 07/19/2023) |
| 07/25/2023 | 89 (p.1744) | Unopposed MOTION for Leave to File with consent *Response to Plaintiffs' Supplemental Motion for Summary Judgment Briefing* by Old Republic Union Insurance Co. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 7/25/2023. (Attachments: # 1 (p.18) Proposed pleading Response to Plaintiffs' Supplemental Motion for Summary Judgment)(aty,Rabalais, Madaline) (Entered: 07/25/2023), (QC'ed on 07/26/2023, by Thomas , T) |
| 07/25/2023 | | Motions Transferred regarding 89 (p.1744) Unopposed MOTION for Leave to File with consent *Response to Plaintiffs' Supplemental Motion for Summary Judgment Briefing*. Motions referred to Judge Elizabeth E Foote. (crt,Thomas, T) (Entered: 07/26/2023) |
| 07/25/2023 | | (Court only) ***Deadlines terminated. (crt,Enkey, R) (Entered: 07/26/2023) |
| 07/26/2023 | 90 (p.1750) | ORDER denying 86 (p.1728) Motion for Leave to File DeSoto Parish Sheriff Defendants' Response to Plaintiffs' Supplemental Brief; denying 89 (p.1744) Motion for Leave to File Response to Plaintiffs' Supplemental Motion for Summary Judgment Briefing. Signed by Judge Elizabeth E Foote on 7/26/2023. (crt,Enkey, R) (Entered: 08/01/2023) |
| 09/29/2023 | 91 (p.1751) | MEMORANDUM RULING: Defendant's 38 (p.322) and 47 (p.873) motions for summary judgment and Plaintiffs' 50 (p.882) motion for partial summary judgment are GRANTED IN PART and DENIED IN PART. Specifically, 38 (p.322) and 47 (p.873) motions for summary judgment are GRANTED as to Plaintiffs' municipal liability claim regarding the failure to train and supervise and failure to intervene claim against Sheriff Richardson, and are hereby DISMISSED WITH PREJUDICE. 38 (p.322) and 47 (p.873) Motions for summary judgment are DENIED for all other claims. Plaintiffs' 50 (p.882) motion for partial summary judgment is also DENIED. The Court DEFERRED ruling on Plaintiffs' Monell claim relating to an official policy or custom. Plaintiffs' motion to strike evidence of Mr. Terrell's criminal history as referenced in Defendants' 58 (p.1314) motions for summary judgment is GRANTED. Signed by Judge Elizabeth E Foote on 9/29/2023. (crt,Enkey, R) (Entered: 10/02/2023) |
| 10/03/2023 | 92 | ELECTRONIC MINUTE ENTRY: A telephone Status Conference is set for 10/24/2023 at 02:00 PM before Magistrate Judge Mark L Hornsby. Dial-in instructions will be emailed to all counsel of record. Trial counsel for each party must participate. Signed by Magistrate Judge Mark L Hornsby on 10/3/2023. |

| | | |
|---|---|---|
| | | (crt,Rider, M) (Entered: 10/03/2023), (QC'ed on 10/03/2023, by Keller , J) |
| 10/09/2023 | 93 (p.1791) | NOTICE OF APPEAL as to 91 (p.1751) Order on Motion for Summary Judgment, Order on Motion for Partial Summary Judgment, Order on Motion to Strike, by Jason Allgrunn, Michael Banta, Jeffery Henderson, Jr. (Filing fee $505, receipt number ALAWDC-5718089) (aty,Davis, James) (Entered: 10/09/2023), (QC'ed on 10/10/2023, by WalkerSld , B) |
| 10/10/2023 | 94 (p.1793) | Unopposed MOTION to Stay by Jayson Richardson. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 10/10/2023. (Attachments: # 1 (p.18) Memorandum / Brief, # 2 (p.54) Text of proposed order)(aty,Davis, James) (Entered: 10/10/2023), (QC'ed on 10/10/2023, by WalkerSld , B) |
| 10/10/2023 | | Motions Transferred regarding 94 (p.1793) Unopposed Motion to Stay. Motions referred to Judge Elizabeth E Foote. (crt,WalkerSld, B) (Entered: 10/10/2023) |
| 10/10/2023 | | (Court only) ***Deadlines terminated. (crt,Enkey, R) (Entered: 10/11/2023) |
| 10/11/2023 | 95 (p.1801) | ORDER granting 94 (p.1793) Motion to Stay. This matter is stayed, with all upcoming deadlines suspended. This stay expires upon the resolution of the appeal to the Fifth Circuit. Signed by Judge Elizabeth E Foote on 10/11/2023. (crt,Enkey, R) (Entered: 10/11/2023) |
| 10/13/2023 | | USCA Case Number 23-30723 for 93 (p.1791) Notice of Appeal, filed by Jason Allgrunn, Jeffery Henderson, Jr, Michael Banta. (crt,WalkerSld, B) (Entered: 10/13/2023) |
| 10/13/2023 | | Set Deadline for Clerk re 93 (p.1791) Notice of Appeal: Certify Appeal Record (23-30723) by Clerk to COA 10/30/2023. (crt,WalkerSld, B) (Entered: 10/13/2023) |
| 10/16/2023 | 96 | ELECTRONIC MINUTE ENTRY: Pursuant to the order granting the motion to stay (Doc. 95 (p.1801) ), the telephone status conference set for 10/24/23 is cancelled. Signed by Magistrate Judge Mark L Hornsby on 10/16/2023. (crt,Rider, M) (Entered: 10/16/2023), (QC'ed on 10/17/2023, by Keller , J) |

Terrell et al v. Richardson et al (5:20-cv-00999-EEF-MLH)

Case No. 22-30723

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

Curtis Terrell; Angela Terrell,
*Plaintiffs-Appellees*,

v.

Jason Allgrunn; Michael Banta; Jeffery Henderson, Jr.,
*Defendant-Appellant*.


On Appeal from the U.S. District Court for the Western District of Louisiana, Civil Action No. 5:20-cv-00999
_____


## RECORD EXCERPTS OF DEFENDANTS-APPELLANTS
_____



## TAB NO. 2

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

CURTIS TERRELL AND ANGELA    CIVIL ACTION NO. 5:20-CV-00999
TERRELL,

VERSUS                      JUDGE FOOTE

JASON ALLGRUNN, ET AL        MAGISTRATE JUDGE HORNSBY

## <u>NOTICE OF APPEAL</u>

NOTICE is hereby given that defendants Jason Allgrunn, Jeffery Henderson, Jr., and Michael Banta hereby appeal to the United States Court of Appeals for the Fifth Circuit from the District Court's Memorandum Ruling signed and entered on September 29, 2023 [Doc. 91], which Memorandum Ruling denied these defendants' Motion for Summary Judgment based on Qualified Immunity and the absence of any constitutional violation.

Respectfully submitted this 9th day of October, 2023.


COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: _/s/ James Ashby Davis_____
      James R. Sterritt, #18447
      James Ashby Davis, #37653
333 Texas Street, Suite 1800
P. O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Telecopier: (318) 227-7850
james.sterritt@cookyancey.com
ashby.davis@cookyancey.com
ATTORNEYS FOR DEFENDANTS JASON ALLGRUNN,
JEFFERY HENDERSON, JR., AND MICHAEL BANTA

23-30723.1791

## CERTIFICATE

I hereby certify that a copy of the foregoing Notice was filed electronically with the Clerk of Court using the CM/ECF system, with notice being sent by operation of the court's electronic filing system to counsel for all parties, in Shreveport, Louisiana, on this 9th day of October, 2023.

/s/ James Ashby Davis
OF COUNSEL

Case No. 22-30723

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

Curtis Terrell; Angela Terrell,
*Plaintiffs-Appellees*,

v.

Jason Allgrunn; Michael Banta; Jeffery Henderson, Jr.,
*Defendant-Appellant*.

On Appeal from the U.S. District Court for the Western District of Louisiana, Civil
Action No. 5:20-cv-00999
_____

## RECORD EXCERPTS OF DEFENDANTS-APPELLANTS
_____

## TAB NO. 3

Case: 23-30723   Document: 19   Page: 25   Date Filed: 12/28/2023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CURTIS TERRELL, ET AL. | CIVIL ACTION NO. 20-999 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAYSON RICHARDSON, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are two motions for summary judgment [Record Documents 38 and 47] filed by Defendants DeSoto Parish Sheriff Jayson Richardson ("Sheriff Richardson"); DeSoto Parish Sheriff's Deputies Jason Allgrunn ("Allgrunn"), Michael Banta ("Banta"), and Jeffery Henderson ("Henderson"); and Old Republic Union Insurance Company ("Old Republic") (collectively, "Defendants").[1] Plaintiffs Curtis Terrell ("Mr. Terrell") and Angela Terrell ("Mrs. Terrell") (collectively, "the Terrells") filed a motion for partial summary judgment [Record Document 50] and a motion to strike evidence of Mr. Terrell's criminal history as referenced in Defendants' motion for summary judgment [Record Document 58]. The motions have been fully briefed.[2] For the reasons enumerated below, the foregoing motions are **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Old Republic's motion for summary judgment [Record Document 47] incorporates and adopts the motion for summary judgment filed by Sheriff Richardson, Allgrunn, Banta, and Henderson [Record Document 38]. Old Republic also incorporates and adopts Defendants' opposition and reply briefs. Record Documents 68 and 69. When the Court references Defendants' motion for summary judgment, opposition, or reply, it is referring to those filed by Sheriff Richardson, Allgrunn, Banta, and Henderson.

[2] The parties filed over four dozen exhibits comprised of hundreds of pages, many of which were not referenced in their filings. It is not the Court's responsibility to deduce the relevance or importance of these voluminous documents. As such, the Court only reviewed those specifically referenced by the parties.

23-30723.1751

I.     **Background**

On August 11, 2019, Mrs. Terrell called 911 requesting an ambulance because Mr. Terrell had reportedly taken pain pills in an attempted suicide. Record Document 19 at ¶ 10; *see also* Ex. A at 0:36-3:15.[3] As part of their motion for summary judgment, Defendants submitted a manual attachment containing various dash camera recordings of the incident taken from Allgrunn's work vehicle. *See* Record Document 38-6. The Court will provide its summary of the events as depicted in those videos. *See Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011) ("we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.") (citing *Scott v. Harris,* 550 U.S. 372, 379-381 (2007)).

Allgrunn was the first to respond to Mrs. Terrell's 911 call. Record Document 19 at ¶ 12. When Allgrunn arrived on the scene, the Terrells were standing on opposite sides of the road's edge, talking on their cell phones. Ex. 6-DEF 176 at 1:14.[4] Allgrunn parked and exited his vehicle. *Id.* at 1:24-:26. He approached the pair and asked Mr. Terrell, "you all right?" to which Mr. Terrell responded, "yes, sir." *Id*. Mr. Terrell then turned and walked away from Allgrunn. *Id.* at 1:26-:34. As Mr. Terrell walked away, Allgrunn twice commanded Mr. Terrell to "come here." *Id.* at 1:34-:53. Mr. Terrell stopped and mumbled an incoherent response. *Id.* After some back-and-forth discussion, Allgrunn instructed Mr. Terrell to "walk to the front of my vehicle" and warned him that "I am not going to tell you again." *Id.* at 1:53-2:03. Mr. Terrell complied. *Id.* at 2:03-:16. When Mr. Terrell reached the front of the vehicle, he turned to face the windshield and lifted his hands above his head. *Id.* at 2:16-:19. Allgrunn pushed Mr. Terrell forward so that his body rested on the hood of the vehicle, with his hands outstretched in front of him. *Id.* at 2:19-:24.

---

[3] The Court permitted Plaintiffs to supplement their motion for partial summary judgment and opposition with two 911 calls. *See* Record Document 87.

[4] The Court will cite to the videos as labeled on a thumb drive provided to the Court.

Case: 23-30723   Document: 19   Page: 27   Date Filed: 12/28/2023

Allgrunn frisked Mr. Terrell as Mr. Terrell spoke to an off-camera individual. *Id*. Mr. Terrell then leaned his body backward with his hands raised at either side, palms facing upwards, and proclaimed "I ain't done nothin' wrong." *Id.* at 2:24-:26. Allgrunn told Mr. Terrell to put his hands behind his back. *Id.* at 2:26-:28. Mr. Terrell turned his head to look back at Allgrunn; in response, Allgrunn looped his left arm around Mr. Terrell's shoulder and neck, taking him to the ground. *Id.*

At this point, Mrs. Terrell—who stood about a yard from the men—began to film the interaction on her cellphone. *Id.* at 2:28-:40. Allgrunn, who was squatting over Mr. Terrell, asked Mrs. Terrell if she was the individual who called 911. *Id.* at 2:40-:53. He then instructed Mr. Terrell to put his hands behind his back as Mr. Terrell screamed incoherently. *Id.* Allgrunn raised his closed fists above his head before striking downwards onto Mr. Terrell. *Id.* at 2:53-:54. Allgrunn then punched Mr. Terrell two additional times. *Id.* at 2:54-:56; *see also* Record Document 38-16 at 4. As Allgrunn handcuffed Mr. Terrell, he told Mrs. Terrell that she had misused 911. Ex. 6-DEF 176 at 2:56-3:12. Mrs. Terrell explained that she had called 911 because she wanted her suicidal husband transported to the hospital. *Id.* at 3:18-:22. Mr. Terrell groaned before making a gargled, growling sound. *Id.* at 3:24-:27. Allgrunn then punched Mr. Terrell a fourth time and shouted "don't fuckin' bite me." *Id.* at 3:28-:32. As Allgrunn lifted Mr. Terrell to his knees, he told him that "now you're really under arrest," before turning to inform Mrs. Terrell that she would also be arrested. *Id.* at 3:32-:36. Mrs. Terrell and Allgrunn argued about whether Mrs. Terrell had interfered with Mr. Terrell's arrest. *Id.* at 3:36-6:00. Allgrunn then explained to Mr. Terrell that he was "under arrest for resisting a police officer and battery on a police officer for biting me." *Id.* at 6:28-:32.

Case: 23-30723   Document: 19   Page: 28   Date Filed: 12/28/2023

When emergency responders arrived, Allgrunn explained that "[Mr. Terrell was] bleeding from the mouth because when I took him in custody, he tried to bite my ankle and he got socked." *Id.* at 8:12-:24. Mrs. Terrell yelled in the background as Allgrunn recounted what transpired. *Id.* Allgrunn asked Mrs. Terrell to move and to stop yelling so that he could speak with the emergency responders. *Id.* at 8:26-8:43. The emergency responders began to evaluate Mr. Terrell as Mrs. Terrell filmed a few steps away. *Id.* at 8:45-11:35. By this point, Mr. Terrell's mouth and chin were covered in blood. *Id.* at 11:35-:38. Emergency responders continued to evaluate Mr. Terrell for eleven minutes, during which time Banta and Henderson arrived on the scene. *Id.* 11:38-22:53; *see also* Record Document 19 at ¶ 38.

At some point during Mr. Terrell's evaluation, and before he was placed on a stretcher, Allgrunn approached Mrs. Terrell and asked her to put down her belongings because she was under arrest. Ex. 6-DEF 176 at 11:50-:57. Mrs. Terrell stood in place, even as Allgrunn grasped her elbow to walk her towards his vehicle. *Id.* at 11:57-12:00. Allgrunn then grabbed Mrs. Terrell by the neck and walked her to the back door of his vehicle. *Id.* at 12:00-:02. Allgrunn instructed Mrs. Terrell to "get in the car." *Id.* at 12:08. For a few moments, Allgrunn struggled to take Mrs. Terrell's phone from her hands. Ex. 6-DEF 177 at 12:08-:15. The pair then concluded their struggle, and Mrs. Terrell screamed at Allgrunn, ". . . let go of my fucking head . . . I am not resisting I am trying to get in the fucking vehicle if you'd let go." *Id.* at 12:15-:21. Mrs. Terrell then appeared to offer Allgrunn her cell phone and wristlet, which Allgrunn ripped from her hands. *Id.* at 12:22-:28. Mrs. Terrell slid into the backseat of Allgrunn's vehicle. *Id.* at 12:42-23:25. She was released by Allgrunn eleven minutes later so that he could follow the ambulance transporting Mr. Terrell to the hospital. Ex. 6-DEF 176 at 23:06-28:12.

23-30723.1754

At the hospital, Mr. Terrell was found to be suffering from blunt force trauma to the mouth and lips, suicidal ideations, intoxication, and "polysubstance abuse." Record Document 50-2 at ¶ 90. Upon his discharge, Mr. Terrell was booked by the DeSoto Parish Sheriff's Office ("DPSO") and charged with "Resisting by Force" and "Disturbing the Peace by Noise." Record Document 19 at ¶ 55. Mr. Terrell was released from jail five days later after the charges against him were dropped. *Id.* at ¶ 58. Soon thereafter, Allgrunn was indicted for malfeasance in office related—in part—to Mr. Terrell's arrest. *Id.* at ¶ 62. A new District Attorney later dropped those charges. *See* Record Document 50-1 at 13. Two weeks before the charges were dropped, "Allgrunn voluntarily and permanently surrendered his Louisiana Office Standards and Training Council (P.O.S.T.) Certificate." *Id.*

Plaintiffs bring six claims against Defendants under 42 U.S.C. § 1983 ("Section 1983") for unlawful arrest, excessive force, malicious prosecution, retaliation, failure to intervene, and municipal liability. *See* Record Document 19 at 18, 21-22, 24, 26, 28. They also seek redress for violations of Louisiana state law, including: infringements on their state constitutional rights, intentional and negligent infliction of emotional distress, negligence, false imprisonment, false arrest, assault, battery, and malicious prosecution; liability against Sheriff Richardson premised upon respondeat superior;[5] indemnification; and a direct action claim against Old Republic as DPSO's insurance provider. *Id.* at 30-36. Defendants assert qualified immunity. Record Documents 38-16 at 15 and 47 at ¶ 2.

---

[5] Plaintiffs bring a direct action against Old Republic as the insurers for DPSO. Plaintiffs request that the Court grant summary judgment against Old Republic insofar as the Court grants summary judgment against Sheriff Richardson, Allgrunn, Banta, and Henderson. Record Document 50-1 at 42. Old Republic does not disagree to the extent that Plaintiffs seek recovery pursuant to Louisiana's direct action statute. *See* Record Document 69 at 1.

Case: 23-30723      Document: 19      Page: 30      Date Filed: 12/28/2023

## II.   **Motions for Summary Judgment**

### a. **Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322-23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex Corp.*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993). "On cross-motions for summary judgment, we review each party's motion

6

Case: 23-30723    Document: 19    Page: 31    Date Filed: 12/28/2023

independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Tidewater Inc. v. United States*, 565 F.3d 299, 302 (5th Cir. 2009) (citing *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 499 (5th Cir. 2001)).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

### b.  Section 1983 Claims

As previously mentioned, the Terrells raise six Section 1983 claims: 1) unlawful arrest; 2) excessive force; 3) malicious prosecution; 4) retaliation; 5) failure to intervene; and 6) municipal liability. *See* Record Document 19 at 18, 21-22, 24, 26, 28. Defendants seek summary judgment on all six Section 1983 claims, *see* Record Document 38-16 at 6, 15, 21-22, while Plaintiffs seek summary judgment on all but the malicious prosecution and failure to intervene claims, *see* Record Document 50-1 at 18, 24, 27, 33. As previously mentioned, Defendants assert qualified immunity. Record Documents 38-16 at 15 and 47 at ¶ 2.

#### i.  Section 1983

Section 1983 provides a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States against any person acting under color of state law. 42 U.S.C. § 1983. Section 1983 does not create substantive rights but provides remedies to the rights established in the United States Constitution and other federal laws. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). To assert a claim for damages under this statute, a plaintiff must

demonstrate "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

      ii.  <u>Qualified Immunity</u>

      The doctrine of qualified immunity shields government officials from liability for claims against them in their individual capacity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity serves to shield government officials from harassment, distraction, and liability when they perform their duties reasonably, and it applies regardless of whether the official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)). A Section 1983 complaint must allege that the constitutional or statutory deprivation was intentional or due to deliberate indifference and not the result of mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

      Because qualified immunity is "an immunity from suit rather than a mere defense to liability, . . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Consequently, qualified immunity questions should be resolved at the earliest possible stage in litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam). While qualified immunity is technically an affirmative defense, once it has been raised, it is the plaintiff's burden to negate the defense. *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

In *Saucier v. Katz,* 533 U.S. 194, 201 (2001), the Supreme Court held that a court ruling upon the issue of qualified immunity must apply a two-step analysis. First, the court must determine whether "the facts alleged show the officer's conduct violated a constitutional right." *Id.* Second, if a violation has been established, the court must determine whether the officer's actions were objectively reasonable in light of clearly established law at the time of the conduct in question. *See id.; Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007). The court may evaluate these steps in whichever order it so chooses.[6] "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact. *See Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) (citing *Malley v. Briggs*, 475 U.S. 335, 343 (1986) (holding that the qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law.")). The question of whether an official's conduct was objectively reasonable is a question of law to be decided by the court. *See Evett v. DETNTFF*, 330 F.3d 681, 688 (5th Cir. 2003) (citing *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994)).

To be clearly established, a legal principle must be found in the holdings of either "controlling authority" or a "robust 'consensus of cases of persuasive authority,'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741-42 (2011) (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)), and

---

[6] In *Pearson*, the Supreme Court held that while the sequence set forth in *Saucier* is often appropriate, it is no longer mandatory. *Pearson*, 555 U.S. at 236. Instead, lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

defined with a "high 'degree of specificity,'" *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quoting *Mullenix v. Luna*, 577 U.S. 7, 13 (2015) (per curiam)). It is not that a case must be directly on point, but rather, existing precedent must have provided sufficient notice that the acts violate the Constitution. *See Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 727 (5th Cir. 2018). The "clearly established" test ensures that officials have "fair warning" that particular conduct violates the Constitution. *Anderson v. Valdez*, 845 F.3d 580, 600 (5th Cir. 2016) (quoting *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (en banc)).

The Court will analyze the applicability of qualified immunity as applied to each Section 1983 claim below.

### iii.   Fourth Amendment Claims

#### 1.   *Unlawful Arrest*

In their complaint, the Terrells argue that their Fourth Amendment rights were violated when Allgrunn unlawfully arrested them. Record Document 19 at ¶¶ 85, 86. Plaintiffs only seek summary judgment on their claim that Allgrunn unlawfully arrested Mrs. Terrell. Record Document 50-1 at 18, 23. Defendants seek summary judgment on both unlawful arrest claims. Record Document 38-16 at 7. Specifically, Defendants contend that summary judgment should be granted because there is no genuine factual dispute that Allgrunn had probable cause to arrest the Terrells. *Id.* at 8, 9, 11.

As outlined in the Fourth Amendment of the United States Constitution,

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. "An arrest occurs when, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v.*

23-30723.1760

Case: 23-30723   Document: 19   Page: 35   Date Filed: 12/28/2023

*Massi*, 761 F.3d 512, 522 (5th Cir. 2014) (citing *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)) (internal quotation marks omitted). "A warrantless arrest must be based on 'probable cause.' Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000) (citing *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995)). An officer may have probable cause to arrest an individual that "has committed even a minor offense, including misdemeanors." *Deville v. Marcantel*, 567 F.3d 156, 165 (5th Cir. 2009) (per curiam) (citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)). "Probable cause means something more than mere suspicion." *United States v. Gordon*, 580 F.2d 827, 832 (5th Cir. 1978) (citing *Brinegar v. United States*, 338 U.S. 160, 175 (1949)) (internal quotation marks omitted). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983).

### a.  Arrest of Mr. Terrell

Defendants seek summary judgment on Mr. Terrell's unlawful arrest claim. In their motion for summary judgment, Defendants contend that there was probable cause to arrest Mr. Terrell because a reasonable officer "*could* have believed" that he was disturbing the peace pursuant to Louisiana Revised Statute § 14:103(A)(2)-(3). Record Document 38-16 at 8 (emphasis added). The relevant portions of the statute define disturbing the peace as:

> (1) Engaging in a fistic encounter; or (2) Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty; or

11

Case: 23-30723   Document: 19   Page: 36   Date Filed: 12/28/2023

(3) Appearing in an intoxicated condition; or (4) Engaging in any act in a violent and tumultuous manner by any three or more persons . . . .

La. R.S. § 14:103(A)(1)-(4).[7] An officer has probable cause to arrest an individual pursuant to Louisiana Revised Statute § 14:103(A)(3) if an officer "observe[s] evidence both of actual intoxication and a likelihood that the public will be endangered or disturbed." *Mesa v. Prejean*, 543 F.3d 264, 271 (5th Cir. 2008) (citing *State v. Stowe*, No. 93-K-2020 (La. 4/11/1994); 635 So. 2d 168, 172 n.3; *State v. Chauvin*, No. 06-KA-362 (La. App. 5 Cir. 10/31/06); 945 So. 2d 752, 761-62).

Defendants argue that Mr. Terrell was clearly disturbing the peace because he was so intoxicated and belligerent on the street that "[h]is own wife called 911." Record Document 38-16 at 8. Allgrunn claims that he personally witnessed Mr. Terrell acting "intoxicated, belligerent, offensive, and uncooperative." Record Document 38-16 at 8. Plaintiffs disagree, arguing that Mr. Terrell was not disturbing the peace because he was on the side of the road in the middle of a rural area and was acting in compliance with Allgrunn's orders. Record Document 64 at 3-4. Plaintiffs further contend that one cannot disturb the peace simply by being intoxicated on one's own property; furthermore, emergency services were dispatched only because Mrs. Terrell reported that her husband attempted suicide. *Id.*

The Court finds that Plaintiffs have met their burden in highlighting the material disputes of fact surrounding Mr. Terrell's arrest. Considering Mrs. Terrell's call to 911 and Mr. Terrell's hospital records, the record supports a finding that Mr. Terrell was under the influence of drugs and alcohol. However, the evidence does not clearly establish that Allgrunn had probable cause to arrest Mr. Terrell for disturbing the peace. Defendants point to Mr. Terrell being intoxicated on the street of a populated area in the middle of the night and "causing a disturbance and alarming

---

[7] The statute lists four other actions pertaining to lawful and unlawful assembly and impeding a funeral route that are not relevant to the foregoing facts. *See* La. R.S. § 14:103(A)(5)-(8).

23-30723.1762

Case: 23-30723      Document: 19      Page: 37      Date Filed: 12/28/2023

the neighborhood." Record Document 38-16 at 8. Certainly, in Mrs. Terrell's 911 call, it is reported that Mr. Terrell is running down their street and can be heard yelling "I love you baby" in the background. Ex. A at 0:16-2:04. Allgrunn's dash camera footage shows *both* Mr. and Mrs. Terrell speaking on their phones on opposite sides of the road, but it does not show that Mr. Terrell was yelling, cursing, threatening others, or acting in an offensive manner when Allgrunn arrived on the scene. In fact, in the video, Mr. Terrell did not begin to scream or shout until Allgrunn forcibly took him to the ground.[8] The video also shows Mr. Terrell cooperating with Allgrunn: he walks to Allgrunn's car when instructed and places his hands above his head without Allgrunn asking. Defendants fail to elaborate upon what specific behaviors exhibited or actions taken by Mr. Terrell led Allgrunn to believe that he was acting in an "intoxicated, belligerent, offensive, and uncooperative" manner.

A probable cause analysis is necessarily a fact-intensive inquiry, and there are too many factual disputes that remain unanswered. These include whether the neighbors were disturbed or felt threatened by Mr. Terrell's behavior and had reported these concerns to Allgrunn or the 911 dispatcher prior to the arrest, what specific actions Mr. Terrell exhibited that led Allgrunn to believe he posed a threat to his neighbors, and whether the combination of drugs and alcohol that Mr. Terrell consumed resulted in unlawful behavior. Defendants have failed to establish that a reasonable officer would have found that Mr. Terrell was disturbing the peace.

Allgrunn further contends that even if he lacked probable cause to arrest Mr. Terrell for disturbing the peace, he had probable cause to take Mr. Terrell into protective custody pursuant to Louisiana Revised Statute § 28:53. Record Document 38-16 at 9. Louisiana Revised Statute §

---

[8] To be clear, Mr. Terrell *could* have been screaming, shouting, or causing a disturbance before Allgrunn arrived on the scene, but this is not relevant to this Court's probable cause analysis. The germane facts are the ones that Allgrunn knew about at the time and those which informed his actions.

23-30723.1763

Case: 23-30723   Document: 19   Page: 38   Date Filed: 12/28/2023

28:53(A)(1) states that "[a] person who has a mental illness or a person who is suffering from a substance-related or addictive disorder may be admitted and detained at a treatment facility for observation, diagnosis, and treatment for a period not to exceed fifteen days under an emergency certificate." Plaintiffs contend that Defendants' protective custody argument is "completely inconsistent with Defendants' many admissions that they had actually arrested Mr. Terrell, and not placed him into protective custody." Record Document 64 at 8. In support of their argument, Plaintiffs submit that Allgrunn never informed the Terrells, the emergency responders, Banta, Henderson, or DPSO that he was taking Mr. Terrell into protective custody, nor did he "document or otherwise mention taking Mr. Terrell into protective custody in the Arrest Report or the Incident Report he authored." *Id.* at 9.

The Court agrees. Even if Allgrunn had probable cause to take Mr. Terrell into protective custody because he was experiencing a mental health crisis, his statements and actions are inconsistent with this post-hoc justification. Defendants cannot simply assert a list of violations for which, with the benefit of hindsight, a reasonable officer *could* have had probable cause to arrest Mr. Terrell; instead, they must instead demonstrate that Allgrunn believed that he *actually* had probable cause to take Mr. Terrell into protective custody based on the facts known to him at the time. Defendants have failed to meet their burden. Plaintiffs' unlawful arrest claim as it relates to Mr. Terrell survives summary judgment.

b. Arrest of Mrs. Terrell

Both parties seek summary judgment relating to Mrs. Terrell's unlawful arrest claim. *See* Record Documents 38-16 at 11 and 50-1 at 18. Defendants contend that Allgrunn had probable cause to arrest Mrs. Terrell for "Interfering with a Law Enforcement Investigation," pursuant to Louisiana Revised Statute § 14:329(A), and "Obstructing a Fireman," pursuant to Louisiana

14

Revised Statute § 14:327(A).[9] "Interfering with a Law Enforcement Investigation" is defined as "the intentional interference or obstruction of a law enforcement officer conducting investigative work at the scene of a crime or the scene of an accident by refusing to move or leave the immediate scene of the crime . . . when ordered to do so by a law enforcement officer." La. R.S. § 14:329(A). "Obstructing a Fireman," which includes emergency medical services in the definition, is defined as "intentionally hindering, delaying, hampering, interfering with, or impeding the progress of any regularly employed member of a fire department . . . while in the performance of his official duties." La. R.S. § 14:327(A). Defendants argue that Mrs. Terrell "repeatedly" interfered with Allgrunn's criminal investigation and the emergency responders' medical evaluation of Mr. Terrell and refused to back away, even after multiple commands to do so. Record Document 38-16 at 11.

In their motion for partial summary judgment, Plaintiffs contend that Mrs. Terrell was not arrested for interfering with Allgrunn's investigation, but instead "in retaliation for exercising her First Amendment rights."[10] Record Documents 50-1 at 21 and 64 at 10. First, Plaintiffs argue that Allgrunn's incident report does not mention that she interfered with Mr. Terrell's arrest. Record Document 64 at 11. Instead, the report states that Mrs. Terrell "continued to yell at me[,] calling me names[,] stating she did not want the police[,] and videotaping me on her phone. I advised [Mrs. Terrell] several times to step back during the arrest of [Mr. Terrell], but she continued to refuse[,] calling in on 911 to make a complaint." Record Document 38-14 at 4. Furthermore,

---

[9] Defendants also aver that Allgrunn had probable cause to arrest Mrs. Terrell for "Simple Obstruction of a Highway" and "Obstructing Public Passage," pursuant to Louisiana Revised Statutes § 14:97 and § 14:100.1, respectively. Record Document 38-16 at 15. Defendants fail to provide any legal argument in support of these assertions. These are legal conclusions which the Court is not obligated to accept, and there is no factual basis for them in the record. Furthermore, as previously articulated, Defendants cannot simply list all potential crimes for which Mrs. Terrell could have, retrospectively, been arrested.

[10] The Court will address the First Amendment retaliation claims in a later section.

Plaintiffs argue that "mere refusal to step out of the way is not sufficient to establish probable cause for interference." Record Document 64 at 11 (internal quotation marks omitted). As to the obstruction allegation, Plaintiffs contend that Mrs. Terrell did not obstruct the emergency responders as they evaluated Mr. Terrell. Record Documents 50-1 at 21 and 64 at 12. Plaintiffs argue that Defendants cannot prove that Mrs. Terrell ignored the requests for her to move away from the medics. Record Document 64 at 12.

The Court finds that neither party has met its burden at summary judgment because genuine issues of fact remain as to the probable cause inquiry for Mrs. Terrell's arrest, including: whether Mrs. Terrell was standing too close to the medics as they evaluated Mr. Terrell; whether Mrs. Terrell was standing too close to Allgrunn while he was arresting Mr. Terrell; whether freezing or hesitating for six seconds amounts to a refusal to move; and whether Mrs. Terrell interfered with Allgrunn and the emergency responders by acting or speaking in an offensive manner. These factual questions are critical to a probable cause analysis. Because these factual issues exist, Plaintiffs' claim survives summary judgment.[11]

---

[11] The Court also notes that while other courts in this district have found that refusing to move and/or cursing at an officer may lead to an arrest pursuant to Louisiana Revised Statute § 14:329, *see DeRamus v. City of Alexandria*, No. 14-CV-3222, 2016 WL 285150, at *3 (W.D. La. Jan. 21, 2016); *Stringfellow v. City of Ruston*, No. 16-CV-0756, 2017 WL 3202830, at *16 (W.D. La. July 26, 2017); *Roten v. City of Minden*, No. 16-CV-0381, 2017 WL 1398655, at *5 (W.D. La. Apr. 18, 2017), most Louisiana cases in which this statute is invoked take place in the context of rioting. In addition, the Court was only able to identify a single case where a court found that an officer had the requisite probable cause to effectuate an arrest pursuant to Louisiana Revised Statute § 14:327. In that case, the court found that officers had probable cause to arrest an individual pursuant to Louisiana Revised Statute §14:327 after blocking first responders from accessing an active fire. *Anderson v. Louisiana*, No. 10-CV-1448, 2011 WL 3664859, at *10 n.8 (W.D. La. July 11, 2011), *report and recommendation adopted*, 2011 WL 3665003 (W.D. La Aug. 18, 2011).

16

c. Qualified Immunity

Defendants assert qualified immunity against the Terrells' unlawful arrest claims. Record Document 38-16 at 12-15. As set forth above, there are material disputes of fact concerning the unlawful arrest claims. These material disputes of fact impact the first prong of the qualified immunity analysis, which requires that a violation of Plaintiffs' constitutional rights be established. *See Saucier*, 533 U.S. at 201.

The Court now turns to the second prong of the qualified immunity analysis, where it must determine whether the officer's actions were objectively reasonable in light of clearly established law at the time of the alleged misconduct. *Id.* "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft*, 563 U.S. at 743. Fifth Circuit precedent is clear that the Fourth Amendment strictly prohibits an officer from arresting an individual without probable cause. *See Deville*, 567 F.3d at 166 ("[t]here is no doubt that it was clearly established in August 2005 that '[a]n arrest is unlawful unless it is supported by probable cause'") (citing *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004); *Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir. 1994)). Thus, in unlawful arrest cases, "[a]n officer's conduct is objectively reasonable 'if a reasonable person in their position could have believed he had probable cause to arrest.'" *Deville*, 567 F.3d at 166 (quoting *Goodson*, 202 F.3d at 740).

Plaintiffs rely upon the Fifth Circuit's holding in *Deville* in support of their assertion that the second prong of qualified immunity cannot be established. Record Document 64 at 30 n.200.[12]

---

[12] Plaintiffs cite to two other cases that are not relevant to the foregoing analysis. First, Plaintiffs cite to *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008), which pertains to an officer's assertion of qualified immunity from claims of excessive force. In Plaintiffs' second case, *Massey v. Wharton*, 477 F. App'x 256, 263 (5th Cir. 2012), the Fifth Circuit does not address the second prong of qualified immunity, upon which the foregoing analysis is focused.

23-30723.1767

In *Deville*, a woman alleged that her Fourth Amendment protections were violated after she was unlawfully arrested for speeding, failing to sign the speeding ticket, and resisting arrest. 567 F.3d at 161-63. In that case, the district court granted the officer qualified immunity, which the Fifth Circuit reversed because it determined that the district court had erred in finding that there were no genuine disputes of fact pertaining to whether a constitutional right was violated—the first prong. *Id.* at 163, 165-167. Specifically, the Fifth Circuit held that a reasonable jury could find that the officer lacked probable cause to arrest Deville, who provided sworn testimony that she was not speeding and evidence that the officer had falsified other charges. *Id.* at 165-167. The Fifth Circuit found that these disputes of fact directly impacted the second prong of the qualified immunity analysis. *Id.*

In this case, Plaintiffs have provided sufficient summary judgment evidence to call into question whether Allgrunn *actually* believed that Mr. Terrell was disturbing the peace, that Mrs. Terrell was obstructing his investigation, or that Mrs. Terrell was impeding the responders' medical evaluation. Certainly, as the Court has already expressed, there is no evidence that Allgrunn was taking Mr. Terrell into protective custody. Considering the evidence in the record and consistent with the Fifth Circuit's holding in *Deville*, the Court finds that a reasonable jury could determine that Allgrunn lacked probable cause to arrest the Terrells. Defendants failed to present any evidence, cite to any cases, or present any legal arguments why the Court should not apply the Fifth Circuit's ruling in *Deville* to the present case. As such, the Court finds that Defendants are not entitled to qualified immunity at this stage of litigation. If a jury were to find that Allgrunn lacked probable cause to arrest the Terrells, then Fifth Circuit precedent establishes that he would have had fair notice that his actions would not be immune from suit.

Accordingly, Plaintiffs' unlawful arrest claims survive summary judgment. Both parties' motions are **DENIED**.

### 2. *Excessive Force*

Both parties seek summary judgment on Plaintiffs' excessive force claims. In their complaint, Plaintiffs contend that Allgrunn employed excessive force during their arrest in violation of their Fourteenth Amendment rights. Record Document 19 at 21. Though styled as a Fourteenth Amendment claim, Plaintiffs' claims should actually be analyzed under the Fourth Amendment because "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham*, 490 U.S. at 395. Both parties agree that the alleged excessive force occurred while the Terrells were "seized" by Allgrunn. *See* Record Document 19 at ¶¶ 97, 98. Accordingly, the Court will proceed with its analysis of Plaintiffs' excessive force claims using a Fourth Amendment framework.

The Fourth Amendment provides the "right to be free from excessive force during a seizure." *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017) (quoting *Poole*, 691 F.3d at 627). The Fourth Amendment applies to state actors by virtue of the Fourteenth Amendment. *See Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020). To prevail on an excessive force claim and thereby establish a constitutional violation, Plaintiffs must show "(1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009) (quoting *Freeman*, 483 F.3d at 416). Because reasonableness is the "ultimate touchstone" of the Fourth Amendment, *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006),

23-30723.1769

excessiveness turns upon whether the degree of force used was reasonable in light of the totality of the circumstances facing the officer, *Graham*, 490 U.S. at 396. Relevant factors—known as the *Graham* factors—include the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

When deciding whether to use force, officers must determine "not only the need for force, but also 'the relationship between the need and the amount of force used.'" *Deville*, 567 F.3d at 167 (quoting *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999)). The reasonableness of the officer's conduct cannot be judged with the benefit of 20/20 hindsight, but rather must be assessed from the viewpoint of a reasonable officer on the scene at that very moment. *See Graham*, 490 U.S. at 396. Indeed,

> [n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers . . . violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*Id.* at 396-97 (internal citations and quotation marks omitted). "Excessive force claims are [thus] necessarily fact-intensive and depend[] on the facts and circumstances of each particular case." *Poole*, 691 F.3d at 627-28 (internal citations and marks omitted). The facts must be judged objectively "without regard to [the officer's] underlying intent or motivation." *Graham*, 490 U.S. at 397. As such, an officer's ill will or evil intentions are not determinative. *Id.*

a.   Mr. Terrell's Excessive Force Claim

Both parties seek summary judgment on Mr. Terrell's excessive force claim. In their motion for summary judgment, Defendants argue that the force employed against Mr. Terrell was reasonable given the underlying circumstances of his arrest. Record Document 38-16 at 16.

Case: 23-30723      Document: 19      Page: 44      Date Filed: 12/28/2023

Case: 23-30723   Document: 19   Page: 45   Date Filed: 12/28/2023

Specifically, Defendants contend that "[t]he situation was unstable with an erratic and physically hostile drunk . . . Terrell quickly moved from open defiance to active hostility, physical resistance, and assaulting the deputy. Allgrunn was forced to make split-second judgments . . . about the amount of force that was necessary." *Id.* (quoting *Graham*, 490 U.S. at 396-97) (internal quotation marks omitted). In their motion for summary judgment, Plaintiffs argue that Allgrunn, who caused Mr. Terrell to suffer from "blunt trauma to the mouth and lips," employed force that was objectively unreasonable. Record Document 50-1 at 28 and 30. As Defendants admit, Allgrunn punched Mr. Terrell, which resulted in a lip laceration. *See* Record Document 38-16 at 19; Ex. 6-DEF 176 at 11:35 (which shows Mr. Terrell with a bloodied face after Allgrunn picked him off the ground); *see also id.* at 8:12-:24 (where Allgrunn tells the emergency responders that he punched Mr. Terrell, causing him to bleed); Record Document 38-9 at 8 (emergency room documentation that indicates Mr. Terrell refused treatment for lip lacerations). The analysis turns on whether the force was excessive and unreasonable. Applying the *Graham* factors to the facts in this case, the Court finds that neither party's motion for summary judgment can be granted.

The first *Graham* factor (the severity of the crime), weighs in favor of Mr. Terrell. As a reminder, Allgrunn contends that Mr. Terrell was disturbing the peace. Record Document 38-16 at 8. If it is determined that Mr. Terrell was not disturbing the peace, then the first *Graham* factor weighs heavily in his favor. *See Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 332-336 (5th Cir. 2020) (affirming the district court's finding that the first *Graham* factor weighed in favor of the plaintiff because he had not committed any crime). Assuming arguendo that Mr. Terrell was, in fact, disturbing the peace, the Court nonetheless finds that this *Graham* factor favors Mr. Terrell because the crime is on the mild side of the severity spectrum. *See Jones v. Gammage*, No. 20-CV-220, 2023 WL 1453154, at *12 (N.D. Miss. Feb. 1, 2023) (finding that the

21

first *Graham* factor weighed in favor of a plaintiff who was "likely" guilty of trespassing and disturbing the peace because the crimes "fall on the lower end of the scale of severity."). In short, the first *Graham* factor favors Mr. Terrell.

As to the second *Graham* factor (whether Mr. Terrell posed an immediate safety threat), Mr. Terrell's behavior did not become "erratic" or violent until Allgrunn struck him in the face. The video does not show that Mr. Terrell possessed a weapon, nor do any of the police or incident reports suggest that he was armed. Mr. Terrell did not verbally threaten Allgrunn, his wife, or his neighbors, and his actions did not suggest he intended to physically harm someone: he did not wind up to throw a punch or appear to be clenching his fists; he did not charge or run at the officer, his wife, or the neighbors; he did not gesticulate wildly or frantically; and he did not invade the personal space of another. Although Allgrunn claims that the situation was erratic, he does not articulate why he felt that Mr. Terrell was acting hostile towards him or how Mr. Terrell threatened his physical safety. In short, Defendants failed to present any evidence that would indicate that Mr. Terrell was dangerous and posed an immediate threat to Allgrunn, Mrs. Terrell, or any of the off-camera neighbors. The second *Graham* factor also favors Mr. Terrell.

Turning to the third *Graham* factor (whether Mr. Terrell tried to resist arrest or flee), there is no evidence that Mr. Terrell attempted to flee the scene. Although Mr. Terrell started to walk away from Allgrunn, he only walked for a few feet and returned upon Allgrunn's command. He was also walking slowly and had only made it a few feet before walking to Allgrunn's vehicle when instructed. However, because Mr. Terrell was jittery, could not stand still, and attempted to look back at Allgrunn on two occasions, a fact finder may determine that Mr. Terrell was resisting arrest. Furthermore, the Court is not able to see whether, when on the ground, Mr. Terrell was

22

resisting arrest and, if so, to what extent. As a result, the Court cannot determine in whose favor the third *Graham* factor weighs.

In summary, the Court finds that the first and second *Graham* factors favor Mr. Terrell; however, there are genuine disputes of fact pertaining to the third *Graham* factor—whether Mr. Terrell was actively resisting arrest while on the ground—that are central to an excessive force finding. For these reasons, the cross-motions for summary judgment are **DENIED** as to this issue. As such, Mr. Terrell's excessive force claim must survive summary judgment.

b.  Mrs. Terrell's Excessive Force Claim

Both parties seek summary judgment on Mrs. Terrell's excessive force claim; however, the Court finds that both parties have failed to meet their summary judgment burden. In Plaintiffs' complaint, Mrs. Terrell alleges that Allgrunn employed excessive force by putting her into a headlock and forcefully trying to push her into his car while confiscating her cell phone. In Defendants' motion for summary judgment, they claim that Mrs. Terrell "did not suffer any physical injury" and that the force used against her was not excessive. Record Document 38-16 at 19. In Plaintiffs' motion for summary judgment, Mrs. Terrell claims that the excessive force used against her resulted in emotional injuries, *see* Record Document 50-1 at 11-12, 28-29, an assertion that Defendants do not address.

"Psychological injuries" including PTSD "may sustain a Fourth Amendment claim" of excessive force. *Flores*, 381 F.3d at 398 (citing *Dunn v. Denk*, 79 F.3d 401, 402 (5th Cir. 1996) (en banc)). Mrs. Terrell claims that she suffered from post-traumatic stress disorder ("PTSD") and depression after her interaction with Allgrunn. In support of this assertion, Plaintiffs filed a letter from Amy Bienvenu ("Bienvenu"), a Licensed Clinical Social Worker and Board-Approved Clinical Supervisor ("LCSW-BACS") from whom Mrs. Terrell sought treatment. *See* Record

23

Document 50-16 at 2.[13] In the letter, Bienvenu states that in October 2020, Mrs. Terrell sought treatment for "her experience involving police brutality" which caused Mrs. Terrell to experience "embarrassment, depressed mood[,] and shame." *Id.* Bienvenu claims that Mrs. Terrell suffered from Major Depressive Disorder and took anti-depressant medication to help her cope with her symptoms. *Id.* Whether the evidence supports a finding that Mrs. Terrell's psychological injuries were caused by Allgrunn's allegedly excessive force is a determination to be made by the fact finder; however, at summary judgment, Bienvenu's letter sufficiently demonstrates that there are disputes of fact pertaining to Mrs. Terrell's alleged injury and causation—the first two elements of the excessive force analysis.

The Court finds that there are also disputes of fact regarding the third element of the excessive force analysis—whether Allgrunn's use of force was excessive and unreasonable. Applying the *Graham* factors to the facts surrounding Mrs. Terrell's arrest, the Court finds that her claim survives summary judgment.

As the Court has already mentioned, the first *Graham* factor looks to the severity of the crime committed. The Court finds that the first *Graham* factor favors Mrs. Terrell regardless of whether she actually obstructed the emergency responders or interfered with Mr. Terrell's arrest because those crimes—though not insignificant—are not severe.

The second *Graham* factor—whether Mrs. Terrell posed a safety or security risk— also weighs in Mrs. Terrell's favor: she never verbally threatened Allgrunn or the emergency

---

[13] Defendants object to the admission of Bienvenu's letter because they argue that it contains inadmissible hearsay. Record Document 71 at 12. They also contend that the document cannot be authenticated. *Id.* Plaintiffs aver that this letter was drafted by Bienvenu in response to a subpoena request by Defendants. Record Document 82 at 17-18. They further aver that the letter is not admitted for the truth of the matter asserted, but rather, to provide a summary of the care Mrs. Terrell received from Bienvenu. Considering this context and that Defendants fail to enunciate why the authenticity of this document should be called into question, Defendants' objection is **OVERRULED**.

responders, she did not charge or attack Allgrunn or the emergency responders, and she did not offensively or intimidatingly gesticulate at Allgrunn or the emergency responders.

However, there are genuine disputes of fact pertaining to the third *Graham* factor—whether Mrs. Terrell was attempting to flee or resist arrest. Mrs. Terrell did not attempt to flee the scene. However, the six seconds in which she refused to move when Allgrunn attempted to place her in his vehicle, Ex. 6-DEF 176 at 11:56-12:02, and the incident where Allgrunn attempted to confiscate the cell phone, Ex. 6-DEF 177 at 12:06-12:42, are actions where a fact finder *might* determine that Mrs. Terrell was resisting, and further, that that resistance warranted Allgrunn's actions. As such, the Court cannot determine in whose favor the third *Graham* factor weighs. In summary, there are genuine factual questions pertaining to the use of force employed against Mrs. Terrell such that Plaintiffs' excessive force claims survive summary judgment.

### c.   Qualified Immunity

The Court finds that at this stage of the proceedings, Allgrunn is not entitled to qualified immunity with respect to Plaintiffs' excessive force claims. It has been clearly established that "violently slam[ming] an arrestee who is not actively resisting arrest" is a constitutional violation. *Darden*, 880 F.3d at 731 (citing *Ramirez v. Martinez*, 716 F.3d 369, 377-78 (5th Cir. 2013)); *see Hanks v. Rogers*, 853 F.3d 738, 747 (5th Cir. 2017) (holding that, as of 2013, the law was clearly established that "an officer violates the Fourth Amendment if he abruptly resorts to overwhelming physical force rather than continuing verbal negotiations with an individual who poses no immediate threat or flight risk, who engages in, at most, passive resistance, and whom the officer stopped for a minor traffic violation"). Passive resistance does not allow an officer to deploy violent force. *Deville*, 567 F.3d at 167-68 (denying qualified immunity after officer stopped a

Case: 23-30723      Document: 19      Page: 49      Date Filed: 12/28/2023

23-30723.1775

Case: 23-30723   Document: 19   Page: 50   Date Filed: 12/28/2023

woman for a minor traffic violation and, when met with passive resistance at most, proceeded to pull her out of the car and slam her against the vehicle).

At summary judgment, Plaintiffs have met their burden in rebutting Defendants' assertion of qualified immunity. Though the Court did not locate any authority with facts identical to the case before it, the Fifth Circuit has made it clear that it is unreasonable to use force against an individual who is not actively resisting arrest, who is not fleeing or attempting to flee, and who does not pose an immediate safety threat against himself, the officer, or others. *See Darden*, 880 F.3d at 731 (holding that a jury that concludes that an individual was not actively resisting arrest could similarly find that an officer used excessive force by throwing the individual to the ground and tasing him); *Joseph*, 981 F.3d at 342 ("Officers engage in excessive force when they physically strike a suspect who is not resisting arrest."); *Sam v. Richard*, 887 F.3d 710, 714 (5th Cir. 2018) (holding that "pushing, kneeing, and slapping a suspect who is neither fleeing nor resisting is excessive."). The Court has already highlighted some of the outstanding factual disputes as they relate to this issue. The video and underlying evidence are clear that neither Mr. Terrell nor Mrs. Terrell were attempting to flee the scene. However, there are still outstanding questions as to whether a reasonable officer would have believed that the Terrells were a safety risk such that the use of force was justifiable or that the Terrells were resisting arrest (and if so, whether that resistance was active or passive). Therefore, Allgrunn is not entitled to qualified immunity at this stage of the proceedings.

Plaintiffs' motion for partial summary judgment [Record Document 50] and Defendants' motion for summary judgment [Record Documents 38 and 47] are **DENIED**. Plaintiffs' excessive force claims survive summary judgment.

3.   *Malicious Prosecution*

In their complaint, Plaintiffs raise a standalone Fourth Amendment federal malicious prosecution claim against Allgrunn, Banta, and Henderson. *See* Record Document 19 at 22. Defendants seek summary judgment on this claim; Plaintiffs do not. The Court previously dismissed Plaintiffs' standalone federal malicious prosecution claims, Record Document 36 at 4-5, but reversed its decision following a change in the law, *see* Record Document 54 at 3. The Court will briefly explain the changes to the legal landscape as it pertains to a federal claim of malicious prosecution.

A standalone Fourth Amendment malicious prosecution claim was only recently recognized by the Supreme Court in *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). "The gravamen of the Fourth Amendment claim for malicious prosecution, as this Court has recognized it, is the wrongful initiation of charges without probable cause." *Id.* The *Thompson* Court adopted the common law elements for a malicious prosecution tort, which are:

(i)     [T]he suit or proceeding was instituted without any probable cause;
(ii)    [T]he motive in instituting the suit was malicious, which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and
(iii)   [T]he prosecution terminated in the acquittal or discharge of the accused.

*Id.* at 1338 (quoting Thomas Cooley, *Law of Torts* 181 (1880)) (internal quotation marks omitted). The Court declined to address "whether a plaintiff bringing a Fourth Amendment claim under § 1983 for malicious prosecution must establish malice (or some other *mens rea*) in addition to the absence of probable cause." *Id.* at 1338 n.3.

The Fifth Circuit had previously recognized the tort of malicious prosecution in *Gordy v. Burns*, 294 F.3d 722, 725 (5th Cir. 2002), before its decision was abrogated by *Castellano v. Fragozo*, 352 F.3d 939, 954 (5th Cir. 2003) (en banc). After the Supreme Court's decision in *Thompson*, the Fifth Circuit readopted the six *Gordy* elements required to succeed on a

27

constitutional malicious prosecution claim. *See Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023). These six elements are coextensive with the elements of the Louisiana state law tort of malicious prosecution. *Gordy*, 294 F.3d at 725. The elements are:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

*Armstrong*, 60 F.4th at 279 (citing *Gordy*, 294 F.3d at 727). "Malice may be inferred from the lack of probable cause or inferred from a finding that the defendant acted in reckless disregard of the other person's rights." *Miller v. E. Baton Rouge Par. Sheriff's Dep't*, No. 86-C-1696 (La. 7/28/87); 511 So. 2d 446, 453 (citations omitted). Under Louisiana law, an individual does not have to prove that he or she is innocent of the crime to succeed on a Fourth Amendment malicious prosecution claim. *Armstrong*, 60 F.4th at 279 n.14.

Defendants' sole argument in support of their motion for summary judgment—which was filed before the Court reversed its decision as to the malicious prosecution claim—was that the Court had already dismissed the claim, and "[m]oreover, the existence of probable cause and qualified immunity preclude this claim." Record Document 38-16 at 22. Defendants filed the instant motion prior to the *Thompson* opinion and did not seek to revise their motion, even in the wake of *Thompson*. Based on the *Thompson* decision and for the other reasons set forth above, Defendants' motion for summary judgment is **DENIED** with respect to Plaintiffs' federal malicious prosecution claim.[14]

---

[14] Plaintiffs also bring a malicious prosecution claim against Defendants under Louisiana state law. Record Document 19 at 34-35. As the Court has already mentioned, the elements of a federal malicious prosecution claim are coextensive with the elements of the Louisiana state law tort of malicious prosecution. *Gordy*, 294 F.3d at 725. For the same reasons that Plaintiffs' federal malicious prosecution claim survives summary judgment, Defendants' motion is **DENIED** with respect to Plaintiffs' state malicious prosecution claim.

28

iv.   First Amendment Retaliation

In their complaint, Plaintiffs claim that Allgrunn, Banta, and Henderson violated their First and Fourteenth Amendment rights when the deputies unlawfully arrested the Terrells for exercising their right to free speech and "expressive activities." Record Document 19 at ¶ 119. Both parties seek summary judgment on Plaintiffs' First and Fourteenth Amendment claim.

"As a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (internal quotation marks omitted). A plaintiff can bring a First Amendment claim against an official if that individual "takes adverse action against someone based on that forbidden motive." *Id.* (citing *Hartman*, 547 U.S. at 256). In the case of retaliatory arrest, a plaintiff must "plead and prove the absence of probable cause for the underlying criminal charge." *Id.* at 1723 (citing *Hartman*, 547 U.S. at 255-56).

The Court has already ruled that there are factual disputes pertaining to probable cause. Because the absence of probable cause is a necessary element to a retaliatory arrest claim, the Court ends its analysis here.[15] Plaintiffs' First Amendment retaliation claim survives summary judgment. Accordingly, both parties' motions for summary judgment are **DENIED** on Plaintiffs' First Amendment retaliation claims.

---

[15] The extent of Defendants' argument in support of summary judgment is that Plaintiffs' First Amendment retaliation claims should fail because Allgrunn had probable cause to arrest them. Furthermore, "[t]o the extent [P]laintiffs' First Amendment claims are allegedly based upon the use of force, such claims are barred. All excessive force claims must be evaluated under the Fourth Amendment, not some other standard. There is no evidence of excessive force, and qualified immunity applies." Record Document 38-16 at 22 (internal citations omitted). The Court cannot craft Defendants' arguments for them and will not speculate as to what their arguments would be in support of qualified immunity.

23-30723.1779

v.  <u>Municipal Liability</u>

In their complaint, Plaintiffs raise municipal liability claims against Sheriff Richardson in his individual and official capacities, alleging that he adopted a series of unconstitutional customs and policies that promote the use of excessive force. Record Document 19 at ¶¶ 138-144. Plaintiffs also claim that Sheriff Richardson failed to train and supervise his deputies on various topics relating to the use of force. Both parties seek summary judgment on Plaintiffs' municipal liability claims. *See* Record Documents 38-16 at 21 and 50-1 at 33-35.

As previously mentioned, Section 1983 provides a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States against any person acting under color of state law. 42 U.S.C. § 1983. The Supreme Court has held that municipalities are "persons" within the meaning of Section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In the Fifth Circuit, a suit against a sheriff in his official capacity for the tortious actions of his employees is a suit against the municipality. *Burge v. Par. of St. Tammany*, 187 F.3d 452, 469-70 (5th Cir. 1999); *see also Pudas v. St. Tammany Par., La.*, No. 18-CV-10052, 2019 WL 2410939, at *3 (E.D. La. June 7, 2019). However, "a municipality cannot be held liable *solely* because it employs a [constitutional] tortfeasor." *Monell*, 436 U.S. at 691. A municipality is liable under *Monell* when the execution of one of its customs or policies was responsible for the constitutional harm. *Id.* at 694.

To successfully prove municipal liability, a plaintiff must establish three elements: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001)) (internal marks omitted). An "official policy" can be evidenced

30

Case: 23-30723      Document: 19      Page: 55      Date Filed: 12/28/2023

through "duly promulgated policy statements, ordinances or regulations," or by a custom that is such a persistent and widespread practice that, although not officially promulgated, it fairly represents a municipal policy because it is "so common and well settled." *Webster v. City of Hous.*, 735 F.2d 838, 841-42 (5th Cir. 1984); *see also Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 168-69 (5th Cir. 2010). Requiring a plaintiff to identify an official policy ensures that municipalities will only be held liable for constitutional violations that result from the decisions of government officials whose acts can be fairly attributed to those of the municipality itself. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404-05 (1997).

The existence of an official policy or custom can be established in one of two ways. *Zarnow*, 614 F.3d at 169. "First, a plaintiff must prove either that a pattern of unconstitutional conduct may be shown on the part of municipal actors or employees. . . . Alternatively, it may be shown that a final policymaker took a single unconstitutional action." *Id.* (internal citations omitted). "A customary municipal policy cannot ordinarily be inferred from single constitutional violations." *Piotrowski*, 237 F.3d at 581; *see Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) ("To plausibly plead a practice so persistent and widespread as to practically have the force of law, . . . a plaintiff must do more than describe the incident that gave rise to his injury." (cleaned up)). "A pattern requires similarity, specificity, and sufficiently numerous prior incidents." *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 396 (5th Cir. 2017) (citing *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009)). "Prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005). The Court will analyze Plaintiffs' municipal liability claims below.

23-30723.1781

1. *Official Policy or Custom*

In their complaint, Plaintiffs allege that Sheriff Richardson has maintained a series of customs which have become *de facto* DPSO policies; these include a pattern of the use of excessive force by DPSO deputies, failing to investigate instances of excessive force, employing and retaining individuals with a propensity for "abusing authority and for using excessive force on suspects," and "inaction and an attitude of indifference towards increasing numbers of excessive use of police force . . . by failing to . . . investigate, terminate, and recommend officers for criminal prosecution who participate in excessive use of police force." Record Document 19 at ¶¶ 142-43. In their motion for summary judgment, Defendants argue that Plaintiffs' allegations are overly conclusory to sufficiently state a claim, that Plaintiffs have insufficiently identified and have not presented evidence to prove that an unconstitutional policy or custom exists, and that municipal liability cannot be premised upon a theory of respondeat superior. Record Document 38-16 at 21-22. Conversely, in motion for summary judgment, Plaintiffs contend that they have established their failure to train and supervise claim and discuss evidence of seven additional instances between 2018 and 2020 where individuals alleged that DPSO deputies—including Allgrunn—used excessive force. *See* Record Document 50-1 at 35-36 (*See* also Record Document 19 at ¶¶ 64, 66-70, 72).[16]

---

[16] Plaintiffs filed various complaints and responses to interrogatories as exhibits to their motion, providing evidence of this assertion. Defendants object to the admission of these complaints and interrogatories as inadmissible hearsay, claiming that "[a]nyone can write down something on a sheet of paper and file it in court; thus, these complaints have zero evidentiary value." Record Document 71 at 16. Plaintiffs argue that they are not offering those pleadings for the truth of the matter asserted, but instead, to prove that Sheriff Richardson knew of multiple instances in which individuals have alleged that his deputies violated their constitutional rights. Record Document 82 at 18. Defendants' objections are **OVERRULED**. Defendants maintain the right to reurge the issue at trial.

Case: 23-30723      Document: 19      Page: 56      Date Filed: 12/28/2023

The Court **DEFERS** ruling on this municipal liability claim to permit additional briefing by the parties. As it currently stands, neither party has satisfactorily addressed the requirements of similarity, specificity, and numerosity. *See Davidson*, 848 F.3d at 396. As such, the parties are **ORDERED** to file additional briefing <u>solely on this issue</u> by **5:00 p.m. on November 1, 2023**. The parties should discuss how the seven additional complaints referenced by Plaintiffs are/are not similar to the complaints raised by the Terrells and why/why not those complaints are sufficiently numerous to establish a pattern. The parties are also encouraged to provide contextual information about the DPSO—such as the number of deputies it employs, the number of complaints made against each deputy per year, the number of individuals its employees interact with each year, or the number of citizens it serves—that they believe would support their argument that a specific pattern of conduct does/does not exist. In support of their arguments and assertions, the parties should reference and analogize or distinguish Fifth Circuit precedent.

While additional evidence is welcome, the Court cautions against filing voluminous records and reminds the parties that it will only review those pages specifically referenced. In sum, the Court is seeking evidence, legal argument, and analysis. The Court will not permit the filing of response or reply briefs.

## 2.  *Failure to Supervise and Train*

In their complaint, Plaintiffs claim that Sheriff Richardson failed to adequately train deputies on the use of force, intervening against other officers employing excessive force, and detaining and employing force on individuals with mental illness. Record Document 19 at ¶ 142. Both parties seek summary judgment on this issue. In their motion, Defendants raise the same argument here as they do regarding Sheriff Richardson's adoption or promulgation of an official policy or custom—namely, that Plaintiffs cannot meet their burden at summary judgment. Record

Case: 23-30723   Document: 19   Page: 57   Date Filed: 12/28/2023

23-30723.1783

Case: 23-30723   Document: 19   Page: 58   Date Filed: 12/28/2023

Document 38-16 at 221. Plaintiffs contend that they have proven their failure to supervise and train claim.

Failure to train and supervise claims are types of *Monell* claims. *See Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021). "The failure to train can amount to a policy if there is deliberate indifference to an obvious need for training where citizens are likely to lose their constitutional rights on account of novices in law enforcement." *Id.* (quoting *Peterson*, 588 F.3d at 849) (internal quotation marks omitted). To succeed in their claim, Plaintiffs must demonstrate the following: (1) inadequate training or supervision of the individuals involved; (2) the inadequate training or supervision caused a violation of the plaintiff's constitutional rights; and (3) the inadequate training and supervision constituted deliberate indifference of municipal policymakers to the plaintiff's constitutional rights. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). "[T]he focus must be on adequacy of the training program in relation to the tasks the particular officer must perform." *Shumpert v. City of Tupelo*, 905 F.3d 310, 317 (5th Cir. 2018). Deliberate indifference requires actual or constructive notice that a particular omission in a training program causes city employees to violate citizens' constitutional rights, yet the municipality nevertheless chooses to retain that program. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). As the Fifth Circuit has explained, the evidence must demonstrate more than "a mere 'but for' coupling of cause and effect. The deficiency in training must be the actual cause of the constitutional violation." *Shumpert*, 905 F.3d at 317. A pattern of similar constitutional violations by untrained and unsupervised employees is ordinarily necessary to demonstrate deliberate indifference. *Id.* "Without notice that a course of training is deficient in a particular respect, decision makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*

Plaintiffs cannot meet their burden at summary judgment in showing that Sheriff Richardson failed to adequately train or supervise his employees. First, Plaintiffs do not name a specific supervisory procedure or training program they believe Sheriff Richardson was required to provide, but did not. Instead, Plaintiffs list a series of topics in which they believe deputies *should* be trained. The Terrells also fail to provide evidence or legal arguments in support of their assertion that Sheriff Richardson is required to provide training or supervision in these topic areas, how Sheriff Richardson's current training programs or supervision procedures are deficient, or what training or supervisory standards he fails to comply with. Second, Plaintiffs are unable to provide any legal argument or evidence linking the alleged deficiencies in training and supervision to the alleged constitutional violations, or how these alleged deficiencies rise to the level of deliberate indifference. Accordingly, Plaintiffs' municipal liability claim as to Sheriff Richardson's alleged failure to train and supervise is **DISMISSED WITH PREJUDICE**. Defendants' motion is **GRANTED**, and Plaintiffs' motion is **DENIED**.

vi.  Failure to Intervene

Defendants seek summary judgment on Plaintiffs' failure to intervene claim. *See* Record Document 38-16 at 22. In their complaint, the Terrells argue that Banta and Henderson did not intervene or attempt to intervene to prevent Allgrunn's constitutional violations. Record Document 19 at ¶ 134. To succeed on a failure to intervene claim—commonly referred to as bystander liability—a party must prove that the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) is present at the scene of the constitutional violation; (3) has a reasonable opportunity to prevent the harm; and (4) chooses not to act." *Adams v. City of Shreveport*, 269 F. Supp. 3d 743, 757 (W.D. La. Aug. 28, 2017) (citing *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013)). Defendants provide a short paragraph in support of

23-30723.1785

their motion pertaining to the failure to intervene claim, attacking only the second element. *See* Record Document 38-16 at 22 and 23. Specifically, Defendants aver that Allgrunn "was the only officer at the scene during the relevant time frame. No other officer was present. There is no evidence that any officer had an opportunity to intervene and chose not to act." Record Document 38-16 at 23.

Plaintiffs argue that Defendants mischaracterize the relevant time period, and instead, Banta and Henderson could have prevented the Terrells' unlawful arrest at several instances throughout the evening but failed to do so. Record Document 64 at 34-35. The applicable scope of time and whether Banta or Henderson should have intervened within that time period is a determination for a fact finder to make. Considering this, and because the failure to intervene turns on a question of whether an unlawful arrest occurred in the first place—which the Court has already found survives summary judgment—Plaintiffs' failure to intervene claim survives summary judgment.[17]

### c. Louisiana State Law Claims

Plaintiffs alleged several Louisiana state law claims against Defendants: 1) violations of their rights under Article I, Sections 2, 4, and 7 of the Louisiana Constitution;[18] 2) intentional

---

[17] Plaintiffs' complaint indicates that they have also brought this cause of action against Sheriff Richardson; however, he was not named in this section of the complaint and Plaintiffs do not enunciate how Sheriff Richardson failed to intervene. Plaintiffs' failure to intervene claim against Sheriff Richardson is **DISMISSED**.

[18] Defendants seek summary judgment on Plaintiffs' claim that Defendants violated their rights under Article I, Sections 2, 4, and 7 of the Louisiana Constitution. Record Document 38-16 at 24. Specifically, Plaintiffs claim that Defendants violated their right to due process of law, La. Const. art. I §2 ("[n] o person shall be deprived of life, liberty, or property, except by due process of law"), the right to use and enjoy their property with protections that the state cannot take or damage it without just compensation, La. Const. art. I §4, and the right to freedom of expression, La. Const. art. I §7. *See* Record Document 19 at ¶¶ 147-149. Defendants argue that summary judgment should be granted for the same reasons and to the same extent as Plaintiffs' federal claims. *Id.* Plaintiffs do not seek summary judgment on these claims. This Court has already

infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and negligence; 3) false imprisonment; 4) false arrest; and 5) assault and battery.[19] Defendants seek summary judgment on all five claims, Record Document 38-16 at 24-25, while Plaintiffs only seek summary judgment on four of their state law claims—assault and battery, IIED/NIED and negligence, false imprisonment, and false arrest. Record Document 50-1 at 38-40.

Presently, the only claim that can be addressed by the Court in this ruling is the assault and battery claim. As to the other state law claims, the parties merely provide a very basic restatement of the elements of each claim and assert that those elements either can or cannot be established. They have provided no additional evidence, legal argument, or analysis in support of these conclusions. The Court declines to address the inadequately argued and briefed state law claims. Accordingly, Plaintiffs' state law claims for IIED/NIED and negligence, false imprisonment, and false arrest. The parties' motions for summary judgment as to those state law claims are **DENIED**. The Court will briefly turn to Plaintiffs' assault and battery claim below.

   i.   <u>Assault and Battery</u>

In Louisiana, "[a]ssault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery." La. R.S. § 14:36. "The elements of assault are: (1) the intent-to-scare mental element (general intent); (2) conduct by the defendant of the sort to arouse a reasonable apprehension of bodily harm; and (3) the resulting apprehension on the part of the victim." *State in Int. of Tatom*, No. 84-CA-477 (La. App. 5 Cir. 1/14/85); 463 So. 2d 35, 37. "Battery is the intentional use of force or violence upon the person of another . . . ." La. R.S. § 14:33. The Louisiana Supreme Court has held that the "use of force . . . contemplates the

---

found that all the applicable federal claims survive summary judgment. Accordingly, Defendants' motion for summary judgment on Plaintiffs' claims under the Louisiana Constitution is **DENIED**.
[19] The Court has already found that Plaintiffs' sixth state law claim—malicious prosecution—survives summary judgment. *See supra* note 14.

minimum force or violence upon the person necessary to commit the crime of battery and distinguishes the crime from an accidental or incidental touching. Moreover, the force constitutes the criminal act itself, rather than the means of overcoming the victim's will." *State v. Leblanc*, No. 86-K-2394 (La. 5/18/87); 506 So. 2d 1197, 1200 (internal quotation marks omitted). "Excessive force transforms ordinarily protected use of force into an actionable battery, rendering the defendant officer and his employer liable for damages." *Penn v. St. Tammany Par. Sheriff's Office*, No. 2002-CA-0893 (La. App. 1 Cir. 4/2/03); 843 So. 2d 1157, 1161 (citing *Ross v. Sheriff of Lafourche Par.*, No. 84-CA-1024 (La. App. 1 Cir. 11/19/85); 479 So. 2d 506, 511).

The parties' arguments regarding the issue of assault and battery center around the reasonableness and nature of the force employed by Allgrunn. *See* Record Documents 38-16 at 24-25 and 50-1 at 38-39. The Court has already found that there are factual disputes related to the use of force that Allgrunn employed against the Terrells. Accordingly, Plaintiffs' assault and battery claim survives summary judgment. Defendants' motions for summary judgment [Record Documents 38 and 47] and Plaintiffs' motion for partial summary judgment [Record Document 50] are **DENIED** as Plaintiffs' assault and battery claims.

### d.  Indemnification

Defendants seek summary judgment on Plaintiffs' request for indemnification and attorney's fees. Record Document 38-16 at 25. Defendants' entire argument on this issue is couched in a single sentence, "[a]gain, there is no underlying tort or constitutional violation that could serve as the basis for indemnification or attorney fees." *Id.* Because Defendants' briefing on this issue is wholly inadequate, Defendants' motion is **DENIED**.

Case: 23-30723   Document: 19   Page: 63   Date Filed: 12/28/2023

### III.    Plaintiffs' Motion to Strike

Plaintiffs filed a motion to strike evidence of Mr. Terrell's criminal history that Defendants relied upon or referenced in their motion for summary judgment. Record Document 58. Plaintiffs seek to strike paragraphs two and six in Defendants' Statement of Uncontested Facts, Record Document 38-17, a criminal record report on Mr. Terrell, Record Document 38-4, and a 2017 arrest and incident report for Mr. Terrell, Record Document 38-5. In their opposition, Defendants argue that the "extensive criminal history" is admissible with regards to Mr. Terrell's malicious prosecution claims and to address the existence and extent of the emotional damages that he allegedly suffered. Record Document 67 at 3 and 6. Defendants make only vague and non-specific references to these exhibits and paragraphs in their motion. Furthermore, Plaintiffs have sufficiently rebutted Defendants' arguments to the extent that Mr. Terrell's criminal history would even be relevant at this stage of litigation. Accordingly, Plaintiffs' motion to strike [Record Document 58] is **GRANTED**. The Court did not rely upon these exhibits in its ruling. Defendants must seek permission to use Mr. Terrell's prior convictions and criminal history at trial through the filing of a motion in limine.

### IV.    Conclusion

Based on the foregoing reasons, Defendants' motions for summary judgment [Record Documents 38 and 47] and Plaintiffs' motion for partial summary judgment [Record Document 50-1] are **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendants' motions for summary judgment [Record Documents 38 and 47] are **GRANTED** as to Plaintiffs' municipal liability claim regarding the failure to train and supervise and failure to intervene claim against Sheriff Richardson. Those causes of action are hereby **DISMISSED WITH PREJUDICE**. Defendants' motions for summary judgment [Record Documents 38 and 47] are **DENIED** for all

other claims. Plaintiffs' motion for partial summary judgment [Record Document 50] is also **DENIED**. The Court **DEFERRED** ruling on Plaintiffs' *Monell* claim relating to an official policy or custom. Plaintiffs' motion to strike evidence of Mr. Terrell's criminal history as referenced in Defendants' motions for summary judgment [Record Document 58] is **GRANTED**.

     **THUS DONE AND SIGNED** this 29th day of September, 2023.

                                  **ELIZABETH ERNY FOOTE**
                                    **UNITED STATES DISTRICT JUDGE**

Case No. 22-30723

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

Curtis Terrell; Angela Terrell,
*Plaintiffs-Appellees*,

v.

Jason Allgrunn; Michael Banta; Jeffery Henderson, Jr.,
*Defendant-Appellant*.

On Appeal from the U.S. District Court for the Western District of Louisiana, Civil
Action No. 5:20-cv-00999
_____

### RECORD EXCERPTS OF DEFENDANTS-APPELLANTS
_____

**TAB NO. 4**

Case No. 22-30723

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**
_____

Curtis Terrell; Angela Terrell,
*Plaintiffs-Appellees*,

v.

Jason Allgrunn; Michael Banta; Jeffery Henderson, Jr.,
*Defendant-Appellant*.

On Appeal from the U.S. District Court for the Western District of Louisiana, Civil
Action No. 5:20-cv-00999
_____

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 28<u>th</u> day of December, 2023, I caused the foregoing Record Excerpts to be served on plaintiffs, Curtis Terrell and Angela Terrell, through the Court's CM/ECF system pursuant to Fifth Circuit Rules 25.2 and 25.2.5.

*/s/ James Ashby Davis*

ATTORNEYS FOR DEFENDANTS-APPELLANTS