No.  23-30723


**IN THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT**


**Curtis Terrell; Angela Terrell,
PLAINTIFFS–APPELLEES,
v.**

**Jason Allgrunn; Michael Banta; Jeffery Henderson, Jr.,
DEFENDANTS–APPELLANTS.**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
Civil Action No.  5:20-cv-00999**


**RESPONSE BRIEF OF THE PLAINTIFFS–APPELLEES**

Casey Rose Denson, Esq.
CASEY DENSON LAW, LLC
8131 Oak Street, Suite 100
New Orleans, LA 70118
(504) 224-0110
cdenson@caseydensonlaw.com

*Counsel For Plaintiffs-Appellees*

## CERTIFICATE OF INTERESTED PERSONS

Curtis Terrell; Angela Terrell,
         Plaintiffs-Appellees,

v.                                                    No. 23-30723

Jason Allgrunn; Michael Banta; Jeffery Henderson, Jr.,
         Defendants-Appellants.

The undersigned counsel of record certifies that the following listed persons as described in the fourth sentence of 5th Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Curtis Terrell (Plaintiff-Appellee)

2. Angela Terrell (Plaintiff-Appellee)

3. Casey Denson, of Casey Denson Law, LLC (counsel for Plaintiffs-Appellees)

4. Mercedes Townsend, of Casey Denson Law, LLC (counsel for Plaintiffs-Appellees)

5. Justine Daniel, of Casey Denson Law, LLC (counsel for Plaintiffs-Appellees)

6. Howard Conday, of the Law Offices of Howard E. Conday (counsel for Plaintiffs-Appellees)

7. Jason Allgrunn (Defendant-Appellant)

8. Jeffery Henderson, Jr. (Defendant-Appellant)

i

9.  Michael Banta (Defendant-Appellant)

10. DeSoto Parish Sheriff Jayson Richardson (Defendant)

11. James R. Sterritt, of Cook, Yancey, King & Galloway, APLC (counsel for Defendants-Appellants)

12. James Ashby Davis of Cook, Yancey, King & Galloway, APLC (counsel for Defendants-Appellants and Defendant Jayson Richardson)

13. Jayson Richardson (Defendant)

14. Old Republic Union Insurance Company (Defendant)

15. Connell L. Archey, of Butler Snow LLP (counsel for Defendant Old Republic Union Insurance Company)

16. Madaline King, of Butler Snow LLP (counsel for Defendant Old Republic Union Insurance Company)

17. Allena W. McCain of Butler Snow LLP (counsel for Defendant Old Republic Union Insurance Company)

Respectfully submitted by,

_/s/ Casey Rose Denson_
Casey Rose Denson
CASEY DENSON LAW, LLC
8131 Oak Street, Suite 100
New Orleans, LA 70118
T: (504) 224-0110
cdenson@caseydensonlaw.com

## RESPONSE TO REQUEST FOR ORAL ARGUMENT

Curtis Terrell and Angela Terrell (hereafter, "Mr. Terrell" and "Ms. Terrell") respectfully submit that Jason Allgrunn, Michael Banta, and Jeffery Henderson, Jr.'s (hereafter, "Officer Allgrunn," "Officer Banta," "Officer Henderson," and, collectively, "the Officers") request for oral argument is unwarranted because jurisdiction is lacking over most claims raised in this appeal.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS** ........................................................ i

**RESPONSE TO REQUEST FOR ORAL ARGUMENT** ................................. iii

**TABLE OF CONTENTS** ..................................... **Error! Bookmark not defined.**

**TABLE OF AUTHORITIES** ................................................................ vi

**STATEMENT OF THE ISSUES** ........................................................1

**STANDARD OF REVIEW** ................................................................2

**STATEMENT OF THE CASE** ............................................................2

**SUMMARY OF THE ARGUMENT** ................................................3

**ARGUMENT** ..........................................................................................4

**I.   THIS COURT LACKS JURISDICTION OVER THE DENIAL OF QUALIFIED IMMUNITY ON MR. AND MS. TERRELL'S FOURTH AMENDMENT CLAIMS.** ........................................................4

**II.    THE OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR ANY INVESTIGATORY STOPS.** ........................7

**III.    THE OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR THE UNLAWFUL SEIZURE OF MR. AND MS. TERRELL.** ....................................................................................9

  **a.   The Officers did not have probable cause to seize Mr. or Ms. Terrell.** ...10

    *i.   The Officers unlawfully arrested Mr. Terrell.* ..........................11

    *ii. The Officers did not place Mr. Terrell into protective custody.* ...................18

    *iii.   The Officers unlawfully arrested Ms. Terrell.* ..........................20

  **b.   The right against unlawful seizure was clearly established well before 2019.** ....................................................................................24

**IV.    THE OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR THEIR EXCESSIVE USE OF FORCE.** .............................26

  **a.   The Officers used excessive force in violation of Mr. Terrell's Fourth Amendment rights.** ....................................................................................27

    *i.   The crimes alleged were not severe.* ..........................27

    ii.   *Mr. Terrell did not pose an immediate threat to safety.* ............................28

    iii.  *Mr. Terrell did not flee or resist.*..................................................29

  **b.   The Officers Used Excessive Force in Violation of Ms. Terrell's Fourth Amendment Rights.** ...................................................................................31

    i.   *Ms. Terrell was injured by the Officers' use of force.* ...............32

    ii.  *The Graham Factors weigh in Ms. Terrell's favor.*....................32

  **c.   The right against excessive force was clearly established before 2019.**...34

**V.     QUALIFIED IMMUNITY WAS PROPERLY DENIED ON THE FIRST AMENDMENT RETALIATION CLAIM.** .............................................35

**VI.   THE OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR FEDERAL MALICIOUS PROSECUTION** .......................37

  **a.   The Officers improperly rely on inadmissible evidence of Mr. Terrell's prior arrests.**...............................................................................................37

  **b.   The right to be free from malicious prosecution was clearly established before 2019.**......................................................................................................38

**VII.  OFFICERS BANTA AND HENDERSON DID NOT SEEK QUALIFIED IMMUNITY ON THE FAILURE TO INTERVENE CLAIMS.** 40

  **a.   Officer Banta and Officer Henderson failed to intervene.** ......................41

  **b.   Officer Banta and Officer Henderson violated clearly established law.** 42

**VIII. THE DISTRICT COURT PROPERLY DENIED THE OFFICERS IMMUNITY UNDER LOUISIANA LAW.** ..........................................................43

  **a.   The Officers are not entitled to immunity from liability under La. R.S. §28:53(L).**..................................................................................................43

  **b.   La. R.S. §9:2798.1 does not provide immunity for the Officers' "operational" acts.** .......................................................................................44

**IX.   CLAIMS AGAINST THE SHERIFF AND ALL OFFICERS REMAIN REGARDLESS OF THE OUTCOME OF THIS APPEAL.**.............................47

**CONCLUSION**...............................................................................................48

**CERTIFICATE OF COMPLIANCE** ................................................................50

**CERTIFICATE OF SERVICE**.........................................................................51

# TABLE OF AUTHORITIES

## Cases

*Adams v. Thompson*, 557 F. Supp. 405 (M.D. La. 1983) .................................. 16, 18

*Albright* v. *Oliver*, 510 U. S. 266 (1994) ..................................................................39

*Alexander v. City of Round Rock*, 854 F.3d 298 (5th Cir. 2017) ........... 29, 30, 33, 34

*Alexander v. Monsanto Co.*, 396 F. App'x 137 (5th Cir. 2010) ..............................13

*Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619 (5th Cir. 2000) .............................2

*Anderson v. Creighton*, 483 U.S. 635 (1987) ........................................................25

*Austin v. City of Pasadena*, 74 F.4th 312 (5th Cir. 2023).......................................41

*Bailey v. Iles*, 87 F.4th 275 (5th Cir. 2023) ..................................................... 24, 25

*Bledsoe v. Willis*, No. 23-30238, 2023 U.S. App. LEXIS 31326 (5th Cir. Nov. 27, 2023) ......................................................................................................................39

*Brown v. Lynch*, 524 F. App'x 69 (5th Cir. 2013) ..................................................16

*Buehler v. Dear*, 27 F.4th 969 (5th Cir. 2022) .......................................................31

*Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008)..........................................................25

*Curry v. Strain*, 262 F. App'x 650 (5th Cir. 2008) ..................................................9

*Darden v. City of Fort Worth*, 880 F.3d 722  (5th Cir. 2018) ................................34

*Deville v. Marcantel,* 567 F.3d 156 (5th Cir. 2009) ......................................... 25, 34

*Dunbar v. Seger-Thomschitz,* 615 F.3d 574(5th Cir. 2010) ....................................8

*Enlow v. Tishomingo County,* 962 F.2d 501(5th Cir. 1992)....................................36

*Estate of Aguirre v. City of San Antonio,* 995 F.3d 395(5th Cir. 2021) ........... 26, 29

*Flores v. City of Palacios,* 381 F.3d 391(5th Cir. 2004) ..........................................4

*Frank v. Parnell,* No. 1:18-CV-00978, 2019 U.S. Dist. LEXIS 97511 (W.D. La. May 14, 2019)................................................................................................45

*Freeman v. Gore,* 483 F.3d 404 (5th Cir. 2007) ................................................. 20, 38

*Fridge v. City of Marksville,* No. 1:15-CV-01998, 2019 U.S. Dist. LEXIS 72654 (W.D. La. Apr. 8, 2019)........................................................................................46

*Gericke v. Begin,* 753 F.3d 1 (1st Cir. 2014)............................................................24

*Glenn v. City of Tyler,* 242 F.3d 307 (5th Cir. 2001) ..............................................10

*Gorsky v. Guajardo,* No. 20-20084, 2023 U.S. App. LEXIS 13164 (5th Cir. May 26, 2023) ................................................................................................................5

*Graham v. Connor,* 490 U.S. 386 (1989) ................................................................26

*Guerra v. Castillo,* 82 F.4th 278 (5th Cir. 2023)....................................................39

*Haggerty v. Tex. S. Univ.,* 391 F.3d 653 (5th Cir. 2004)........................... 10, 18, 38

*Hope v. Pelzer,* 536 U.S. 730 (2002) ......................................................................25

*Houston v. Hill*, 482 U.S. 451 (1987) ............................................................. 12, 36

*In re Novack*, 639 F.2d 1274 (5th Cir. 1981)............................................................8

*Jackson v. State ex rel. the Dep't of Corr.*, 785 So. 2d 803 (La. 2001)..................45

*Joseph on Behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319 (5th Cir. 2020))...28, 41

*Kinney v. Weaver*, 367 F.3d 337 (5th Cir. 2004) ......................................................11

*Lockett v. New Orleans City*, 639 F.Supp.2d 710 (E.D. La. 2009) ........................45

*Loftin v. City of Prentiss*, 33 F.4th 774 (5th Cir. 2022)..........................................25

*Lytle v. Bexar Cnty.*, 560 F.3d 404 (5th Cir. 2009) ....................................................4

*Manuel v. City of Joliet*, 137 S.Ct. 911 (2017). ................................................. 38, 39

*Massey v. Wharton*, 477 F. App'x 256 (5th Cir. 2012) ............................. 12, 26, 36

*McKay v. Davis*, No. 21-CV-2304, 2023 U.S. Dist. LEXIS 178738 (E.D. La. Oct. 4, 2023) ...............................................................................................................45

*Mesa v. Prejean*, 543 F.3d 264 (5th Cir. 2008) ................................................11, 12

*Misita v. Maumoulides*, 336 So. 3d 886 (La. 2022) ................................................45

*Morales v. Cardenas*, No. 22-50836, 2023 U.S. App. LEXIS 26205 (5th Cir. Oct. 3, 2023) .................................................................................................................4

*Murray v. Town of Mansura*, 06-355 (La. App. 3 Cir 09/27/06); 940 So. 2d 832 ..13

*Ortega v. City of Houston*, 161 F.3d 7 (5th Cir. 1998) ............................................. 13

*Perry v. City of Bossier*, No. 17-0583, 2018 U.S. Dist. LEXIS 17942 (W.D. La. Oct. 17, 2018) ................................................................................ 16, 18, 33, 34

*Quantlab Techs., Ltd. (BVI) v. Kuharsky*, 696 F. App'x 682 (5th Cir. 2017) .... 9, 13

*Quenzer v. United States*, 19 F.3d 163 (5th Cir. 1993) ............................................. 8

*Randle v. Tregre*, 147 F. Supp. 3d 581 (E.D. La. 2015) ......................................... 46

*Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86 (5th Cir. 2011) ................................................................................................................ 8

*Saine v. City of Scott*, 819 So.2d 496 (La.App. 3 Cir. 2002) .................................. 45

*Salazar-Limon v. City of Houston*, 826 F.3d 272 (5th Cir. 2016) .......................... 10

*Sam v. Richard*, 887 F.3d 710 (5th Cir. 2018) ....................................... 29, 30, 33, 34

*Scott v. City of Mandeville*, 69 F.4th 249 (5th Cir. 2023) ....................................... 10

*Scott v. Harris*, 550 U.S. 372 (2007). ...................................................................... 7

*Shanks v. AlliedSignal, Inc.*, 169 F.3d 988 (5th Cir. 1999) ...................................... 8

*Solis v. Serrett*, 31 F.4th 975, (5th Cir. 2022) ........................................................ 31

*State in Interest of W.B.*, 461 So. 2d 366(La. Ct. App. 1984) ................................ 13

*State v. Lindsay*, 388 So.2d 781 (La. 1980) ................................................. 16, 28, 33

*State v. Malveaux*, 2003-0276 (La. App. 3 Cir 06/12/03), 852 So. 2d 463 .............15

*Stringfellow v. City of Ruston*, 2017 WL 3202830 ....................................................17

*Thibodeaux-Woody v. Hous. Cmty. Coll.*, 593 F. App'x 280 (5th Cir. 2014)...........2

*Thompson v. Clark*, 596 U.S. 36 (2022) ........................................................... 38, 39

*Tolan v. Cotton*, 572 U.S. 650 (2014).....................................................................26

*Tucker v. City of Shreveport*, 998 F.3d 165 (5th Cir. 2021) ............................. 30, 34

*Turner v. Driver*, 848 F.3d 678 (5th Cir. 2017)................................................. 24, 36

*Walls v. Sheriff's Office of Caddo Par.*, No. 23-30253, 2023 U.S. App. LEXIS
    32241(5th Cir. Dec. 6, 2023) ...............................................................................34

*Williams v. City of Greenwood*, No. 22-60192, 2023 U.S. App. LEXIS 7922 (5th
    Cir. Mar. 31, 2023) ............................................................................................10

*Williams v. Louisiana*, No. 22-30385, 2023 U.S. App. LEXIS 5295 (5th Cir. Mar.
    6, 2023) ................................................................................................................9

*Winfrey v. Pikett*, 872 F.3d 640 (5th Cir. 2017)....................................................5, 7

*Winfrey v. Rogers*, 901 F.3d 483 (5th Cir. 2018).....................................................39

## Federal Rules

Fed. R. Civ. P. 46 .....................................................................................................8
Fed. R. App. P. 28.......................................................................................... 9, 14, 49
Fed. R. App. P. 32 ...................................................................................................50
Fed. R. Civ. P. 56 .....................................................................................................2

**State Law**

La. R.S. §14:100. ...................................................................................15

La. R.S. §14:108 ....................................................................................16

La. R.S. §14:97 .....................................................................................15

La. R.S. §14:103 ...............................................................................11, 12

La. R.S. §28:53 .....................................................................................43

La. R.S. §9:2798. ..................................................................................47

## STATEMENT OF THE ISSUES

1) Whether this Court has jurisdiction to review the District Court's determination that there are genuine disputes of facts underlying Mr. and Ms. Terrell's First and Fourteenth Amendment claims.

2) Whether the Officers waived arguments on the First Amendment, Fourth Amendment, Failure to Intervene, and various other claims by failing to brief them adequately on summary judgment or appeal.

3) Whether the District Court properly denied qualified immunity to the Officers under the First and Fourth Amendments based on video and audio evidence of Officer Allgrunn assaulting and arresting Mr. and Ms. Terrell.

4) Whether the Supreme Court opinion in *Thompson* shows there was clearly established law putting the Officers on notice that malicious prosecution was a constitutional violation at the time of the incident.

5) Whether the District Court erred in determining that the Officers are not entitled to statutory immunity under Louisiana law.

6) Whether all of the Officers' claims are subject to dismissal on appeal, even though the Officers have not sought summary judgment on all claims or appealed the denial of summary judgment on all claims.

## STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000) (internal quotations and citation omitted). "Doubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." *Thibodeaux-Woody v. Hous. Cmty. Coll.*, 593 F. App'x 280, 283 (5th Cir. 2014) (internal quotations and citation omitted).

## STATEMENT OF THE CASE

Officer Allgrunn unlawfully assaulted and arrested Mr. and Ms. Terrell. ROA.345[1] at 2:01-4:30, 8:01-8:30, 12:01-13:30. ROA.383, 394, 421, 963-64, 978-79, 990, 1000, 1002, 1025, 1027, 1034, 1752-54. He was later accompanied by two other officers from DeSoto Parish, Officer Henderson and Officer Banta, and took Mr. Terrell for a four-day jail stay. ROA.345 at 12:31-13:00, 26:01-26:30,

---

[1] The video from Officer Allgrunn's front dash camera is linked here and throughout the brief for the Court's convenience. To access the video, the Court can simply click the link, click "Download," and review the video using the media player of its choice.

2

ROA.1038-39, 1042, 1754-55.  The majority of Officer Allgrunn's misconduct was recorded by his front dash camera. ROA.345.  Officer Allgrunn was later prosecuted for his assault of Mr. Terrell and another DeSoto Parish resident. ROA.1028, 1035, 1079, 1755. His charges were dismissed only after he relinquished his Peace Officer's Standards and Training ("POST") certification. ROA.1097, 1102-03, 1755. Mr. and Ms. Terrell seek to hold the Officers accountable for violating their constitutional rights.

## SUMMARY OF THE ARGUMENT

The District Court denied the Officers summary judgment on qualified immunity for all Fourth Amendment claims, determining that there were genuine issues of material facts. ROA.1763-67.  Now, the Officers ignore the proper standard of review, disregarding the facts taken in the light most favorable to Mr. and Ms. Terrell and argue that these facts are not disputed.  Such a request asks this Court to review, on interlocutory appeal, a subject which is lacking in jurisdiction. For the first time on appeal, the Officers also raise a request for qualified immunity on the failure to intervene claim and for investigatory stops of Mr. and Ms. Terrell. Appellants' Brief at pp. 40, 50, 53.  Their failure to include these claims for dismissal below warrants waiver, as does their failure to adequately brief the First Amendment claims. *Id*. at p. 52. Further, the Officers seek qualified immunity on the malicious prosecution claim, despite Supreme

3

Court precedent noting that the right to be free from malicious prosecution existed long before the Officers' misconduct. *Id.* at pp. 50-52. The Officers also seek immunity for arresting Mr. Terrell under inapplicable state laws, which only protect officers when placing individuals in protective custody or making policy and discretionary decisions. *Id.* at pp. 28-33. Finally, the Officers ask this Court to dismiss all state and federal claims despite failing to request immunity or dismissal of all claims on summary judgment or appeal. *Id.* at pp. 2, 17, 57.

## ARGUMENT

### I.   THIS COURT LACKS JURISDICTION OVER THE DENIAL OF QUALIFIED IMMUNITY ON MR. AND MS. TERRELL'S FOURTH AMENDMENT CLAIMS.

A denial of summary judgment on qualified immunity is immediately appealable under limited appellate jurisdiction if the denial "turns on an issue of law." *Flores v. City of Palacios*, 381 F.3d 391, 393 (5th Cir. 2004) (internal quotes omitted). While this Court has jurisdiction to review *de novo* "the legal question of whether the genuinely disputed factual issues are material for the purposes of summary judgment." *Lytle v. Bexar Cnty.*, 560 F.3d 404, 408 (5th Cir. 2009). There is "no jurisdiction to consider the correctness of the plaintiff's version of the facts and . . . the District Court's factual determination that a genuine factual dispute exists." *Morales v. Cardenas*, No. 22-50836, 2023 U.S. App. LEXIS 26205, at *6 (5th Cir. Oct. 3, 2023). If the issue "boils down to a challenge of the genuineness,

not the materiality, of factual disputes[,]" there is no jurisdiction. *Id.* at *7 (internal quotations omitted); *Winfrey v. Pikett*, 872 F.3d 640, 644 (5th Cir. 2017). Therefore, once the district court finds genuine issues of material fact prevent summary judgment granting qualified immunity, it is "impermissibl[e] [to] ask this court to construe facts in the[] [defendants] favor that the district court properly found to be in dispute and material to the legal question of whether their use of force was objectively reasonable." *Gorsky v. Guajardo*, No. 20-20084, 2023 U.S. App. LEXIS 13164, at *18-19 (5th Cir. May 26, 2023).

This is precisely what the Officers ask this Court to do in this appeal. The Officers repeatedly challenge "the correctness of the plaintiff's version of the facts" and, despite the District Court's determination to the contrary, assert that the facts are actually "undisputed" when viewed in the Officers' favor. Appellants' Brief at pp. 2, 17, 22. The Officers base their appeal on the assertion that the District Court erroneously found issues of fact where there "are not disputed facts, but rather are purportedly disputed ***interpretations*** of undisputed facts shown on the video." *Id*. at p. 36 (emphasis in original).

For example, the District Court determined that the Officers should be denied qualified immunity on Ms. Terrell's false arrest claim, as there was a genuine dispute of facts as to "whether Mrs. Terrell was standing too close to the medics . . . [or] to Allgrunn while he was arresting Mr. Terrell'" or "interfered with Allgrunn

and the emergency responders by acting or speaking in an offensive manner." ROA.1766. The District Court also denied qualified on Ms. Terrell's excessive force claim, determining that there was a genuine factual dispute as to whether the force used by Officer Allgrunn was justified by the "six seconds in which she refused to move when Allgrunn attempted to place her in his vehicle, . . . Allgrunn's attempted to confiscate the cell phone." ROA.1775. Here, the Officers challenge the District Court's interpretation of the facts and argue that "it is undisputed that Angela" "was standing close to the medics . . . and to Allgrunn as he was arresting Curtis"; "did not immediately move" at Officer Allgrunn's request; and "spoke loudly numerous times while Allgrunn was trying to speak with EMS personnel." Appellants' Brief at p. 36. The Officers also ask the Court to find that the trial court erred in finding a genuine issue of fact regarding Ms. Terrell's excessive force claim, arguing it is undisputed that Ms. Terrell "resisted Allgrunn's attempt to get her into his vehicle" and "resisted Allgrunn's attempt to temporarily seize her phone . . . by holding it out from Allgrunn for an extended period[.]" *Id*. at pp. 49-50.

Similarly, the Officers ask this Court to consider the correctness of the District Court's determination that there are genuine factual disputes regarding Mr. Terrell's false arrest and excessive force claims. The District Court held that "there are too many factual disputes" to grant the Officers qualified immunity on Mr.

Terrell's false arrest claim as to whether he disturbed the peace or engaged in other unlawful behavior. ROA.1763. It further determined that genuine factual disputes barred summary judgment on Mr. Terrell's excessive force claim as to whether he was "actively resisting arrest while on the ground." *Id*. at 1773. The Officers now seek to overturn the denial of immunity on both claims, arguing that no genuine dispute of facts exists. Appellants' Brief at pp. 23, 32.

The determinations of genuine factual disputes were at the sound discretion of the District Court and are not subject to this Court's review on interlocutory appeal. *Winfrey*, 872 F.3d at 644. The Officers cannot establish jurisdiction in this Court to obtain a reversal of the denial of summary judgment on qualified immunity by recharacterizing the video footage and challenging the District Court's finding that there are genuine factual disputes. Below, the Court "viewed the facts in the light depicted by the videotape," audio recordings, and viewed additional declarations, and other evidence, and determined that there are genuine issues of fact in dispute. *Scott v. Harris*, 550 U.S. 372, 381 (2007). On interlocutory appeal, those determination cannot be reviewed.

## II.   THE OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR ANY INVESTIGATORY STOPS.

For the first time on appeal, in several cursory footnotes, the Officers argue that they had "reasonable suspicion" to "make a lawful investigative detention" of

Mr. and Ms. Terrell. Appellants' Brief at pp. 23, 34. Because the Officers did not mention reasonable suspicion, or investigatory stops, in seeking summary judgment, the District Court never ruled on the application of immunity on those claims. As a result, the Officers have waived this claim based on their failure to brief it before the District Court. Generally, an argument not made in the trial court will not be considered on appeal. *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 90 (5th Cir. 2011) (finding an "argument was not pressed before the District Court and is waived"); *Dunbar v. Seger-Thomschitz*, 615 F.3d 574, 576 (5th Cir. 2010) ("Plaintiffs may not advance on appeal new theories or raise new issues not properly before the district court to obtain reversal of the summary judgment."); *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 n.6 (5th Cir. 1999) (citing *Quenzer v. United States*, 19 F.3d 163, 165 (5th Cir. 1993)) ("This claim was raised for the first time on appeal, and we shall not address it.").

There is a narrow exception to the general rule of waiver "when the issue raises a pure question of law and refusal to consider it results in a miscarriage of justice[.]" *In re Novack*, 639 F.2d 1274, 1276 (5th Cir. 1981) (internal citations omitted). An appellate court may also review an issue not raised below "where the interest of substantial justice is at stake" or "when there is no opportunity to object to an order at the time of its issuance." *Id.* at 1277 (citing Fed. R. Civ. P. 46.). Here, the Officers have not argued that any exceptions apply. Because the District Court

8

found genuine issues of fact below, this is not purely a question of law. Further, there is no issue of substantial justice at stake. As such, this issue does not meet the outlined exceptions to waiver.

The Officers' request to this Court to review whether there was "reasonable suspicion" for them to conduct an investigatory stop is also waived for their failure to brief the issue on appeal sufficiently. Fed. R. App. P. 28(a)(8)(A) (requiring briefs include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Williams v. Louisiana*, No. 22-30385, 2023 U.S. App. LEXIS 5295, at *6 n.2 (5th Cir. Mar. 6, 2023) (quotations omitted) ("However, '[a] party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it.'"); *Quantlab Techs., Ltd. (BVI) v. Kuharsky*, 696 F. App'x 682, 688 (5th Cir. 2017) ("[F]ailure to adequately brief his argument is arguably fatal in itself[.]"); *Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) ("Because Curry has not adequately briefed this issue, we will not consider it.").

## III.    THE OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR THE UNLAWFUL SEIZURE OF MR. AND MS. TERRELL.

Because the Officers seek a review of the genuineness of the factual disputes on all unlawful arrest claims, jurisdiction is lacking, *supra* at Section I. If this Court

determines that it has jurisdiction to proceed with an analysis of the Fourth Amendment claims, Mr. and Ms. Terrell ask that it uphold the District Court's decision to deny the Officers qualified immunity.[3] "To determine if the plaintiff has met this burden, we ask: '(1) whether the undisputed facts and the disputed facts, accepting the plaintiff's version of the disputed facts as true, constitute a violation of a constitutional right, and (2) whether the [officers]' conduct was 'objectively reasonable in light of clearly established law.'" *Williams v. City of Greenwood*, No. 22-60192, 2023 U.S. App. LEXIS 7922, at *4 (5th Cir. Mar. 31, 2023) (quoting *Salazar-Limon v. City of Houston*, 826 F.3d 272, 279-80 (5th Cir. 2016)).

**a. The Officers did not have probable cause to seize Mr. or Ms. Terrell.**

"A false arrest occurs, and an individual's Fourth Amendment rights are violated, when an officer conducts an arrest without probable cause." *Scott v. City of Mandeville*, 69 F.4th 249, 255 (5th Cir. 2023). Probable cause is an objective standard and "exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)). An officer is "entitled to qualified immunity if a reasonable officer in his position could have believed that, in light of the totality of

10

the facts and circumstances," an offense was committed or was being committed. *Haggerty*, 391 F.3d at 656. The Court must "first determine whether the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of federal law in the first place." *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004).

> i.    *The Officers unlawfully arrested Mr. Terrell.*

Disturbing the peace:

The Officers argue that they had probable cause to arrest Mr. Terrell under La. R.S. §14:103(A)(2-3). Appellants' Brief at pp. 23-26. The statute prohibits acting "in such manner as would foreseeably disturb or alarm the public with "offensive, derisive, or annoying words" "or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business." La. R.S. §14:103(A)(2). It also prohibits "[a]ppearing in an intoxicated condition" La. R.S. §14:103(A)(3), which requires "a likelihood that the public will be endangered or disturbed." *Mesa v. Prejean*, 543 F.3d 264, 271 (5th Cir. 2008) (citations omitted).

In viewing the facts in the light most favorable to Mr. Terrell, the District Court determined that the Officers "have failed to establish that a reasonable officer would have found that Mr. Terrell was disturbing the peace." ROA.1763. The District Court noted that Mr. Terrell presented evidence that "he was on the side of

the road in the middle of a rural area and was acting in compliance with Allgrunn's order;" "emergency services were dispatched only because Mrs. Terrell reported that her husband attempted suicide;" the video "does not show that Mr. Terrell was yelling, cursing, threatening others, or acting in an offensive manner when Allgrunn arrived;" and "Mr. Terrell did not begin to scream or shout until Allgrunn forcibly took him to the ground." ROA.1762-63.

Much of Mr. Terrell's interactions with Officer Allgrunn were protected by the First Amendment: he asserted that he knew his rights; questioned Officer Allgrunn on why he needed to approach his vehicle and if he was under arrest; asked his neighbors to witness Officer Allgrunn's misconduct and that they get a neighbor who "knows the law;"and complained that Office Allgrunn assaulted him. ROA.345 at 1:00-4:30; ROA.420-21, 978, 986-91; Appellants' Brief at pp. 5-9. The First Amendment "protects a significant amount of verbal criticism and challenge directed at police officers[,]" *Houston v. Hill*, 482 U.S. 451, 461 (1987), even if that speech is "provocative and challenging" "unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above." *Id*. (internal quotations omitted). "Trained officers must exercise restraint when confronted with a citizen's anger over police action." *Mesa*, 543 F.3d at 273. *See also Massey v. Wharton*, 477 F. App'x 256, 264 (5th Cir. 2012) (finding protected speech did not provide probable cause to arrest as did not rise above public inconvenience, annoyance, or unrest);

*Murray v. Town of Mansura*, 06-355 (La. App. 3 Cir. 09/27/06); 940 So. 2d 832, 840 (opposition to officers was protected under the First Amendment and no probable cause to arrest for disturbing the peace when defendant was argumentative, complained and cursed despite officers to quite him); *State in Interest of W.B.*, 461 So. 2d 366, 368 (La. 2nd Ct. App. 1984) (speech was protected and there was no probable cause to arrest for disturbing the peace where defendant called the police a "G__ D__ white M__ F__.").

The Officers mischaracterize the first step of the qualified immunity analysis by disregarding the facts presented by Mr. Terrell. *See supra* at p.2. Instead, they ask this Court to rely only on their characterization of the facts – that they had probable to arrest Mr. Terrell for disturbing the peace because he "cursed at his wife" and "loudly exclaim[ed], while in a public street, that his wife Angela was 'bullshitting'" Appellants' Brief at pp. 25-26 – even though that conduct would all be protected under the First Amendment. Further, this argument should be waived since they present these facts without citing to the record. *See Quantlab*, 696 F. App'x at 688, n.11 (quoting *Ortega v. City of Houston*, 161 F.3d 7 (5th Cir. 1998)) ("[A]n argument on appeal is waived 'due to [appellant's] failure to cite to the record for any evidence supporting his claim'"); *Alexander v. Monsanto Co.*, 396 F. App'x 137, 140 (5th Cir. 2010) (If a "brief fails to include citations to the record on appeal, and therefore provides no support for her assertions that the statements at issue were factually

incorrect" the issue is waived.); Fed. R. App. P. 28(a)(8) (requiring the inclusion of parts of the record on which the appellant relies").

Taking the facts presented by Mr. Terrell as true, there is no probable cause to arrest Mr. Terrell for disturbing the peace.

<u>Obstruction of a highway or public passage</u>:

The Officers argue they had probable cause to find Mr. Terrell committed Simple Obstruction of a Highway and Obstructing Public Passage. Appellants' Brief at p. 26. The District Court found that the Officers "fail[ed] to provide any legal argument in support of these assertions." ROA.1765. Since the Officers failed to brief these justifications adequately below and provided no exception justifying review for the first time on appeal, they have been waived, *supra* at pp. 8-9.

Even if these arguments were not waived, in viewing the facts in the light most favorable to Mr. Terrell, a reasonable officer would not have believed that they had probable cause to arrest him for violating La. R.S. §14:100.1. That law prohibits a person from "willfully obstruct[ing] the free, convenient, and normal use of any public . . . road, by impeding, hindering, stifling, retarding, or restraining traffic or passage thereon or therein." La. R.S. §14:97, requires an "intentional or criminally negligent . . . performance of any act on any . . . road . . . which will render movement thereon more difficult."

14

When viewed in the light most favorable to Mr. Terrell, the evidence shows Mr. Terrell remained on the side of a rural road when Officer Allgrunn arrived, and only walked into the middle of the street in response to Officer Allgrunn's instruction to walk to his patrol unit. ROA.345 at 1:00-2:30. The Officers failed to accept Mr. Terrell's facts as correct, *supra* at Section I, and instead, argue that probable cause existed because Mr. Terrell was in the street "talking loudly" which "would have made it more difficult for a vehicle to pass." Appellants' Brief at p. 26. Because the Officers made these assertions without citing the record, they waived this argument. *See supra* at pp. 8-9. Further, Mr. Terrell's presence did not impede a vehicle's movement. Therefore, the Officers did not have probable cause to arrest him for making movement more difficult on the road under La. R.S. §14:97. *See State v. Malveaux*, 2003-0276 (La. App. 3 Cir 06/12/03), 852 So. 2d 463, 467 (finding no probable cause when there were no evidence that other cars on the street, that the defendant was in the middle of the street, or that cars could not drive by because of where the defendant was standing).

Resisting an officer:

The Officers claim that they also had probable cause to arrest Mr. Terrell under La. R.S. §14:108, which prohibits: "the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest . . . ." As described, *supra,*

since there was no lawful basis to arrest Mr. Terrell, even if he resisted, it would not violate this statute or La. Rev. Stat. § 14:108.2. *State v. Lindsay*, 388 So.2d 781, 783 (La. 1980) ("It is a long-established principle in Louisiana law that a citizen has the right to resist an unlawful arrest."); *Perry v. City of Bossier*, No. 17-0583, 2018 U.S. Dist. LEXIS 179421, at *42 (W.D. La. Oct. 17, 2018) (citing *Adams v. Thompson*, 557 F. Supp. 405, 411 (M.D. La. 1983)).

Moreover, the District Court found evidence that Mr. Terrell was not resisting but, instead, cooperating with Officer Allgrunn: "he walks to Allgrunn's car when instructed and places his hands above his head without Allgrunn asking[,]" ROA.1763, and "Mr. Terrell started to walk away from Allgrunn, [but] he only walked for a few feet and returned upon Allgrunn's command. He was also walking slowly and had only made it a few feet before walking to Allgrunn's vehicle when instructed[,]" "Defendants failed to present any evidence that would indicate that Mr. Terrell was dangerous and posed an immediate threat to Allgrunn," and "the Court is not able to see whether when on the ground, Mr. Terrell was resisting arrest[.]" ROA.1772. Such actions would not give a reasonable officer probable cause to believe he violated La. R.S. §14:108. *See Brown v. Lynch*, 524 F. App'x 69, 77 (5th Cir. 2013) (finding a plaintiff did not resist arrest where he complied with the officers' demands).

Failing to follow the proper standard of review, *supra* at p. 2, the Officers ignore all evidence presented by Mr. Terrell and claim they had probable cause because Officer Allgrunn "gave Curtis loud verbal commands to come toward him, but Curtis initially walked away from Allgrunn[;]" "Curtis called for an unknown neighbor of his to 'come outside[;]'" "Curtis pulled away from Allgrunn and turned to partially face Allgrunn[;]" "on the ground, Curtis kept his hands under his body and refused to put them behind his back despite Allgrunn's commands to do so[;]" and "bit Allgrunn's ankle just after Allgrunn was finally able to handcuff Curtis." Appellants' Brief at pp. 27-28. Not only does this characterization fail to view the facts in the light most favorable to Mr. Terrel, but it asks the Court to exceed its jurisdiction and reconsider the genuine factual disputes determined below, *supra* at Section I. Moreover, these arguments should be waived because, in the District Court, the Officers failed to properly adequately brief 14:108 or 14:108.2 as a basis for probable cause on summary judgment and provided no exception justifying review for the first time on appeal.[2] *See supra* at pp. 8-9.

On appeal, the Officers cite *Stringfellow v. City of Ruston*, 2017 WL 3202830, at *15-16, supporting their contention that they had probable cause to arrest Mr.

---

[2] On summary judgment, the Officers merely offered the conclusory statement: "Given Terrell's intoxicated, disorderly, and disruptive behavior, a reasonable officer could have believed there was probable cause to arrest Terrell for a violation of La. R.S. 14:103, 14:108, and 14:108.2." ROA.399. The only additional information the Officers provided was their recitation of these statutes. *Id.*

Terrell for resisting arrest. However, the defendants in *Stringfellow* evaded officers' requests for identification and made "aggressive [] moves towards the officers" before their arrest. Moreover, as Officer Allgrunn admitted to Officer Banta at the scene, Mr. Terrell only attempted to bite Officer Allgrun's boot to stop him from beating him after already placing him under arrest. ROA.345 at 26:40-27:00. Even Officer Banta recognized on the night of the incident that "[w]e don't have felony charges" based on those allegations. ROA.345 at 46:31-47:00. Officer Allgrunn already arrested Mr. Terrell without probable cause by the time he forcibly tackled Mr. Terrell to the ground and pinned him down. ROA.345 at 2:01-3:00; ROA.383. *See Haggerty,* 391 F.3d at 655-56 (internal citations omitted) (explaining whether probable cause exists is determined at the "moment of arrest[,]" not after). Additionally, resistance, even by physical force, is justified in response to an unlawful arrest and is not a violation of this statute. *Perry,* LEXIS 179421, at *42 (citing *Adams,* 557 F. Supp. at 411.) (denying summary judgment on resisting arrest where a plaintiff "pulled his hands" from an officer trying to handcuff him and "pushed back against" the officer).

ii.    *The Officers did not place Mr. Terrell into protective custody.*

The Officers also argue that, in addition to arresting Mr. Terrell, they had probable cause to take him into protective custody under La. R.S. §28:53(L). Appellants' Brief at pp. 30-31, 33, 57. That statute allows officers to take a person

into protective custody and transport them to a treatment facility for a medical evaluation" "because the person is acting in a manner dangerous to himself or dangerous to others, is gravely disabled, and is in need of immediate hospitalization to protect such a person or others from physical harm."

On this issue, the District Court's decision turned on the threshold question of whether the Officers ever placed Mr. Terrell in protective custody. The District Court correctly determined that the Officers did not seize Mr. Terrell under La. R.S. §28:53(L) and "[e]ven if Allgrunn had probable cause to take Mr. Terrell into protective custody because he was experiencing a mental health crisis, his statements and actions are inconsistent with this post-hoc justification." ROA.1764. The District Court's conclusion is supported by Mr. Terrell's evidence that Officer Allgrunn never told Mr. Terrell, Mrs. Terrell, the EMS responders, the other officers, or anyone else that that he was taking Mr. Terrell into protective custody. ROA.345. He also did not document or otherwise mention taking Mr. Terrell into protective custody in the Arrest Report or the Incident Report. ROA.367, 383.

On appeal, the Officers state that the District Court erred in finding that they did not have probable cause to place Mr. Terrell in protective custody because of a note in the emergency room report that "Pt PEC'd by ED physician."[3] ROA.355. However, probable cause is determined at the time of the arrest—before Mr. Terrell

---

[3] Patient [placed in] Protective Emergency Custody by Emergency Department physician.

was brought to the hospital—and cannot be determined in hindsight. *Freeman v. Gore*, 483 F.3d 404, 414 (5th Cir. 2007). Further, La. R.S. §28:53(L) only allows an officer to take an individual for "hospitalization to protect such a person or others from physical harm." La. R.S. §28:53(M). But here, Officer Allgrunn beat Mr. Terrell and, subsequently, took him to the hospital for treatment of the injuries that he caused, not to protect Mr. Terrell or others from harm. Moreover, La. R.S. §28:53 (L)(1) provides that a person taken into protective custody "may only be transported to" an exclusive list of medical treatment facilities and that "no person shall be placed in protective custody for a period in excess of seventy-two hours." La. R.S. §28:53 (M). Here, however, after doctors released Mr. Terrell from the hospital and "rescind[ed] PEC," ROA.357, Officer Allgrunn took him to the DeSoto Parish Detention Center for five days. ROA.1038-39, 1042, 1754-55. None of that time in jail could be justified under La. R.S. §28:53(L), so even if the Officers had lawfully taken him into protective custody, they would need probable cause to keep him under arrest for the five days after his release from the hospital. As outlined*, supra at* pp.11-18*,* they did not have that probable cause.

### iii.    *The Officers unlawfully arrested Ms. Terrell.*

Simple obstruction of a highway:

On appeal, the Officers' entire argument that they had probable cause to arrest Ms. Terrell under La. R.S. §14:100.1 and La. R.S §14:97 is: "Because Angela

and Curtis' actions were identical in this respect, the analysis of probable cause for these crimes is the same for Angela as it was for Curtis." Appellants' Brief at p. 34. The Officers failed to identify a fact or cite to the record to support probable cause under these statutes. Failure to properly brief this issue results in waiver, as does the failure to cite to the record for support, *supra* at pp. 8-9. The Officers also failed to brief this issue in their Motion for Summary Judgment adequately, and the District declined to address it: "Defendants fail[ed] to provide any legal argument in support of these assertions." ROA.1765. Since the Officers failed to adequately brief these justifications below and provide no argument that their failure should be excused, waiver is appropriate. *See supra* at pp. 8-9.

Even if these arguments were not waived, in viewing the facts in the light most favorable to Ms. Terrell, a reasonable officer would not believe they had probable cause to arrest her for obstruction of a highway. Ms. Terrell remained on the side of a rural road when Defendant Allgrunn arrived and only walked into the middle of the street for about a minute to record Officer Allgrunn after Officer Allgrunn began beating Mr. Terrell and again to speak to EMS, who were blocking the street. ROA.345 at 1:00-12:00. She could easily have moved had a car approached – therefore, no obstruction occurred and there was no probable cause to arrest Ms. Terrell under either statute.

<u>Interfering with a law enforcement investigation and EMS</u>:

The Officers allege that they had probable cause to arrest Ms. Terrell under La. R.S. §14:329(A) and La. R.S. §14:327(A). Appellants' Brief at pp. 34-40. La. R.S. §14:329(A) prohibits the intentional "hindering, delaying, hampering, interfering with, or impeding the progress" of firemen and emergency medical personnel and prohibits "cursing, reviling, or using any opprobrious language" towards these first responders. La. R.S. §14:329(A) prohibits: "the intentional interference or obstruction . . . at the scene of a crime or the scene of an accident by refusing to move or leave . . . when ordered to do so by the law enforcement officer."

The District Court denied summary judgment because it found genuine issues of fact as to whether the Officers had probable cause to arrest Ms. Terrell for interference with EMS or police. ROA.1766. The Court identified many disputed facts, including: "whether Mrs. Terrell was standing too close to the medics as they evaluated Mr. Terrell; whether Mrs. Terrell was standing too close to Allgrunn while he was arresting Mr. Terrell; whether freezing or hesitating for six seconds amounts to a refusal to move; and whether Mrs. Terrell interfered with Allgrunn and the emergency responders by acting or speaking in an offensive manner." *Id*.

The District Court's decision was appropriate as it recognized that Ms. Terrell presented evidence that there was no probable cause to reasonably believe

she intentionally obstructed Officer Allgrunn or EMS. Ms. Terrell watched the EMS from several feet behind them and, later, from the opposite side of the road, ROA.345 at 8:00-12:00; Ms. Terrell's only interaction with the EMS responders was giving them her husband's name and attempting to tell them about the injuries caused the assault by Officer Allgrunn, *Id*. at 9:30-10:00; and Ms. Terrell never used any opprobrious language. *Id*. at 8:00-12:00. She only got a few words out to Officer Allgrunn, who told her to "go away" and said to her that she had "caused enough problems" and would be "going to jail regardless." *Id*. at 8:00-9:00. She also watched Officer Allgrunn from behind, so she was not in the way of him arresting Mr. Terrell. *Id*. at 1:00-12:00. Moreover, Ms. Terrell, just like Mr. Terrell, had the right to resist their unlawful arrest. *See supra* at p. 18.

The Officers mischaracterize the proper standard of review by asking this Court to dismiss Ms. Terrell's evidence and instead accept their characterization as true. *See supra* at p. 2. The Officers also ask the Court to exceed its jurisdiction by re-determining the genuine factual disputes determined below, *supra* at Section I. Moreover, the Officers assert that probable cause existed to arrest Ms. Terrell based on activity which was all protected under the First Amendment protected. In his Incident Report, Officer Allgrunn justified her arrest for: "calling [him] names," saying that "she did not want the police" involved, and for "videotaping [him] on her phone[,]" because she "refused to step back[,]" and "call[ed] . . . 911 to make a

complaint." ROA.383. *See supra* at pp. 12-13. *See also Turner v. Driver*, 848 F.3d 678, 688 (5th Cir. 2017) ("Filming the police contributes to the public's ability to hold the police accountable, ensure that police officers are not abusing their power, and make informed decisions about police policy."); *Gericke v. Begin*, 753 F.3d 1, 7 (1st Cir. 2014) ("[T]he Constitution protects the right of individuals to videotape police officers performing their duties in public.").

Based on the evidence presented by Ms. Terrell and the genuine issues of fact identified by the Court, she has demonstrated that the Officers had no probable cause to arrest her.

**b. The right against unlawful seizure was clearly established well before 2019.**

The District Court held that "Fifth Circuit precedent is clear that the Fourth Amendment strictly prohibits an officer from arresting an individual without probable cause," dating back to the 1990s. ROA.1767. The Fifth Circuit recently reaffirmed: "A warrantless arrest without probable cause violates clearly established law defining an individual's rights under the Fourth Amendment." *Bailey v. Iles*, 87 F.4th 275, 287 (5th Cir. 2023) (citations omitted).

The Officers argue that they did not violate clearly established law because Mr. and Ms. Terrell did not cite cases where the "particular conduct" exhibited by the Officers under the same underlying statute was found to infringe upon an established right. ROA.21, 31, 38-39, 52, 55. However, determining whether the

law was clearly established does not require that the facts be "materially similar[,]" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002), nor does it require that "the very action in question has previously been held unlawful." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). In *Bailey*, 87 F.4th at 287, this Court rejected the same argument. Those defendants argued that "the law was not clearly established, and that he is therefore entitled to qualified immunity because there is no Fifth Circuit precedent addressing warrantless arrests pursuant to the Louisiana terrorizing statute." This Court held that a plaintiff "does not have to identify such a case to defeat qualified immunity" and, regardless of the underlying criminal statute for which probable cause is alleged, a "warrantless arrest without probable cause violates clearly established law defining an individual's rights under the Fourth Amendment." *Id.* (internal citations omitted.)

Moreover, Mr. and Ms. Terrell can point to cases "where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment by arresting someone without probable cause" *Loftin v. City of Prentiss*, 33 F.4th 774, 781 (5th Cir. 2022) (quotations omitted). *See Deville v. Marcantel,* 567 F.3d 156, 169 (5th Cir. 2009) (denying qualified immunity "because there are genuine issues as to the material facts of whether Deville was detected to have been speeding, whether she was asked sign a traffic ticket and whether she was validly exercising her established right under Louisiana law to resist an unlawful arrest");

25

*Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008) (declining qualified immunity to an officer because the plaintiff was not resisting arrest or attempting to flee); *Massey*, 477 F. App'x at 263 (denying qualified immunity to an officer who used force on a plaintiff who "was attempting to comply with the officers' commands, he was not a threat to the officers or others, and he was not attempting to flee, but was driving away at the command of [the officer].").

## IV.   THE OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR THEIR EXCESSIVE USE OF FORCE.

Since the Officers seek a review of the genuineness of the factual disputes on all excessive force claims, jurisdiction is lacking, *supra* at Section I. Even if the issues were reviewable on appeal, the District Court's decision to deny immunity should stand. For "excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (citing *Graham v. Connor*, 490 U.S. 386, 389, 394 (1989)). "To prevail on an excessive-force claim, the plaintiff must show (1) an injury, (2) that resulted directly from an officer's use of force, and (3) that the force used was 'objectively unreasonable.'" *Estate of Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021) (citing *Flores,* 381 F.3d at 396.). The Supreme Court has directed courts to utilize the factors in *Graham* to determine the reasonableness of force: "the severity of the crime at issue, whether the suspect poses an immediate

threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."

### a. The Officers used excessive force in violation of Mr. Terrell's Fourth Amendment rights.

In appealing the denial of qualified immunity on Mr. Terrell's excessive force claim, the Officers only challenge the third *Graham* element, whether the force used was "objectively unreasonable."

The Force Used Against Mr. Terrell:

Mr. Terrell presented evidence that Officer Allgrunn slammed him onto the hood of his patrol car, tackled him to the ground, and was already on the ground and subdued when Officer Allgrunn punched him in the head multiple times, resulting in a lacerated lip and broken tooth. ROA.345 at 2:01-3:30, 5:01-5:30; ROA.382, 421-22, 963, 967. All of this occurred before Mr. Terrell attempted to bite Officer Allgrunn's boot in self-defense. ROA.345 at 2:01-3:30

### i. *The crimes alleged were not severe.*

The Officers admit, "[a]s to the first *Graham* factor, the crimes for which Allgrunn had probable cause to arrest Curtis were not particularly severe crimes." Appellants' Brief at p. 43. The District Court also determined that, when viewed in the light most favorable to Mr. Terrell, the facts show that the crimes alleged were on the "mild side." ROA.1771. Additionally, the Officers' argument that they were

that they were taking Mr. Terrell into protective custody under La. R.S. §28:53(L) contradicts their position that a crime even occurred.

Further, as discussed *supra* at pp. 11-18*,* there was no probable cause to believe Mr. Terrell committed any crime. Therefore, there was no justification to use any force: "[i]t is a long-established principle in Louisiana law that a citizen has the right to resist an unlawful arrest." *Lindsa*y, 388 So.2d at 782. The District Court noted: "If it is determined that Mr. Terrell was not disturbing the peace, then the first *Graham* factor weighs heavily in his favor." ROA.1771 (citing *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 332, 336 (5th Cir. 2020)).

> ii. *Mr. Terrell did not pose an immediate threat to safety.*

The District Court determined that, when viewed in the light most favorable to Mr. Terrell, under the second *Graham* factor, the Officers' force was not justified because Mr. Terrell was not armed, he did not verbally threaten to harm anyone, nor did his actions suggest he would harm anyone. ROA.1772. The Court found: "he did not wind up to throw a punch or appear to be clenching his fists; he did not charge or run at the officer, his wife, or the neighbors; he did not gesticulate wildly or frantically; and he did not invade the personal space of another[.]" *Id.* In attempting to avoid the proper standard of review, the Officers disregard all of these facts and ask this Court to consider only the facts they put forth. Appellants' Brief at pp. 44-45. *See supra* at Section I.

The Officers do not cite any cases in their support, which is a reason for waiver. *Supra* at p. 9. In contrast, several cases establish that, when there was no risk to anyone's safety, the Officers' action of slamming Mr. Terrell onto the hood of his car, tackling Mr. Terrell to the ground, and punching him in the head multiple times was excessive. *See e.g. Estate of Aguirre*, 995 F.3d at 419-20 (holding unreasonable use of force when Plaintiff was on drugs but was "was not resisting, posed no immediate safety threat."); *Sam v. Richard*, 887 F.3d 710, 714 (5th Cir. 2018) (finding excessive force when "[a]lthough Sam initially ran, he states in deposition that he was lying face down on the ground with his hands on his head when Richard kneed him in the hip and pushed him against a patrol car"); *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017) ("Perhaps Alexander's refusal to exit his vehicle on Garza's command warranted physical removal from the car, but it did not warrant throwing Alexander onto the ground, kneeing him in the back, and pushing his face into the concrete.").

> iii.    *Mr. Terrell did not flee or resist.*

In assessing the third *Graham* factor, the District Court found no evidence that Mr. Terrell tried to flee and recognized several disputed facts regarding his alleged resistance, precluding summary judgment. ROA.1772-73. The District Court found the facts in the light most favorable to Mr. Terrell were that he "only walked for a few feet and returned upon Allgrunn's command" and "was also

walking slowly and had only made it a few feet before walking to Allgrunn's vehicle when instructed." *Id*. at 1772. Further, Mr. Terrell presented additional evidence that, at each stage, he did not resist. He complied with Officer Allgrunn's instruction to approach his patrol car and, as soon as he did so, Officer Allgrunn slammed him to the hood. ROA.345 at 2:01-2:30. Then, as Mr. Terrell laid flat on the hood with his hands behind his back, waiting to be handcuffed, Officer Allgrunn threw him to the ground, pinned him down, and punched him in the head repeatedly. *Id*. at 2:31-3:00. *See Sam,* 887 F.3d at 714; *City of Round Rock*, 854 F.3d at 309.

The Officers again mischaracterize the first step of the qualified immunity analysis by presenting their characterization of the facts and failing to accept Mr. Terrell's version of the disputed facts as true. *Supra* at p. 2. Further, despite presenting their facts over several pages, Appellants' Brief at pp. 41-48, they fail to provide citations to the record in their argument, which should result in a waiver of this claim. In support of their position, the Officers cite *Tucker v. City of Shreveport*, 998 F.3d 165 (5th Cir. 2021), which is favorable to Mr. Terrell. In *Tucker*, this Court held that summary judgment should be denied because: "The videos do not show most of Tucker's body. Given the inability to know if Tucker had stopped resisting and placed his hands behind his back before the blows ceased, the Court cannot determine as a matter of law that the sheer number of blows and kicks that he received was reasonable." *Id*. at 182. Here, the Officers claim that, in

the light most favorable to them, the evidence shows Mr. Terrell was refusing to put his hands behind his back while on the ground, requiring Officers to punch him in the head. Appellants' Brief at pp. 41-44. However, as in *Tucker*, Mr. Terrell's body cannot be seen on video. [ROA.345](ROA.345) at 2:20-4:00.

The Officers also contend that *Solis v. Serrett*, 31 F.4th 975, 984-988 (5th Cir. 2022) and *Buehler v. Dear*, 27 F.4th 969, 983 (5th Cir. 2022), support them because "[a]n additional factor in determining the reasonableness of an officer's use of force is the extent of the plaintiff's injury." No such "fourth factor" exists— only the three *Graham* factors set by the United States Supreme Court guide the inquiry. These cases only speak to the first element of excessive force inquiry— whether the plaintiff suffered more than a de minimis injury. Further, the Officers do not appeal the District Court's determination that Mr. Terrell suffered physical injuries. ROA.1776.

Based on the above, Mr. Terrell requests that this Court uphold the District Court's decision to deny summary judgment on his excessive force claim.

**b. The Officers Used Excessive Force in Violation of Ms. Terrell's Fourth Amendment Rights.**

The Force Used Against Ms. Terrell:

In viewing the facts in the light most favorable to Ms. Terrell, there is evidence that Officer Allgrunn roughly grabbed Ms. Terrell by the back of her neck and the bun on her head, pulling her by the hair, and pushed her into the back of his

vehicle. ROA.345 at 12:01-12:30; ROA.964. He then proceeded to place her in a headlock and grabbed her phone. ROA.964.

  *i.* *Ms. Terrell was injured by the Officers' use of force.*

  On Ms. Terrell's excessive force claims, the Officers argue that summary judgment is warranted because "Angela suffered no physical injuries during the incident. The only injury she claims is psychological distress because of the incident." Appellants' Brief at p. 50. The District Court correctly denied summary judgment on this element of the excessive force analysis based on evidence submitted by Ms. Terrell from her mental health provider that she was treated for PTSD, Major Depressive Disorder, and took antidepressant medication. ROA.1773-74. Because the Officers failed to address this reasoning from the District Court, failed to cite any cases in their support, and failed to cite any facts that supported them in the record, this argument should be waived. *Supra* at p. 9.

  *ii.* *The Graham Factors weigh in Ms. Terrell's favor.*

  The District Court determined genuine disputed facts precluded summary judgment on Ms. Terrell's excessive force claim. ROA.1773-75. As to the first *Graham* factor, the District Court determined that the crimes alleged were not severe. *Id*. at 1774. The Officers do not mention the severity of Ms. Terrell's alleged crimes in their brief, so any argument that this factor was not satisfied in Ms. Terrell's favor should be waived. *Supra* at pp.8-9. Further, as discussed *supra* at

pp. 20-24, there was no probable cause to believe Ms. Terrell committed any crime. Therefore, there was no justification to use any force. *Lindsay*, 388 So.2d at 782.

Regarding the second *Graham* factor, the District Court determined, that when viewed in the light most favorable to Ms. Terrell, the facts show that she did not threaten anyone's safety. ROA.1774-75. The Officers do not mention this factor in their brief, so any argument that it was not satisfied in Ms. Terrell's favor should be waived. *Supra* at p. 9.

As the third factor, whether Ms. Terrell was resisting or attempting to flee, the District Court found that disputed facts about whether she was hesitant to respond to commands or relinquish her phone prevented summary judgment. ROA.1775. In similar circumstances, such force has been found excessive. *Perry,* LEXIS 179421, at *48; *Sam*, 887 F.3d at 714; *City of Round Rock*, 854 F.3d at 309.

In attempting to avoid the proper standard of review, the Officers disregard Ms. Terrell's evidence and only look at the facts they put forth. *See supra* at p. 2. The Officers also do not cite to the record any of the facts that they claim give them support, nor do they cite a single case, which is a reason for waiver. *Supra* at pp.8-9. As a result, it is appropriate to uphold the determination of the District Court that qualified immunity should be denied as to Ms. Terrell's excessive force claim.

**c. The right against excessive force was clearly established before 2019.**

The right to be free from excessive force was clearly established long before Officer Allgrunn attacked Ms. Terrell. *Deville,* 567 F.36 *at* 169; *Perry,* LEXIS 179421, at *35. Mr. and Ms. Terrell can point to similar cases where such force was held unlawful. *See Walls v. Sheriff's Office of Caddo Par*., No. 23-30253, 2023 U.S. App. LEXIS 32241, at *6 (5th Cir. Dec. 6, 2023) (finding excessive force when a defendant "violently seized" plaintiff because the officer "mistakenly thought Walls was videotaping the officers" but the plaintiff "was not suspected of any crime, posed no immediate threat to the safety of the deputies or others, and made no attempt to actively resist arrest or evade arrest by flight."); *Tucker,* 998 F.3d at 175 (citing *Darden v. City of Fort Worth*, 880 F.3d 722 (5th Cir. 2018)) ("As of 2013, it was clearly established that 'violently slam[ming] an arrestee who is not actively resisting arrest' is a constitutional violation."); *Sam,* 887 F.3d at 714 ("[I]t was clearly established at the time of this incident that pushing, kneeing, and slapping a suspect who is neither fleeing nor resisting is excessive."); *City of Round Rock*, 854 F.3d at 309; *Bush*, 513 F.3d at 502 (denying qualified immunity because it was clearly established an officer "could not forcefully slam Bush's face into a vehicle while she was restrained and subdued[.]"). Moreover, "Passive resistance does not authorize violent force on an officer's part." *Tucker,* 998 F.3d at 175 (quoting *Deville,* 567 F.3d at 167-68). "As a result, the Fifth Circuit has repeatedly

denied qualified immunity in cases where 'officers face verbal resistance but no fleeing suspect.'" *Id*. Therefore, the District Court correctly found that the law was clearly established in denying qualified immunity to the Officers.

## V.   QUALIFIED IMMUNITY WAS PROPERLY DENIED ON THE FIRST AMENDMENT RETALIATION CLAIM.

On appeal, the Officers request immunity as on Mr. and Ms. Terrell's claims that they were "arrested in retaliation for the exercise of First Amendment rights." Appellants' Brief at p. 52. The District Court denied summary judgment on the First Amendment retaliatory arrest claims, determining that a retaliatory arrest claim turned on the absence of probable cause, and having found that there were genuine disputes of fact as to probable cause. ROA.1779.

The Officers rely on the facts raised in their Fourth Amendment unlawful arrest analysis to argue that "there was probable cause" and thus no First Amendment violation. Appellants' Brief at p. 52. However, as described *supra* at Section I*, the* Officers are asking this Court to determine the genuineness of the disputed facts as to probable cause identified by the District Court, and thus, jurisdiction is lacking. Further, since the District Court found disputed facts prevented summary judgment by "accepting the plaintiff's version of the disputed facts as true," there is evidence of a violation of their First Amendment rights.

The District Court declined to grant qualified immunity based on the Officers' failure to adequately brief their request for such relief: "[t]he extent of Defendants' argument" was that "'qualified immunity applies.' The Court cannot craft Defendants' arguments for them and will not speculate as to what their arguments would be in support of qualified immunity." ROA.1779. Despite this admonition from the District Court, the Officers provide little more on appeal, merely stating: "Appellants are entitled to qualified immunity on this claim. There is no precedent that clearly establishes that Appellants' particular conduct violated any constitutional right." Appellants' Brief at p. 52. Since the Officers failed to brief qualified immunity on these claims at summary judgment, and on appeal, and provide no justification for an exception to review this argument for the first time now, their request for immunity has been waived. *Supra* at p. 8.

Further, qualified immunity should be denied because the law was clearly established before 2019. *Massey,* 477 F. App'x at 264FF (holding that the right to criticize police was clearly established); *Turner,* 848 F.3d at 688 ("[A] First Amendment right to record the police does exist, subject only to reasonable time, place and manner restrictions"); *Enlow v. Tishomingo County,* 962 F.2d 501, 509 (5th Cir. 1992) (quoting *Houston,* 482 U.S. at 462) (reversing grant of qualified immunity because "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers. . . . The freedom of individuals

36

verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.").

## VI.  THE OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR FEDERAL MALICIOUS PROSECUTION

### a. The Officers improperly rely on inadmissible evidence of Mr. Terrell's prior arrests.

The Officers argue that Mr. Terrell's malicious prosecution claim should fail because the Officers' had probable cause, so there was no unlawful seizure. Appellants' Brief at pp. 51-52. However, as discussed *supra* at pp. 11-18, the District Court found a genuine dispute as to whether the Officers had probable cause to arrest Mr. Terrell.

On appeal, the Officers argue that, in addition to the information they learned before the arrest, "between the time Curtis was arrested and the time at which Allgrunn wrote the arrest report for Curtis and dropped him off at the jail, Allgrunn obtained additional information about Curtis' extensive criminal history." Appellants' Brief at p. 51. However, "the wrongful initiation of charges without probable cause is . . . the gravamen of the tort of malicious prosecution." *Thompson v. Clark*, 596 U.S. 36, (2022). As a result, "[t]he probable cause inquiry. . . must nevertheless be conducted in light of the actual facts known to the officer at the

time of the arrest," *Freeman*, 483 F.3d at 414, rather than facts learned later in an attempt to justify the arrest *post hoc*. S*ee also Haggerty,* 391 F.3d at 655-56.

Below, the Officers also tried to rely on evidence of Mr. Terrell's prior arrests and earlier conviction to claim they had probable cause to lawfully seize Mr. Terrell for the malicious prosecution claim. However, the District Court granted Mr. Terrell's Motion to Strike that evidence because it was irrelevant to the probable cause determination since officers first learned of it after his arrest. ROA.1789. The District Court required that, moving forward, the Officers seek court permission via a motion *in limine* before using evidence of Mr. Terrell's prior criminal history. *Id*. The Officers never filed a *motion in limine* and did not seek to appeal the District Court's decision on the motion to strike. Despite this, the Officers again claim on appeal they could rely on evidence of prior crimes to show probable cause to arrest Mr. Terrell. Any additional information learned after his arrest about his prior arrests was stricken below and is not material to the malicious prosecution claim. ROA.1789.

### b. The right to be free from malicious prosecution was clearly established before 2019.

There is a "Fourth Amendment claim under §1983 for malicious prosecution." According to the Supreme Court, "[t]his Court's precedents recognize such a claim" as far back as 1994. *Thompson v. Clark*, 596 U.S. 36, 142 (2022) (citing *Manuel* v. *Joliet*, 580 U. S. 357, 363-364, 367-368, (2017)); *Albright* v. *Oliver*, 510 U. S. 266,

271 (1994) (plurality opinion)). In *Thompson*, the Supreme Court further found that "the District Courts and Courts of Appeals have decided numerous cases involving Fourth Amendment claims under §1983 for malicious prosecution." 596 U.S. at 142. It cited cases from nine different Courts of Appeal, including a Fifth Circuit case, *Winfrey v. Rogers*, 901 F.3d 483, 493 (5th Cir. 2018). In *Winfrey*, this Court recognized a Fourth Amendment malicious prosecution claim based on *Manuel v. City of Joliet*, 137 S.Ct. 911 (2017).

In support of their argument that the right to be free from malicious prosecution was not clearly established in 2019, the Officers cite *Guerra v. Castillo*, 82 F.4th 278, 289 (5th Cir. 2023). In that case, this Court held that there was no "constitutional claim for malicious prosecution at the time of Castillo's alleged conduct in 2018 and 2019" and that the defendant "has identified no Supreme Court case law from the same period acknowledging such a claim." Since *Guerra*, this Court also decided *Bledsoe v. Willis*, No. 23-30238, 2023 U.S. App. LEXIS 31326, at *15 (5th Cir. Nov. 27, 2023). In *Bledsoe*, the defendants made the same arguments as the Officers make now: relying on *Guerra* to argue that *Thompson* caused a shift in the law in the Fifth Circuit, and thus, the law was not clearly established in 2019. In *Bledsoe*, this Court rejected those arguments and found the law was clearly established decades before *Thompson* was decided. *Bledsoe,* LEXIS 31326 at *16-17. As discussed in *Thomas*, that Supreme Court precedent recognized a malicious

prosecution claim rooted in the Fourth Amendment over twenty years before the officers prosecuted Mr. Terrell, and thus, it was clearly established at the time of the incident.

## VII.    OFFICERS BANTA AND HENDERSON DID NOT SEEK QUALIFIED IMMUNITY ON THE FAILURE TO INTERVENE CLAIMS.

The Officers also seek to appeal the denial of qualified immunity to Officers Banta and Henderson on the failure to intervene claims. Appellants' Brief at pp. 53-55. However, the District Court never addressed whether Officers Banta or Henderson were entitled to qualified immunity on that claim because the Officers never sought it on summary judgment. *Supra* at p. 8. The Officers also failed to raise qualified immunity on the failure to intervene claims in their sixteen-page reply brief in support of their Motion for Summary Judgment. ROA.1612-27. Instead, they sought to dismiss that underlying constitutional claim in its entirety – which the Court declined to do based on genuine issues of material fact – but did not seek summary judgment based on qualified immunity.

As described *supra* at pp. 8-9, waiver for failure to raise the request for qualified immunity in front of the District Court is appropriate because the Officers do not argue that any exception to waiver applies.

### a. Officer Banta and Officer Henderson failed to intervene.

Even if the Officers' argument for qualified immunity had not been waived, it should still be denied. "An officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Austin v. City of Pasadena*, 74 F.4th 312, 331 (5th Cir. 2023) (quoting *Joseph*, 981 F.3d at 343).

The District Court noted that, in their Motion for Summary Judgment, "Defendants provide a short paragraph in support of their motion pertaining to the request to dismiss the failure to intervene claim, attacking only the second element." ROA.1786. The Officers only argued that Officer Allgrunn "was the only officer at the scene during the relevant time frame. . . . There is no evidence that any officer had an opportunity to intervene and chose not to act." *Id*. at 413. Failure to brief the issue sufficiently below should result in waiver, as the Officers fail to show that an exception would allow such review. *Supra* at pp.8-9.

On appeal, the Officers argue that "Henderson and Banta played no role" and "arrived after all the events at issue had already occurred." Appellants' Brief at p. 54. However, accepting Ms. Terrell's version of the facts as true, she has shown that Officer Henderson was on the scene as Officer Allgrunn placed Ms. Terrell into his patrol unit and she remained there for ten minutes while Officer Henderson watched

and took no action to free her. [ROA.345](ROA.345) at 12:31-23:30. Officer Allgrunn told

Officer Henderson that Mr. and Mrs. Terrell were "all going to jail[.]" *Id.* at 12:31-

13:00. When Officer Allgrunn finally released Ms. Terrell, in front of Officer

Henderson, Officer Allgrunn threatened her, "[d]on't say a word and go in your

house," and "I can take you [to jail] if you still want to." *Id.* at 23:00-24:00. Although

Officer Henderson observed this unlawful interference with Ms. Terrell's First

Amendment rights, he took no action to intervene. When Officer Banta arrived,

Officer Allgrunn told him, "[Mr. Terrell] got popped in the mouth by me." *Id.* at

26:01-26:30. Officers Henderson and Banta then assisted Officer Allgrunn in taking

Mr. Terrell to the hospital to receive treatment stemming from Officer Allgrunn's

assault and keeping him in jail for the following five days. *Id.* at 28:30-1:53:51. Had

they taken any action to intervene, Mr. and Mrs. Terrell could have been released

from their unlawful detention soon and their Free Speech would not have been

interfered with for as long.

   **b.  Officer Banta and Officer Henderson violated clearly established law.**

   Since the Officers did not allege that they were entitled to qualified immunity

on the failure to intervene claims at summary judgment, they also did not argue that

the law was not clearly established. On appeal, they also failed to brief the issue

adequately. They merely stated: "Henderson and Banta are entitled to qualified

immunity" and "[t]here is no precedent that clearly establishes that their particular

conduct violated any constitutional right." Appellants' Brief at pp. 55. The argument is waived since it lacks case law or citation to the record. *Supra* at p. 9. Therefore, even if taken up on appeal, qualified immunity should be denied because the Officers never sought immunity below and provide no law or argument supporting it.

## VIII.    THE DISTRICT COURT PROPERLY DENIED THE OFFICERS IMMUNITY UNDER LOUISIANA LAW.

### a.  The Officers are not entitled to immunity from liability under La. R.S. §28:53(L).

The Officers argue they are all entitled to immunity under La. R.S. §28:53(L) as to Mr. Terrell's state law claims, Appellants' Brief at pp. 55-57.  Those claims include Intentional and Negligent Infliction of Emotional Distress, False Imprisonment and Arrest, Malicious Prosecution, and Assault and Battery. ROA.176-213. The District Court agreed with Mr. Terrell that the Officers never put him into protective custody under La. R.S. §28:53(L), and therefore were not entitled to immunity under the statute. ROA.1764. The Officers provide no cases showing that an officer is entitled to immunity under La. R.S. §28:53(L) where they did not, in fact, place an individual under such custody. Moreover, even if they had placed Mr. Terrell in protective custody, the Officers also put him in jail for four days after he was released from said custody. With this, even if this statute were applicable in the instant case, it would not provide the Officers with immunity after Mr. Terrell's

release from the hospital and unlawful detention at the jail. And while Appellants'
Brief states this immunity is "grounds for dismissal of all state law claims,"
Appellants' Brief at p. 55, the Officers do not argue on appeal, or below, that they
detained Ms. Terrell under La. R.S. §28:53(l). As such, the statute provides no
immunity from liability as to her state law claims.

### b. La. R.S. §9:2798.1 does not provide immunity for the Officers' "operational" acts.

The Officers also argue that they were entitled to immunity on all state law
claims under La. R.S. §9:2798.1 because they "had the discretion to act in response
to the circumstances facing them." Appellants' Brief at p. 55. "Discretionary
immunity under La. R.S. §9:2798.1 is an affirmative defense and, as such, the party
raising it bears the initial burden of demonstrating its applicability." *Gomez v. City
of New Orleans*, No. 19-11803, 2023 U.S. Dist. LEXIS 114718, at *8 (E.D. La. July
5, 2023). The Officers have failed to meet that burden here.

In moving for summary judgment in front of the District Court, the Officers
merely stated that "Louisiana law recognizes immunity on both state constitutional
claims and state tort claims," with no further argument. ROA.413. Failure to
properly brief this issue should result in waiver of the argument since the Officers
have not argued that any exception applies. *Supra* at pp. 8-9.

Contrary to the Officers' conclusory statement that they are entitled to
immunity, La. R.S. §9:2798.1 does not "protect against legal fault or negligent

conduct at the operational level, but only confers immunity for policy decisions; i.e. decisions based on social, economic, or political concerns." *See also* La. R.S. § 9:2798.1(c)(1) (not applicable to acts which "are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists"); *Gomez,* LEXIS 114718 at *7 ("Governmental actions unrelated to public policy considerations are commonly referred to as 'operational,' as opposed to discretionary, and thus do not implicate discretionary acts immunity under the statute."); *Lockett v. New Orleans City*, 639 F.Supp.2d 710, 745 (E.D. La. 2009), aff'd, 607 F.3d 992, (5th Cir. 2010), cert. den., 562 U.S. 1003 (2010) (quoting *Saine v. City of Scott*, 819 So.2d 496 (La.App. 3 Cir. 2002)); *Misita v. Maumoulides*, 336 So. 3d 886, 887, n.2 (La. 2022) ("'The immunity statute does not protect operational governmental decisions, but only confers immunity for discretionary decisions . . . .'"); *Jackson v. State ex rel. the Dep't of Corr.*, 785 So. 2d 803, 809 (La. 2001) ("the exception protects the government from liability only at the policy making or ministerial level, not at the operational level.").

As a result, arguments that La. R.S. §9:2798.1 bars intentional torts or negligence claims when officers arrest or use force against individuals "has been consistently rejected by courts in Louisiana." *McKay v. Davis*, No. 21-CV-2304, 2023 U.S. Dist. LEXIS 178738, at *16 n.6 (E.D. La. Oct. 4, 2023). *See also Frank v. Parnell*, No. 1:18-CV-00978, 2019 U.S. Dist. LEXIS 97511, at *23-24 (W.D. La.

May 14, 2019) (no immunity for excessive force claims of "negligence at the operational level"); *Fridge v. City of Marksville*, No. 1:15-CV-01998, 2019 U.S. Dist. LEXIS 72654, at *18 (W.D. La. Apr. 8, 2019) (finding complains "about the manner in which the individual Defendant-officers in this case restrained, arrested, and incarcerated him," were "operational rather than policy-making and they are not entitled to discretionary immunity"); *Randle v. Tregre*, 147 F. Supp. 3d 581, 594 (E.D. La. 2015) (citing *Lockett*, 639 F. Supp. 2d at 745) (explaining that while the Sheriff "who was the policymaker" may receive immunity, the individual officers' operational decisions were not "policy decisions" to which immunity would apply).

Moreover, the Officers recognize that La. R.S. §9:2798 does not provide immunity to officers who engage in "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." Appellants' Brief at p. 56. Citing no facts or law, the Officers merely state that "[t]here is no evidence of such conduct by Appellants." *Id*. Failure to sufficiently brief this issue on appeal should result in a waiver of the claim. *Supra* at p. 9. Waiver is also warranted because the District Court "decline[d] to address the inadequately argued and briefed [remaining] state law claims"—which included elements of intent and malice— because "[t]hey have provided no additional evidence, legal argument, or analysis in support of these conclusions." ROA.1787. Therefore, Mr. Terrell requests the District Court's decision not to grant immunity on La. R.S. §9:2798.1 be upheld.

## IX.    CLAIMS AGAINST THE SHERIFF AND ALL OFFICERS REMAIN REGARDLESS OF THE OUTCOME OF THIS APPEAL.

Repeatedly, the Officers state: "Appellants are entitled to dismissal of all claims[]" and that "[a]ll federal and state law claims should be dismissed." Appellants' Brief at pp. 2, 17, 57. However, the dismissal of all claims could not result from this appeal.

First, as the District Court noted in its ruling on the Motion to Stay, in ruling on summary judgment, the Court "deferred ruling on one of Plaintiffs' municipal liability claims against Sheriff Richardson" and "permitted the parties to submit additional briefing and evidence on that municipal liability claim." ROA.1801. Three weeks before the deadline for that supplemental briefing, the Officers filed this appeal. Sheriff Richardson, who is represented by the same counsel as the Officers, is named in his official capacity for municipal liability under *Monnell*, for indemnification and *respodeat superior* for state law claims, and in his individual capacity for negligence, false imprisonment, and arrest, and did not join in this appeal. Nor could he on the claim for municipal liability, as the District Court has yet to make a final ruling on that claim. Therefore, the dismissal of claims related to Sheriff Richardson could not result from this appeal.

Second, in the District Court and on appeal, the Officers did not seek to dismiss Plaintiff's claims for the Fourth Amendment unlawful seizure of Mrs.

Terrell's cell phone, the unlawful pat down of Mr. Terrell, nor did they seek qualified immunity on those claims.

Third, while the Officers sought summary judgment on Mr. and Ms. Terrell's retaliatory arrest and excessive force First Amendment claims, they only appealed the trial court's denial of qualified immunity on the retaliatory arrest claim. Therefore, regardless of the outcome of this appeal, the Officers will still be denied qualified immunity on the use of excessive force in retaliation. Further, the Officers never sought dismissal of Ms. Terrell's claims that the Officers also retaliated against her when they seized her phone, threatened her with arrest for recording them and calling 911, and interfered with both her and Mr. Terrell's First Amendment rights. Therefore, many First Amendment claims will survive regardless of the outcome of this appeal.

At the conclusion this appeal, Mr. and Ms. Terrell will finally have the opportunity to depose the Officers—an opportunity necessary to preserve memories in this case as it has already been over four years since their assault and arrest. Mr. and Ms. Terrell hope to move toward trial on all remaining claims that the District Court agreed had material issues of disputed facts.

## CONCLUSION

For the foregoing reasons, Mr. and Ms. Terrell respectfully requests that this Court deny the Officers' appeal.

Respectfully submitted by,

_/s/ Casey Rose Denson_
Casey Rose Denson
CASEY DENSON LAW, LLC
8131 Oak Street, Suite 100
New Orleans, LA 70118
T: (504) 224-0110
cdenson@caseydensonlaw.com

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 28(b) and Fifth Circuit Court of Appeal Local Rule 32.3, undersigned counsel certifies that:

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 11,718 words, excluding parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in Microsoft Word using 14-point Times New Roman font.

    */s/ Casey Rose Denson*
Casey Rose Denson
CASEY DENSON LAW, LLC
8131 Oak Street, Suite 100
New Orleans, LA 70118
T: (504) 224-0110
cdenson@caseydensonlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that today, February 9, 2024, a copy of the brief for

Plaintiffs-Appellees, Curtis Terrell and Angela Terrell, was served via electronic

filing with the Clerk of Court and all registered ECF users by using the CM/ECF

system.

*/s/ Casey Rose Denson*
Casey Rose Denson
CASEY DENSON LAW, LLC
8131 Oak Street, Suite 100
New Orleans, LA 70118
T: (504) 224-0110
cdenson@caseydensonlaw.com