**COOK, YANCEY, KING & GALLOWAY**
A PROFESSIONAL LAW CORPORATION
333 TEXAS STREET, SUITE 1700
POST OFFICE BOX 22260
SHREVEPORT, LOUISIANA 71120-2260
www.cookyancey.com

**James Ashby Davis**

Writer's Direct
(318) 227-7826
ashby.davis@cookyancey.com

TELEPHONE (318) 221-6277
FACSIMILE (318) 227-7850

July 7, 2024

**VIA CM/ECF FILING**
Honorable Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

    Re:    *Terrell v. Allgrunn*, Case No. 23-30723
            USDC No. 5:20-cv-00999
            Response to Appellees' July 2, 2024, FRAP 28(j) Letter

Dear Mr. Cayce:

*Chiaverini v. City of Napoleon, Ohio*, 144 S. Ct. 1745 (2024) does not affect the outcome of this appeal. In *Chiaverini*, the Supreme Court held that when an official brings multiple criminal charges, and only one of the charges lacks probable cause, the fact that there were valid charges in addition to the invalid charge "does not create a categorical bar" to a Fourth Amendment malicious prosecution claim. 144 S. Ct. at 1748.

First, a federal malicious prosecution claim ***did not exist*** in the Fifth Circuit in August 2019, when the incident at issue in this case occurred. Thus, at the second or "clearly established" step of the qualified immunity analysis, Appellee Curtis Terrell's federal malicious prosecution claim fails. *Guerra v. Castillo*, 82 F. 4th 278, 288-289 (5th Cir. 2023).

*Terrell v. Allgrunn*; Case No. 23-30723
July 7, 2024
Page 2

Second, at the first step of qualified immunity, there was probable cause to arrest Curtis for both (1) disturbing the peace by appearing in an intoxicated condition in such a manner as would foreseeably disturb or alarm the public in violation of La. R.S. 14:103(A)(3); and (2) resisting an officer with force or violence in violation of La. R.S. 14:108.2(A)(3) – the two crimes for which any criminal process was initiated. ROA.367, 383. Alternatively, at the second step of qualified immunity, there was at least arguable probable cause to arrest Curtis for these crimes. *See* Appellants' Original Brief at pages 34-36 and 38-39 of 71 and Appellants' Reply Brief at pages 10-15 and 17-21 of 37. Because there was probable cause to arrest Curtis for both of these crimes, *Chiaverini*'s holding does not affect this case.

Third, even if Curtis could overcome these facts (he cannot), *Chiaverini* still would have no effect. As noted in *Chiaverini*, its holding would affect a situation in which a valid charge is dismissed but an invalid charge remains, causing a detention to last longer. 144 S. Ct. at 1750-1751. Here, Curtis was released from custody on all charges at the same time, on August 16, 2019. ROA.1040. *Chiaverini* does not affect this case.

**COOK, YANCEY, KING & GALLOWAY**

*Terrell v. Allgrunn*; Case No. 23-30723
July 7, 2024
Page 3

    Best Regards,

    COOK, YANCEY, KING & GALLOWAY,
    A PROFESSIONAL LAW
    CORPORATION

    By: /s/ James Ashby Davis
        James Ashby Davis, #37653

    ATTORNEYS FOR DEFENDANTS-
    APPELLANTS JASON ALLGRUNN,
    JEFFERY HENDERSON, JR., AND
    MICHAEL BANTA

**COOK, YANCEY, KING & GALLOWAY**

*Terrell v. Allgrunn*; Case No. 23-30723
July 7, 2024
Page 4

# CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of July, 2024, I caused the foregoing brief to be served on Plaintiff-Appellant's counsel through the Court's CM/ECF system, and via email, pursuant to Fifth Circuit Rules 25.2 and 25.2.5.

    COOK, YANCEY, KING & GALLOWAY
    A Professional Law Corporation

    By: */s/ James Ashby Davis*
    James R. Sterritt #18447
    James Ashby Davis #37653
    333 Texas Street, Suite 1700
    P.O. Box 22260
    Shreveport, LA 71120-2260
    Phone: (318) 221-6277
    Fax: (318) 227-7850
    james.sterritt@cookyancey.com
    ashby.davis@cookyancey.com

    ATTORNEYS FOR DEFENDANTS-APPELLANTS JASON ALLGRUNN, JEFFERY HENDERSON, JR., AND MICHAEL BANTA