No.  23-30723

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

**Curtis Terrell; Angela Terrell,**
**PLAINTIFFS–APPELLEES,**
v.

**Jason Allgrunn; Michael Banta; Jeffery Henderson, Jr.,**
**DEFENDANTS–APPELLANTS.**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA**
**Civil Action No.  5:20-cv-00999**

## PLAINTIFFS–APPELLEES' OPPOSITION TO DEFENDANTS-APPELLANTS' PETITION FOR PANEL REHEARING

Casey Rose Denson, Esq.
CASEY DENSON LAW, LLC
8131 Oak Street, Suite 100
New Orleans, LA 70118
(504) 224-0110
cdenson@caseydensonlaw.com

*Counsel For Plaintiffs-Appellees*

## CERTIFICATE OF INTERESTED PERSONS

Curtis Terrell; Angela Terrell,
        Plaintiffs-Appellees,

v.                                         No. 23-30723

Jason Allgrunn; Michael Banta; Jeffery Henderson, Jr.,
        Defendants-Appellants.

The undersigned counsel of record certifies that the following listed persons as described in the fourth sentence of 5th Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Curtis Terrell (Plaintiff-Appellee)

2. Angela Terrell (Plaintiff-Appellee)

3. Casey Denson, of Casey Denson Law, LLC (counsel for Plaintiffs-Appellees)

4. Mercedes Townsend, of Casey Denson Law, LLC (counsel for Plaintiffs-Appellees)

5. Justine Daniel, of Casey Denson Law, LLC (counsel for Plaintiffs-Appellees)

6. Howard Conday, of the Law Offices of Howard E. Conday (counsel for Plaintiffs-Appellees)

7. Jason Allgrunn (Defendant-Appellant)

8. Jeffery Henderson, Jr. (Defendant-Appellant)

9. Michael Banta (Defendant-Appellant)

i

10. DeSoto Parish Sheriff Jayson Richardson (Defendant)

11. James R. Sterritt, of Cook, Yancey, King & Galloway, APLC (counsel for Defendants-Appellants)

12. James Ashby Davis of Cook, Yancey, King & Galloway, APLC (counsel for Defendants-Appellants and Defendant Jayson Richardson)

13. Jayson Richardson (Defendant)

14. Old Republic Union Insurance Company (Defendant)

15. Connell L. Archey, of Butler Snow LLP (counsel for Defendant Old Republic Union Insurance Company)

16. Madaline King, of Butler Snow LLP (counsel for Defendant Old Republic Union Insurance Company)

17. Allena W. McCain of Butler Snow LLP (counsel for Defendant Old Republic Union Insurance Company)


Respectfully submitted by,

_/s/ Casey Rose Denson_
Casey Rose Denson
CASEY DENSON LAW, LLC
8131 Oak Street, Suite 100
New Orleans, LA 70118
T: (504) 224-0110
cdenson@caseydensonlaw.com

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS** ....................................................... i

**TABLE OF CONTENTS** ................................................................... iii

**TABLE OF AUTHORITIES** ................................................................ iv

**STANDARD FOR REHEARING** ........................................................... 1

**INTRODUCTION** ........................................................................ 1

**ARGUMENT** ............................................................................ 2

    **I.    Appellants' Petition for Rehearing Should be Denied as it Reargues the Significance of Facts Properly Rejected by this Panel.** ..................................... 2

    **II.  This Court Correctly Determined that it Lacked Jurisdiction to Reconsider the Denial of Officer Allgrunn's Request for Summary Judgement for his Off-Camera Use of Excessive Force.** ................................. 3

        A.    This Court Properly Applied the *Scott* Exception....................................... 3

        B.    The Evidence Does Not "Blatantly" Contradict Mr. Terrell's Version of Events....................................................................... 8

    **III. The District Court Properly Denied Qualified Immunity on Officer Allgrunn's Off-Camera Assault of Mr. Terrell.** ............................................. 10

**CONCLUSION**.......................................................................... 10

**CERTIFICATE OF COMPLIANCE**........................................................ 11

**CERTIFICATE OF SERVICE**............................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*Argueta v. Jaradi*, 86 F.4th 1084 (5th Cir. 2023) .......................................5

*Carnaby v. City of Hous.*, 636 F.3d 183 (5th Cir. 2011) ...........................5

*Curran v. Aleshire*, 800 F.3d 656 (5th Cir. 2015) ......................................4

*Darden v. City of Fort Worth*, 880 F.3d 722 (5th Cir. 2018)......................5

*Grisham v. Valenciano*, 93 F.4th 903 (5th Cir. 2024) ...............................4

*Joseph v. Bartlett*, 981 F.3d 319 (5th Cir. 2020) .......................................4

*Morales v. Cardenas*, No. 22-50836, 2023 U.S. App. LEXIS 26205 (5th Cir. Oct. 3, 2023) ......................................................................................4

*Rich v. Palko*, 920 F.3d 288 (5th Cir. 2019)...............................................4

*Scott v. Harris*, 550 U.S. 372 (2007).............................................. 3, 4, 5

*Tucker v. City of Shreveport,* 998 F.3d 165 (5th Cir. 2021) ......................9

**Federal Rules**

Fed. R. App. P. 40(a)(2)...............................................................................1

Fed. R. Civ. P. 57........................................................................................3

**Local Rules**

5th Cir. R. 40.2 I.O.P ..............................................................................1, 2

## STANDARD FOR REHEARING

Panel rehearings are reserved for "limited" matters, 5th Cir. R. 40.2 I.O.P, and must "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended[.]" Fed. R. App. P. 40(a)(2). "A petition for rehearing is intended to bring to the attention of the panel claimed errors of fact or law in the opinion. It is not used for reargument of the issue previously presented[.]" 5th Cir. R. 40.2 I.O.P.

## INTRODUCTION

DeSoto Parish Sheriff's Officer Jason Allgrunn assaulted and arrested Mr. and Ms. Terrell on August 11, 2019, then arrested and detained them with the assistance of fellow officers Michael Banta and Jeffrey Henderson.[1] Mr. and Ms. Terrell filed suit seeking redress for violations of their civil rights and the individual officers sought summary judgment under the doctrine of qualified immunity.[2] The District Court dismissed the officers' request for summary judgment on the basis of qualified immunity, determining that there were genuine issues of material facts.[3] However, this Court reversed the District Court's decision on qualified immunity, resulting in the dismissal of the majority of Mr. and Ms. Terrell's claims against the individual

---

[1] ROA.345 at 2:01-4:30, 8:01-8:30, 12:01-13:30, 26:01-26:30; ROA.383, 394, 421, 963-64, 978-79, 990, 1000, 1002, 1025, 1027, 1034, 1038-39, 1042, 1752-55.
[2] ROA.176-213, 322-428.
[3] ROA.1763-67.

officers. Opinion at p. 18.  In the Opinion, the only remaining constitutional claim to survive summary judgment against the individual officers is Mr. Terrell's excessive force claim against Officer Allgrunn for the approximately seventy seconds in which Mr. Terrell is completely "out of sight" and "out of video frame." *Id*. at pp. 14, 18.  That claim survived because this Court found it did not have jurisdiction to review the District Court's determination that qualified immunity should be denied. *Id*. Appellants now seek rehearing of that determination.

## ARGUMENT

### I.    Appellants' Petition for Rehearing Should be Denied as it Reargues the Significance of Facts Properly Rejected by this Panel.

5th Cir. R. 40.2 I.O.P. provides, "[a] petition for rehearing is intended to bring to the attention of the panel claimed errors of fact or law in the opinion. It is not used for reargument of the issue previously presented[.]" Here, despite acknowledging "the Court's thorough Opinion" which granted Appellants qualified immunity "on the vast majority of Appellees Curtis and Angela Terrell's claims[,]" Petition at p. 1, Appellants seek rehearing regarding approximately seventy seconds of video. Appellants concede, "[t]he Court's recitation of the facts of this incident and the application of the law to the facts is generally correct," Petition at p. 7, and do not point to a single error of fact in the Opinion. Instead, for over five pages, Appellants reargue the exact same facts alleged in their Original Brief—almost exclusively relying on the same arrest

2

video this Court has already considered—and ask this Court to reconsider its Opinion by re-weighing the significance of these facts. *See* Petition at pp. 7-12. Because Appellants' Petition for Rehearing is "used for reargument of the issue previously presented," rehearing should be denied.

## II.  This Court Correctly Determined that it Lacked Jurisdiction to Reconsider the Denial of Officer Allgrunn's Request for Summary Judgement for his Off-Camera Use of Excessive Force.

### A. This Court Properly Applied the *Scott* Exception.

The Appellants argue that this Court committed an error of law when it determined that it did not have jurisdiction to review the genuineness of the dispute regarding Officer Allgrunn's off-camera assault of Mr. Terrell. Specifically, Appellants argue that this Court erred when it "interpreted the *Scott* exception too narrowly" by limiting its review to only video in determining that Mr. Terrell's version of events was not blatantly contradicted by the evidence. Petition at p. 4. However, this Court did not make any errors in applying *Scott v. Harris*, 550 U.S. 372 (2007) to this case.

In considering a motion for summary judgment, the district court must determine if the evidence establishes that there is a genuine dispute of facts. Fed. R. Civ. P. 57. Generally, on summary judgment, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing" the motion. *Scott*, 550 U.S. at 378 (internal quotations omitted). "In

3

qualified immunity cases, this usually means adopting (as the Court of Appeals did here) the plaintiff's version of the facts." *Id.* However, as the Supreme Court explained in *Scott,* "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380. That exception applies when the plaintiff's "version of events is so utterly discredited by the record that no reasonable jury could have believed him[.]" *Id.* The Fifth Circuit has consistently reiterated the stringent and limited application of the *Scott* exception, holding that a plaintiff's version of the facts will not be accepted for purposes of a qualified immunity analysis where their version "is blatantly contradicted and utterly discredited by video recordings." *Curran v. Aleshire*, 800 F.3d 656, 664 (5th Cir. 2015) (quoting *Scott*, 550 U.S. at 380-81) (internal quotations omitted). *See also Grisham v. Valenciano*, 93 F.4th 903, 908 (5th Cir. 2024), *Joseph v. Bartlett*, 981 F.3d 319, 345, (5th Cir. 2020), and *Rich v. Palko*, 920 F.3d 288, 293 n.3 (5th Cir. 2019).

Generally, an appellate court does not have jurisdiction to review the district court's decision as to whether there is a genuine dispute of fact. *Morales v. Cardenas*, No. 22-50836, 2023 U.S. App. LEXIS 26205, at *6-7 (5th Cir. Oct. 3, 2023). An exception to this rule exists when an appellant can show that the

evidence "quite clearly contradicts the version of the story told by respondent and adopted by the Court of Appeals." *Scott*, 550 U.S. at 378.

In determining whether the evidence blatantly contradicts the plaintiff's version of events, the Fifth Circuit, in line with *Scott* and its progeny, places special weight on video evidence: "[a]lthough we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011) (citing *Scott*, 550 U.S. 372). As this Court explained in *Argueta v. Jaradi*, if "the video evidence does not bear on the genuineness of the warning dispute, we defer to the district court's assessment, consistent with the scope of our review." 86 F.4th 1084, 1090 (5th Cir. 2023). This standard "is a demanding one: a court should not discount the nonmoving party's story unless the video evidence provides so much clarity that a reasonable jury could not believe his account." *Darden v. City of Fort Worth*, 880 F.3d 722, 730 (5th Cir. 2018).

In applying this standard in *Argueta,* this Court declined jurisdiction over the genuineness of a factual dispute where video of the plaintiff was "partially obscured" and "from the moment [he] exits the vehicle until the moment he is laying on the ground, not one frame of video evidence presents a clear glimpse" of the facts in dispute. *Argueta*, 86 F.4th at 1089-1090. Because "the footage

[was] dark, blurry, or physically obscured" this Court "confirm[ed] the genuineness of fact disputes" and determined that a jury could believe the plaintiff's account, even "while the footage does show" other events that the defendant officer argued supported his claim for qualified immunity. *Id.*

This Court held that the instant case did not fall within the *Scott* exception, because the evidence does not "blatantly contradict" or "utterly discredit" Mr. Terrell's version of events. Opinion at p. 14. Like the plaintiff in *Argueta*, this Court determined that Mr. Terrell is "out of sight" of the video while on the ground. *Id.* Even Appellants admit that "Curtis disappeared from the view of Allgrunn's camera[,]" Petition at p. 1. However, Appellants then proceed to incorrectly characterize the events in the video as "undisputed." *Id.* at p. 7. The Parties disputed the facts of what occurred off-camera and on the ground at summary judgment and the District Court determined that a genuine dispute of fact existed, ROA.1763-67. The Parties continue to dispute these facts in this appeal. In its Opinion, this Court recognized that this involved a genuine dispute of facts. Opinion at 12-13 ("[W]e agree that there is a genuine dispute of material fact but only as to the period during which Mr. Terrell is on the ground and out of the field of vision of the camera.").

Contrary to the claim in Appellants' Petition, nowhere in the Opinion does this Court state that it limited its review to only video evidence. In fact, this Court

specifically stated that it agreed with the District Court "that there is a genuine dispute of material fact . . . as to the period during which Mr. Terrell is on the ground and out of the field of vision of the camera" based on both "watching the video and listening to the 911 call[.]" Opinion at pp. 12-13. This decision considered Appellants' Original and Reply Briefs and Mr. and Ms. Terrell's Response Brief, all of which contained lengthy recitations of the facts by both Parties, audio, video, and documentary evidence. During oral argument, the Court also discussed with counsel documentary evidence including sworn affidavits, amongst other records. Only after that full review did this Court determine, "[s]ince the video provides insufficient grounds for us effectively to review the district court's genuineness determination for the time when Mr. Terrell is out of sight, this part of this case does not fall within the exception articulated in *Argueta*" and "we are without jurisdiction to review a finding of a genuine dispute[.]" *Id*. at p. 14.

With this, this Court properly applied *Scott* and its progeny by placing greater weight on the video evidence while still reviewing all of the evidence to determine if it blatantly contradicted Mr. Terrell's version of events. Upon that review, this Court found that the evidence did not blatantly contradict Mr. Terrell's version of the facts regarding Officer Allgrunn's off-camera assault. *Id*. at pp. 12-13. As a result, the Court properly determined that it could not exercise

jurisdiction to reevaluate whether there was a genuine dispute of fact as to whether Officer Allgrunn used excessive force during his off-camera assault of Mr. Terrell. As a result, the Court's order denying summary judgment on that aspect of Mr. Terrell's excessive force claim should stand and rehearing should be denied.

### B. The Evidence Does Not "Blatantly" Contradict Mr. Terrell's Version of Events.

Appellants spend over five pages of their Petition restating their arguments from their Original Brief—relying on same facts and evidence— to claim that the evidence does blatantly contradict Mr. Terrell's version of events. Such rearguments are inappropriate in a Petition for Rehearing, *supra* at Section I. Even if this Court agrees to reconsider this issue on rehearing, the same outcome should result, as there is no basis for asserting jurisdiction over Officer Allgrunn's off-camera assault of Mr. Terrell.

In the Petition, Appellants raise only one alleged error of fact, arguing that "[t]he Court's determination that 'what [Curtis] is saying [while he was on the ground in front of Allgrunn's vehicle] is hard to decipher from the video' is incorrect." Petition at p. 2. They state this was an error because "Curtis can clearly be heard stating 'I'll put my hands behind my back when you be nice, alright! Be nice!'" *Id.* at p. 8. Appellants then instruct this Court to use alternative multimedia players and watch portions of the video in "slow motion." *Id*. Not only does this

recommendation to use a specialized media player to alter the playback speed of the video contradict Appellants' argument that the audio can be "clearly" heard on the video in its original form, but it also highlights the limitations of the video evidence regarding Officer Allgrunn's off-camera assault of Mr. Terrell. Moreover, as this Court explained in its Opinion: "[O]ur focus is on the officers' reasonable perception of the events at issue, as they happened, without the aid of . . . slow motion, or the ability to pause, rewind, and zoom." Opinion at p. 12 (citing *Tucker v. City of Shreveport,* 998 F.3d 165, 176 (5th Cir. 2021)).

Further, this singular, allegedly "incorrect" interpretation was not the sole basis for this Court declining jurisdiction to consider the genuineness of this factual dispute. As described *supra* at Section II(A), this Court properly viewed all of the evidence and found it did not blatantly contradict Mr. Terrell's version of these events.

In their Petition, Appellants also argue that this Court's determination "leaves out certain facts." Petition at p. 7. Appellants do not argue that this Court made errors regarding these facts and, instead, seek to reargue their purported significance. Since this Court committed no error of fact or law in deciding not to assert jurisdiction over Officer Allgrunn's off-camera assault of Mr. Terrell, Appellants' Petition for Rehearing should be denied.

**III.    The District Court Properly Denied Qualified Immunity on Officer Allgrunn's Off-Camera Assault of Mr. Terrell.**

Should this Court grant rehearing to review the genuineness of the factual disputes regarding whether Officer Allgrunn's off-camera assault of Mr. Terrell amounted to a use of excessive force, Mr. Terrell respectfully maintains that this Court still does not have jurisdiction, *supra* at Section II. Further, even if this issue was reviewable on appeal, the District Court's decision to deny qualified immunity, ROA.1772-73, should not be reversed. As the District Court and this Court have already found, there was a genuine dispute of facts in the seventy seconds that Mr. Terrell is off-camera, Opinion at pp. 12-13. Therefore, as previously outlined in Plaintiffs–Appellees' Response Brief, pp. 26-31, qualified immunity should be denied to Officer Allgrunn on this claim.

## CONCLUSION

For the foregoing reasons, Mr. and Ms. Terrell respectfully request that this Court deny the Appellants' Petition for Panel Rehearing.

Respectfully submitted by,
  */s/ Casey Rose Denson*
Casey Rose Denson
CASEY DENSON LAW, LLC
8131 Oak Street, Suite 100
New Orleans, LA 70118
T: (504) 224-0110
cdenson@caseydensonlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 40(b) and Fifth Circuit Court of Appeal Local Rule 32.3, undersigned counsel certifies that:

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 40(b)(1) because it contains 2,317 words, excluding parts of the brief exempted by Fed. R. App. P. 32(f).

2.    This brief complies with the typeface requirements Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in Microsoft Word using 14-point Times New Roman font.

  */s/ Casey Rose Denson*
Casey Rose Denson
**CASEY DENSON LAW, LLC**
8131 Oak Street, Suite 100
New Orleans, LA 70118
T: (504) 224-0110
cdenson@caseydensonlaw.com

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that today, September 19, 2024, a copy of the Opposition to Defendants-Appellants' Petition for Panel Rehearing by Plaintiffs-Appellees, Curtis Terrell and Angela Terrell, was served via electronic filing with the Clerk of Court and all registered ECF users by using the CM/ECF system.

*/s/ Casey Rose Denson*
Casey Rose Denson
CASEY DENSON LAW, LLC
8131 Oak Street, Suite 100
New Orleans, LA 70118
T: (504) 224-0110
cdenson@caseydensonlaw.com